**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Bryan P. Thompson (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
*lking@kaplanfox.com*
Matthew B. George (SBN 239322)
*mgeorge@kaplanfox.com*
Blair E. Reed (SBN 316791)
*breed@kaplanfox.com*
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel: 415-772-4700
Fax: 415-772-4707

**COTCHETT, PITRE & McCARTHY, LLP**
Joseph W. Cotchett (SBN 36324)
*jcotchett@cpmlegal.com*
Brian Danitz (SBN 247403)
*bdanitz@cpmlegal.com*
Karin B. Swope (*PHV forthcoming*)
*kswope@cpmlegal.com*
Gia Jung (SBN 340160)
*gjung@cpmlegal.com*
Vasti S. Montiel (SBN 346409)
*vmontiel@cpmlegal.com*
Pierce H. Stanley (SBN 352152)
*pstanley@cpmlegal.com*
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Counsel for Plaintiffs, [Proposed] Interim Co-Lead Counsel, and Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.: 25-cv-02668-NW<br><br>Assigned for All Purposes to:<br>Courtroom 3; Hon. Noël Wise<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' AMENDED STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)**<br><br>Complaint Filed: March 19, 2025 |

| | |
|---|---|
| MICHAEL HOPKINS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.: 25-cv-02914-NW<br><br>Assigned for All Purposes to: Courtroom 3; Hon. Noël Wise<br><br>Complaint Filed: March 28, 2025 |
| COREY MARTIN and TYSHAUN BUTLER, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>       Defendant. | Case No.: 25-cv-03205-NW<br><br>Assigned for All Purposes to: Courtroom 3; Hon. Noël Wise<br><br>Complaint Filed: April 9, 2025 |
| CHRISTIAN VARBANOVSKI, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>       Defendant. | Case No.: 25-cv-03517-NW<br><br>Assigned for All Purposes to: Courtroom 3; Hon. Noël Wise<br><br>Complaint Filed: April 22, 2025 |

| | |
|---|---|
| MICHAEL ACCARDI, LINDA ANDREWS, BRIAN BEACH, PATRICIA BUSH, DEVIN LLOYD, AND ADAM RAGSDALE, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No.: 25-cv-04160-VKD<br><br>Assigned for All Purposes to:<br>Courtroom 2; Hon. Virginia K. DeMarchi<br><br>Complaint Filed: May 14, 2025 |

**TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs Peter Landsheft ("Landsheft") in the matter of *Peter Landsheft v. Apple Inc.,* Case No. 25-cv-02668-NW, Michael Hopkins ("Hopkins") in the matter of *Michael Hopkins v. Apple Inc.* Case No. 25-cv-02914-NW, Corey Martin and Tyshaun Butler ("Martin") in the matter of *Martin, et al., v. Apple Inc,* Case No. 25-cv-03205-NW, Christian Varbanovski ("Varbanovski"), in the matter of *Christian Varbanovski v. Apple Inc,* Case No. 25-cv-03517-NW, and Michael Accardi, Linda Andrews, Brian Beach, Patricia Bush, Devin Lloyd, and Adam Ragsdale ("Accardi"), in the matter of *Accardi, et al., v. Apple Inc,* Case No. 25-cv-04160-VKD (collectively "Plaintiffs") by and through their attorneys, hereby stipulate as follows:

WHEREAS, on March 19, 2025, Plaintiff Landsheft filed his action in this district, titled *Peter Landsheft v. Apple Inc.,* Case No. 25-cv-02668-NW (the "*Landsheft* action").

WHEREAS, on March 28, 2025, Plaintiff Hopkins filed his action in this district, titled *Michael Hopkins v. Apple Inc.* Case No. 25-cv-02914-NW (the "*Hopkins* action").

WHEREAS, on April 9, 2025, Plaintiffs Martin and Butler filed their action in this district, titled *Martin, et al., v. Apple Inc,* Case No. 25-cv-03205-NW (the "*Martin* action").

WHEREAS, on April 22, 2025, Plaintiff Varbanovski filed his action in this district, titled *Christian Varbanovski v. Apple Inc,* Case No. 25-cv-03517-NW (the "*Varbanovski* action").

