EMILY JOHNSON HENN (SBN 269482)
KATHRYN E. CAHOY (SBN 298777)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com
Email: mrodgers@cov.com

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>        v.<br><br>APPLE INC., a California Corporation,<br><br>                              Defendant. | Civil Case No.: 5:25-cv-02668-NW<br><br>**STATEMENT IN RESPONSE TO REFERRAL TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Noël Wise |

Pursuant to Civil L.R. 3-12(e), and 7-11(b), Defendant Apple Inc. ("Apple") respectfully submits this statement in response to the court's October 1, 2025 order referring *Norman v. Apple Inc.*, No. 3:25-cv-07985-TLT (N.D. Cal.) to this Court for consideration of whether the case is related to *Landsheft v. Apple Inc.*, Case No. 5:25-cv-02668-NW.  *See Norman* Dkt. 21; *Landsheft* Dkt. 50.  Apple submits that *Norman v. Apple Inc.*, No. 3:25-cv-07985-TLT (N.D. Cal.) is related to the above-captioned action.

Civil Local Rule 3-12(a) provides that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  These requirements are met here.

The allegations and claims set forth in *Norman* are nearly identical to *Landsheft* and, if the classes in *Landsheft* were certified,[1] Plaintiff Lauren Norman would be a member of either the putative nationwide class or the putative California subclass in *Landsheft*.  *See Norman* Dkt. 1-8 ¶ 68; *Landsheft* Dkt. 39 ¶ 496.  Both cases assert that Apple engaged in false and misleading advertising of two Siri Apple Intelligence features for the iPhone 16.  *See, e.g.*, *Norman* Dkt. 1-8 ¶ 7 (alleging "Apple deceived millions of consumers into purchasing new phones they did not need based on features that do not exist"); *Landsheft* Dkt. 39 ¶ 14 (alleging "Apple . . . deceived millions of consumers into spending hundreds of dollars on a phone they did not need, based on features that do not exist").  Moreover, Plaintiff Norman seeks to represent a class of "current citizens of California" who bought certain iPhone 16 models over a four-year class period, *Norman* Dkt. 1-8 ¶ 68, and asserts claims under California's UCL, FAL, CLRA, and common law, *id.* ¶¶ 81–185.  The interests of this purported class are already being adjudicated in *Landsheft*, where Plaintiffs assert claims under California's UCL, FAL, CLRA, and common law, *Landsheft* Dkt. 39 ¶¶ 514–632, among others, on behalf of a class of "[a]ll residents of the United States," or alternatively "[a]ll residents of California," who bought the same iPhone 16 models, *id.* ¶ 496.

Given the relationship between the two cases, the *Norman* parties agreed to transfer the case to this Court and stay all further proceedings pending the outcome of *Landsheft*.  On September 16, 2025, the *Norman* parties filed in the Central District of California a Joint Stipulation and Proposed Order to

---

[1] Apple maintains that no class could be certified in either case.

Stay All Proceedings and Transfer Case to the Northern District of California, asking that court to (1) vacate all pending deadlines, including Plaintiff's deadline to move to remand the case back to the Superior Court of the State of California for the County of Los Angeles and Apple's deadline to respond to the complaint; (2) stay all further proceedings in the case pending entry of a final judgment in *Landsheft*; and (3) transfer the case to the Northern District of California.  *See Norman* Dkt. 10.  On September 18, 2025, the court entered an order granting in part the Parties' Joint Stipulation, vacating all pending deadlines in the case and ordering the case transferred to this Court.  *See Norman* Dkt. 11.  However, "[i]n the interest of comity, the Court denie[d] without prejudice to renewal the parties' stipulation to stay the case," deferring adjudication of that request to the transferee court.  *Id.*  The parties thereafter renewed their request in this Court to vacate all pending deadlines and stay all further proceedings in *Norman* pending entry of a final judgment in *Landsheft*.  *Norman* Dkt. 20.

Accordingly, given that both actions concern substantially the same parties, claims, and putative classes, and given that resolution of *Landsheft* will directly impact the resolution of *Norman*, there would be an unduly burdensome duplication of labor and expense, judicial resources, and potentially inconsistent results, if the two actions were to be conducted before different Judges.  Relating the cases before this Court would facilitate efficient judicial resolution and avoid unnecessary duplication of labor and expense, as this Court will be well-positioned to address the similar issues in *Norman* upon a final judgment in *Landsheft*.

DATED: October 6, 2025

Respectfully submitted,

By: /s/ Emily Johnson Henn

EMILY JOHNSON HENN (SBN 269482)
KATHRYN E. CAHOY (SBN 298777)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com
Email: mrodgers@cov.com

*Attorneys for Defendant Apple Inc.*