WHEREAS, on April 15, 2025, and April 24, 2025, Plaintiffs *Hopkins* and *Varbanovski* filed their respective administrative motions to relate the instant cases filed in this District Pursuant to Civil Local Rules 3-12(b) and 7-11 (ECF Nos. 17 and 18).

WHEREAS, on April 29, 2025, the Court issued an Order relating the *Landsheft*, *Hopkins*, *Martin*, and *Varbanovski* actions and reassigning them to the Honorable Noël Wise.

WHEREAS, on May 9, 2025, the Plaintiffs in the *Landsheft*, *Hopkins*, *Martin*, and *Varbanovski* actions filed their Stipulation with Proposed Order to Consolidate Cases and Appoint Interim Co-Lead Counsel. (ECF No. 22).

1

PLAINTIFFS' AMENDED STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

WHEREAS, on May 14, 2025, Plaintiffs Michael Accardi, Linda Andrews, Brian Beach, Patricia Bush, Devin Lloyd, and Adam Ragsdale filed their action in this district, titled *Accardi, et al., v. Apple Inc,* Case No. 25-cv-04160-VKD (the "*Accardi* action").

WHEREAS, on May 14, 2025, Counsel for the *Accardi* Plaintiffs also filed a Notice of Related Cases as well as a Notice of Opposition to Stipulation to Consolidate Cases and Appoint Interim Co-Lead Counsel. (ECF No. 24).

WHEREAS, on May 16, 2025, Counsel for the *Accardi* Plaintiffs filed a Notice of Withdrawal of Notice of Opposition to Stipulation to Consolidate Cases and Appoint Interim Co-Lead Counsel. (ECF No. 24).

WHEREAS, Plaintiffs' counsel in the *Landsheft*, *Hopkins*, *Martin*, *Varbanovski* and *Accardi* actions have come to an agreement as to private ordering and are in agreement with the proposed leadership structure.

WHEREAS, Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). A district court has "broad discretion . . . to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for C.D. Cal.*, 877 F.2d 777 (9th Cir. 1989). Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See* Manual for Complex Litigation, Fourth, § 11.631 (2004) ("MCL"). "In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Stross v. Google, LLC*, No. 22-cv-04426, 2023 WL 3292854, at *1 (C.D. Cal. May 4, 2023).

WHEREAS, Plaintiffs respectfully request that the Court consolidate the *Landsheft*, *Hopkins*, *Martin*, *Varbanovski* and *Accardi* actions pursuant to Rule 42(a), with *Landsheft* as the lead case as it was the first filed action, because all five cases involve substantially similar allegations and claims, involve the same Defendant, have similar questions of fact and law, and are otherwise related actions.

2

PLAINTIFFS' AMENDED STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

1 Additionally, consolidation will be more efficient than individual proceedings and save time and resources for all parties as well as the court.

WHEREAS, Plaintiffs further agree and stipulate, subject to the Court's approval, that Ryan J. Clarkson of Clarkson Law Firm, P.C. ("Clarkson"), Laurence D. King of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), and Brian Danitz of Cotchett, Pitre & McCarthy, LLP ("CPM") be appointed Interim Co-Lead Counsel and that James Shah of Miller Shah LLP ("Miller Shah"), Timothy Mathews of Chimicles Schwartz Kriner & Donaldson-Smith LLP ("Chimicles Schwartz"), and Jeremy Lieberman of Pomerantz LLP ("Pomerantz") be appointed to an Executive Committee on behalf of Plaintiffs pursuant Fed. R. Civ. P. 23(g)(3).

WHEREAS, Defendant does not oppose consolidation, and takes no position on Plaintiffs' leadership structure.

WHEREAS, subject to Court approval, the appointment of interim class counsel is recommended early in the litigation, prior to class certification, to protect the interests of the putative class. *See* Fed. R. Civ. P. 23(g); *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification). Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."

WHEREAS, Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

    i. the work counsel has done in identifying or investigating potential claims in the action;

    ii. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    iii. counsel's knowledge of the applicable law; and

    iv. the resources that counsel will commit to representing the class.

    Fed R. Civ. P. 23(g)(1).

3

PLAINTIFFS' AMENDED STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

WHEREAS, a class is fairly and adequately represented where counsel is qualified, experienced and generally capable of conducting class action litigation. *See Wang v. OCZ Tech. Grp., Inc.*, 2011 U.S. Dist. LEXIS 69803, at *4 (N.D. Cal. June 29, 2011) (A court should "designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class.") (citing Fed. R. Civ. P. 23). Each of these considerations, as outlined below, supports the appointment of Ryan J. Clarkson, Laurence D. King, and Brian Danitz as Interim Co-Lead Counsel, and James Shah, Timothy Mathews, and Jeremy Lieberman as members of the Plaintiffs' Executive Committee.

WHEREAS, while no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Fed. R. Civ. P. 23 Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor. MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007).

WHEREAS, Clarkson, Kaplan Fox, and CPM, along with Miller Shah, Chimicles Schwartz, and Pomerantz have conducted an extensive investigation of the potential legal claims arising from Defendant's advertising statements and promises related to the Apple Intelligence feature, conducted substantial legal and factual research regarding the claims of the case, analyzed Defendant's representations and advertisements regarding Apple Intelligence, investigated the potential damages model for the claims in this action, evaluated the adequacy of the named plaintiffs, and drafted and filed complaints in the *Landsheft*, *Hopkins*, *Martin*, *Varbanovski* and *Accardi* actions. *See* May 16, 2025, Joint Declaration of Ryan J. Clarkson, Laurence D. King, and Brian Danitz ("Joint Decl."), ¶ 4. These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the *Landsheft*, *Hopkins*, *Martin*, *Varbanovski* and *Accardi* actions.

WHEREAS, the second and third factor courts must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action" and "counsel's knowledge of the applicable law." Fed. R. Civ. P. 23(g)(1)(A)(ii) and 23(g)(1)(A)(iii).

WHEREAS, Clarkson, Kaplan Fox, and CPM are also knowledgeable about the law applicable to the claims in these matters, as demonstrated by their experience litigating other multi-state class actions, including those related to false advertising and other consumer protection claims. Joint Decl. at ¶¶ 8-16, 21-22, 26-27. Clarkson, Kaplan Fox, and CPM are also highly experienced, with a long track record of successfully litigating large-scale consumer and complex class actions, and are well-versed in this Court's rules and procedures. *Id.*

WHEREAS, the final Fed. R. Civ. P. 23(g)(1)(A) factor, which concerns the resources counsel will commit to the case, also strongly supports their appointment.

WHEREAS, Clarkson, Kaplan Fox, and CPM are well-established, successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar large-scale class actions. Joint Decl. at ¶¶ 8-16, 19-21, 25-29. Clarkson, Kaplan Fox, and CPM have already demonstrated the will and ability to commit the necessary resources to ensure a strong and well-supported case on behalf of members of the proposed class. The firms' resources extend beyond finances to include substantial experience and work-product developed in similar cases, which will benefit Plaintiffs and the proposed class. *Id*. Clarkson, Kaplan Fox, and CPM's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

WHEREAS, as Interim Co-Lead Counsel, Clarkson, Kaplan Fox, and CPM will continue to commit the same resources and effort to this case as they have committed to their other, successful consumer class action litigations. Class Counsel has already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the efficient prosecution and management of this litigation while avoiding unnecessary and duplicative billing. If appointed, Proposed Interim Co-Lead Counsel will establish a protocol for regular time and expense reporting to monitor and manage the efficient prosecution of this action. The following table summarizes the differences between the respective roles between Co-Lead Counsel and Plaintiffs' Executive Committee:

5

PLAINTIFFS' AMENDED STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

| Co-Lead Counsel: | Plaintiffs' Executive Committee: |
|---|---|
| <ul><li>Developing and directing overall litigation strategy</li><li>Organizing and supervising the efforts of the Plaintiffs' Executive Committee and additional Plaintiffs' counsel in a manner to ensure that the necessary pretrial preparation is conducted effectively, efficiently, expeditiously, and economically</li><li>Determining (after consultation with other co-counsel as may be appropriate) and presenting in briefs or oral argument to the Court and opposing parties the position of the Plaintiffs on all matters arising during the proceedings</li><li>Entering into stipulations with opposing counsel as necessary for the conduct of the litigation</li><li>Selecting, consulting with, and employing experts, as necessary, for Plaintiffs</li><li>Initiating and conducting discovery on Plaintiffs' behalf, and coordinate its efficiency</li><li>Serving as the unified voice for Plaintiffs in court proceedings, settlement negotiations, and communications with Defense Counsel</li></ul> | <ul><li>Collaborating with Co-Lead Counsel to develop litigation strategies, as necessary</li><li>Collaborating with Co-Lead Counsel to initiate and conduct discovery, as necessary</li><li>Collaborating with Co-Lead Counsel in selecting, consulting, and employing experts and consultants, as necessary</li><li>Implementing Co-Lead Counsels' directives</li><li>Ensuring the progress of delegated tasks in compliance with deadlines and goals as directed by Co-Lead Counsel</li></ul> |

ACCORDINGLY, the undersigned Parties stipulate, and request that the Court order, as follows:

1. That the *Landsheft*, *Hopkins*, *Martin*, *Varbanovski* and *Accardi* actions be consolidated for all purposes, with *Landsheft* as the lead case; and,

2. Ryan J. Clarkson of Clarkson Law Firm, P.C., Laurence D. King of Kaplan Fox & Kilsheimer, LLP, and Brian Danitz of Cotchett, Pitre & McCarthy, LLP be appointed Interim Co-Lead Counsel, and that James Shah of Miller Shah LLP, Timothy Mathews of Chimicles Schwartz Kriner & Donaldson-Smith LLP and Jeremy Lieberman of Pomerantz LLP be appointed to the Plaintiffs' Executive Committee.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: May 19, 2025                **CLARKSON LAW FIRM, P.C.**

By: */s/Ryan J. Clarkson*
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Bryan P. Thompson (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

Dated: May 19, 2025                **KAPLAN FOX & KILSHEIMER LLP**

By: */s/Laurence D. King*
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel: 415-772-4700
Fax: 415-772-4707
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*breed@kaplanfox.com*

|   |   |   |
|---|---|---|
|   |   | **COTCHETT, PITRE & McCARTHY, LLP** |
|   | By: | /s/ Brian Danitz |
|   |   | Joseph W. Cotchett (SBN 36324) |
|   |   | Brian Danitz (SBN 247403) |
|   |   | Karin B. Swope (*PHV forthcoming*) |
|   |   | Gia Jung (SBN 340160) |
|   |   | Vasti S. Montiel (SBN 346409) |
|   |   | Pierce H. Stanley (SBN 352152) |
|   |   | San Francisco Airport Office Center |
|   |   | 840 Malcolm Road |
|   |   | Burlingame, California 94010 |
|   |   | Tel: (650) 697-6000 |
|   |   | Fax: (650) 697-0577 |
|   |   | *jcotchett@cpmlegal.com* |
|   |   | *bdanitz@cpmlegal.com* |
|   |   | *kswope@cpmlegal.com* |
|   |   | *gjung@cpmlegal.com* |
|   |   | *vmontiel@cpmlegal.com* |
|   |   | *pstanley@cpmlegal.com* |

Dated: May 19, 2025                                **MILLER SHAH LLP**

/s/James C. Shah
James C. Shah (SBN 260435)
Kolin C. Tang (SBN 279834)
155 Montgomery, 6th Floor
San Francisco, CA 94104
Tel: 866-540-5505
Fax: 866-300-7367
*jcshah@millershah.com*
*kctang@millershah.com*

/s/Timothy Mathews
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
Timothy N. Mathews (*pro hac vice*)
Zachary P. Beatty (*pro hac vice*)
361 W. Lancaster Avenue
Haverford, Pennsylvania 19041
Tel: (610) 642-8500
Fax: (610) 649-3633
*tnm@chimicles.com*
*zpb@chimicles.com*

8
PLAINTIFFS' AMENDED STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

| | | |
|---|---|---|
| Dated: May 19, 2025 | | **POMERANTZ LLP** |
| | By: | /s/ Jeremy A. Lieberman |
| | | Jeremy A. Lieberman (*PHV forthcoming*) |
| | | Austin P. Van (*PHV forthcoming*) |
| | | 600 Third Avenue, 20th Floor |
| | | New York, NY 10016 |
| | | Tel: (212) 661-1100 |
| | | Fax: (212) 661-8665 |
| | | *jalieberman@pomlaw.com* |
| | | *avan@pomlaw.com* |
| | | |
| | | Jennifer Pafiti (SBN 282790) |
| | | 1100 Glendon Ave., 15th Floor |
| | | Los Angeles, CA 90024 |
| | | Tel: (310) 405-7190 |
| | | *jpafiti@pomlaw.com* |
| | | |
| | | *Counsel for Plaintiffs and the Proposed Class* |

9

PLAINTIFFS' AMENDED STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

# [PROPOSED] ORDER

Having considered Plaintiffs' Stipulation to Consolidate Cases and Appoint Interim Co-Lead Counsel Pursuant to Fed. R. Civ. P. 23(g), and being fully advised in the matter, the Court hereby GRANTS the Stipulated Request.

The Court finds that Clarkson Law Firm, P.C., Kaplan Fox & Kilsheimer, LLP, and Cotchett, Pitre & McCarthy, LLP, meet the requirements set forth by Fed. R. Civ. P. 23(g). Ryan J. Clarkson of Clarkson Law Firm, P.C., Laurence D. King of Kaplan Fox & Kilsheimer LLP, and Brian Danitz of Cotchett, Pitre & McCarthy, LLP, are appointed Interim Co-Lead Counsel, and Timothy Mathews of Chimicles Schwartz Kriner & Donaldson-Smith LLP, James Shah of Miller Shah LLP and Jeremy A. Lieberman of Pomerantz LLP are appointed to the Plaintiffs' Executive Committee pursuant Fed. R. Civ. P. 23(g)(3).

The Interim Co-Lead Counsel's and Plaintiffs' Executive Committee's respective duties are summarized as follows:

| Co-Lead Counsel: | Plaintiffs' Executive Committee: |
|---|---|
| <ul><li>Developing and directing overall litigation strategy</li><li>Organizing and supervising the efforts of the Plaintiffs' Executive Committee and additional Plaintiffs' counsel in a manner to ensure that the necessary pretrial preparation is conducted effectively, efficiently, expeditiously, and economically</li><li>Determining (after consultation with other co-counsel as may be appropriate) and presenting in briefs or oral argument to the Court and opposing parties the position of the Plaintiffs on all matters arising during the proceedings</li><li>Entering into stipulations with opposing counsel as necessary for the conduct of the litigation</li><li>Selecting, consulting with, and employing experts, as necessary, for Plaintiffs</li></ul> | <ul><li>Collaborating with Co-Lead Counsel to develop litigation strategies, as necessary</li><li>Collaborating with Co-Lead Counsel to initiate and conduct discovery, as necessary</li><li>Collaborating with Co-Lead Counsel in selecting, consulting, and employing experts and consultants, as necessary</li><li>Implementing Co-Lead Counsels' directives<br>Ensuring the progress of delegated tasks in compliance with deadlines and goals as directed by Co-Lead Counsel</li></ul> |

1

PLAINTIFFS' AMENDED STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)

- Initiating and conducting discovery on Plaintiffs' behalf, and coordinate its efficiency
- Serving as the unified voice for Plaintiffs in court proceedings, settlement negotiations, and communications with Defense Counsel

This order of consolidation also applies to any other cases that are subsequently filed in, removed to, or transferred to this Court involving the same or substantially similar issues of law and fact as the consolidated action (*Landsheft v. Apple, Inc,* 25-cv-02668-NW).

Interim Co-Lead Counsel shall, within 10 days of becoming aware of such action, serve a copy of this Order on all parties in all subsequently filed actions that are removed to, or transferred to this Court involving the same or substantially similar issues of law and fact ("Subsequent Related Action"), and file a notice of service of this Order on the docket in the consolidated action. Any party may raise an objection to consolidation under this Order within 10 days after the filing of such notice. Absent objection such Subsequent Related Action shall be consolidated under *Landsheft v. Apple, Inc,* Case No. 25-cv-02668-NW.

**PURSUANT TO STIPULATION, IT IS SO ORDERED,**

Dated: May 22, 2025

The Honorable Noël Wise
United States District Judge