# EXHIBIT 1

*Peter Landsheft v. Apple Inc.*

Case No. 5:25-cv-02668-NW

## Settlement Agreement

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release (the "Settlement Agreement") is made and entered into as of May 5, 2026 (the "Settlement Date"), by and between (a) Apple Inc., a California corporation with offices at 1 Apple Park Way, Cupertino, California 95014, ("Apple"); and (b) by and through Class Counsel (as defined below), Plaintiffs Peter Landsheft, Michael J. Abata, Mark Adams, Jacob Anderson, Lily Biagini, Jared Bukovich, Ryan Bulcher, Kyra Burke, Tyshaun Butler, David Campos, Shaun Carroll, Marc Case, Esther Choi, Jennifer Conway, Russell Crafts, Kaitlyn DiFerdinando, Scott Domek, Skyler Vincent Momone Feldt, Matthew Floyd, Drew Franklin, David Freeman, Clint Gammons, Steven Geisel, Kaitlin Goodman, Michael D. Gotschall, Luke Graves, Christian Hackelman, Lloyd Hagemo, Michael Hopkins, Kristopher Huggins, Mukesh Jethwani, Matthew Karadsheh, Jacob Kicha, Grace Kim, Colton Lipchak, Nyrek Mason, Connor McKee, Olivia Mitton, Hunter Morgan, Michael Murphy, Mariah L. Nelson, Lauren Norman, Henrietta Owusu, William Passmore, David Ramirez, Gary Rasmussen, Susan Rizzio, Margot Robinson, Orlando Roddy, Krystal Rodriguez, Daniel Ruiz, Mary Ryan, Jack Scalfani, Kiana Schlessner, Devon Simmons, Colby Stafford, Frank Gray Stevenson, Jr, Brooklyn Swanson, Christian Varbanovski, Derrick Wallace, John Wells, Lindsey Williams, Michael Wood, Ronald Zemke, Taylor E. Oldfield-Zepeda ("Plaintiffs" or "Named Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class as defined below, (collectively with Apple, the "Parties") in accordance with the terms and conditions set forth below.

## I.    DEFINITIONS

As used herein, the following terms have the meanings set forth below:

1.    "Apple Counsel" means Apple's counsel of record in this Lawsuit.

2.    "Attorneys' Fees and Expenses Payment" means the amount of attorneys' fees and reimbursement of costs and expenses paid to Class Counsel from the QSF as approved by the Court.

3.    "Claim Form" means the form for Settlement Class Members to make a claim to a share of the Net Settlement Amount, substantially in the form attached hereto as Exhibit A, subject to such minor modifications as may be agreed by the Parties or directed by the Court.

4.    "Claim Period" means the period of time ending 90 calendar days after the Notice Date.

5.    "Claimant" means a Settlement Class Member who has made a claim to a share of the Net Settlement Amount.

6.    "Class Counsel" means Ryan J. Clarkson of Clarkson Law Firm, P.C., Brian Danitz of Cotchett, Pitre & McCarthy, LLP, and Laurence D. King of Kaplan Fox & Kilsheimer LLP.

7.    "Class Period" means the time period from June 10, 2024 to March 29, 2025.

8.      "Class Payment" means the amount to be paid to a Claimant who is eligible to receive a share of the Net Settlement Amount under this Settlement Agreement.

9.      "Class Representatives" or "Plaintiffs" or "Named Plaintiffs" means Peter Landsheft, Michael J. Abata, Mark Adams, Jacob Anderson, Lily Biagini, Jared Bukovich, Ryan Bulcher, Kyra Burke, Tyshaun Butler, David Campos, Shaun Carroll,  Marc Case, Esther Choi, Jennifer Conway, Russell Crafts, Kaitlyn DiFerdinando, Scott Domek, Skyler Vincent Momone Feldt, Matthew Floyd, Drew Franklin, David Freeman, Clint Gammons, Steven Geisel, Kaitlin Goodman, Michael D. Gotschall, Luke Graves, Christian Hackelman, Lloyd Hagemo, Michael Hopkins, Kristopher Huggins, Mukesh Jethwani, Matthew Karadsheh, Jacob Kicha, Grace Kim, Colton Lipchak, Nyrek Mason, Connor McKee, Olivia Mitton, Hunter Morgan, Michael Murphy, Mariah L. Nelson, Lauren Norman, Henrietta Owusu, William Passmore, David Ramirez, Gary Rasmussen, Susan Rizzio, Margot Robinson, Orlando Roddy, Krystal Rodriguez, Daniel Ruiz, Mary Ryan, Jack Scalfani, Kiana Schlessner, Devon Simmons, Colby Stafford, Frank Gray Stevenson, Jr, Brooklyn Swanson, Christian Varbanovski, Derrick Wallace, John Wells, Lindsey Williams, Michael Wood, Ronald Zemke, Taylor E. Oldfield-Zepeda.

10.      "Effective Date" means the first day after which all of the following events and conditions of this Settlement Agreement have occurred or have been met: (a) the Court has entered a Final Approval Order approving the Settlement, (b) the Court has entered Final Judgment, and (c) the time for appeal or writ of certiorari has expired or, if an appeal or writ of certiorari is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date to have occurred; however, there is no obligation to agree to advance the Effective Date.  Any order or proceeding relating to the application for an Attorneys' Fees and Expenses Payment and Service Awards, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of any judgment approving the Settlement; however, the Effective Date shall not occur until such order or proceeding, pending application, or appeal is fully and finally adjudicated.

11.      "Eligible Devices" means an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max.

12.      "Email Notice" means the proposed Email Notice substantially in the form that is attached hereto as Exhibit F, subject to such modifications as may be agreed by the Parties.

13.      "Final Approval Hearing" means the hearing at or after which the Court will determine whether to grant final approval of the Settlement. The Final Approval Hearing must occur at least 60 calendar days after the Objection and Exclusion Deadline, or on such date as set by the Court.

14.      "Final Approval Order" means the final order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit B, subject to such modifications as may be agreed by the Parties.

15.    "Final Judgment" means the judgment finally approving the Settlement and dismissing with prejudice the claims of the Settlement Class Members, substantially in the form attached hereto as Exhibit C, subject to such modifications as may be agreed by the Parties.

16.    "Lawsuit" or "Action" shall mean the litigation first filed on March 19, 2025, styled *Landsheft v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.), and all cases subsequently consolidated under Docket No. 5:25-cv-02668, including *Hopkins v. Apple Inc.*, No. 5:25-cv-02914; *Martin v. Apple Inc.*, No. 5:25-cv-03205; *Varbanovski v. Apple Inc.*, No. 5:25-cv-03517; *Accardi v. Apple Inc.*, No. 5:25-cv-04160; *Feldt v. Apple Inc.*, No. 5:25-cv-04785; *Robinson v. Apple Inc.*, No. 3:25-cv-04776); and *Norman v. Apple, Inc.*, Case No. 3:25-cv-07985-NW.

17.    "Long-Form Class Notice" means the Notice that will be posted on the Settlement Website and mailed to any member of the Settlement Class who requests a hard copy, substantially in the form attached hereto as Exhibit D, subject to such modifications as may be agreed by the Parties.

18.    "Net Settlement Amount" means the Total Settlement Amount, reduced by the sum of the following amounts: (1) the costs of Notice and the costs of administering the Settlement (including the payment of any taxes if applicable), as set forth in Section F below; (2) any Attorneys' Fees and Expenses Payment to Class Counsel awarded by the Court, as set forth in Section B.2 and Section G below; and (3) any Service Award to the Class Representatives awarded by the Court, as set forth in Section G below.

19.    "Notice" means the notices distributed to members of the Settlement Class in connection with the Settlement as set forth in Section F below and approved by the Court.

20.    "Notice Date" means the date set forth in the Preliminary Approval Order for commencing the transmission of Notice, which shall occur 45 calendar days after entry of the Preliminary Approval Order.

21.    "Objection and Exclusion Deadline" means the date by which a Settlement Class Member must submit an Objection to this Settlement Agreement to the Court or an exclusion request to the Settlement Administrator. The Objection and Exclusion Deadline shall be 90 calendar days after the Notice Date.

22.    "Per-Device Payment" means the payment for each Eligible Device identified in a timely and valid Claim Form that each Claimant shall receive from the Net Settlement Amount, as described in Section B.4 of this Settlement Agreement.

23.    "Plan of Allocation" means the plan for allocating the Net Settlement Amount as described in Section B of this Settlement Agreement.

24.    "Postcard Notice" means the proposed Postcard Notice substantially in the form that is attached hereto as Exhibit E, subject to such modifications as may be agreed by the Parties.

25.    "Plaintiffs' Counsel" means the law firms of Clarkson Law Firm, P.C., Cotchett, Pitre & McCarthy LLP, Kaplan Fox & Kilsheimer LLP, Chimicles Schwartz Kriner & Donaldson-Smith LLP, Janove PLLC, Miller Shah LLP, Malk & Pogo Law Group, LLP, and Pomerantz LLP.

26.    "Preliminary Approval Order" means the order preliminarily approving the Settlement and providing for Notice to the Settlement Class, substantially in the form attached hereto as Exhibit G, subject to such modifications as may be agreed by the Parties.

27.    "Qualified Settlement Fund" or "QSF" means the non-reversionary qualified settlement fund to be created and managed by the Settlement Administrator for the purpose of receiving the Total Settlement Amount with any interest earned accruing to the benefit of the Class, and distributed as ordered by the Court.

28.    "Service Award" means the award sought by each Class Representative in consideration for their service during the course of the Lawsuit, subject to approval of the Court.

29.    "Settlement" or "Settlement Agreement" means this agreement and the settlement and release described herein.

30.    "Settlement Administrator" means Verita Global, LLC, an independent settlement administrator, subject to approval of the Court.

31.    "Settlement Class" means all purchasers of the Eligible Devices (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) who reside in the United States and purchased an Eligible Device in the United States for purposes other than resale, during the Class Period. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate family members.

32.    "Settlement Class Member" means every member of the Settlement Class who does not validly and timely request exclusion from the Settlement Class.

33.    "Settlement Date" means the date that this Settlement Agreement becomes fully executed.

34.    "Total Settlement Amount" means two-hundred fifty million U.S. dollars and zero cents ($250,000,000.00). The Total Settlement Amount represents the total extent of Apple's monetary obligations under this Settlement Agreement, and includes the Class Payment, as set forth in Section B below; the costs of Notice and the costs of administering the Settlement, as set forth in Section F below; any Attorneys' Fees and Expenses Payment to Class Counsel awarded by the Court, and any Service Awards to the Class Representatives awarded by the Court, as set forth in Section G below; and any further distributions as set forth in Section B.4 below.

35.    "Undertaking Regarding Attorneys' Fees and Expenses" means a binding affirmative obligation voluntarily assumed by Class Counsel to repay all or a portion of Attorneys' Fees and Expenses previously awarded, in the event that such award is subsequently modified or reduced by the Court, as set forth in the form attached hereto as Exhibit H.

## II.    RECITALS

This Settlement Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, a putative class action complaint was filed against Apple on March 19, 2025, in *Landsheft v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.), asserting claims for violations of the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*); California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*); and common law claims for fraud, negligent misrepresentation, breach of contract, breach of implied warranty of merchantability, and quasi-contract/unjust enrichment.

WHEREAS, after the filing of *Landsheft*, seven other similar cases were filed in or transferred to the U.S. District Court for the Northern District of California and subsequently consolidated with *Landsheft*. *See Hopkins v. Apple Inc.*, No. 5:25-cv-02914; *Martin v. Apple Inc.*, No. 5:25-cv-03205; *Varbanovski v. Apple Inc.*, No. 5:25-cv-03517; *Accardi v. Apple Inc.*, No. 5:25-cv-04160; *Feldt v. Apple Inc.*, No. 5:25-cv-04785; *Robinson v. Apple Inc.*, No. 3:25-cv-04776; *Norman v. Apple, Inc.*, Case No. 3:25-cv-07985-NW. Ryan J. Clarkson of Clarkson Law Firm, P.C., Brian Danitz of Cotchett, Pitre & McCarthy, LLP, and Laurence D. King of Kaplan Fox & Kilsheimer LLP, were appointed Interim Co-Lead Counsel of the consolidated cases.

WHEREAS, on July 21, 2025, Plaintiffs filed a Consolidated Amended Class Action Complaint asserting claims for violations of the California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*); California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*); California Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790, *et seq.*); violations of the consumer protection statues of Alabama, Alaska, Arizona, Colorado, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa. Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Texas, Utah, Virginia, Washington, West Virginia, and Wisconsin; and common law claims for fraud, negligent misrepresentation, breach of contract, breach of implied warranty of merchantability, breach of express warranty of merchantability, and unjust enrichment.

WHEREAS, on September 25, 2025, Apple moved to dismiss the Consolidated Amended Class Action Complaint in its entirety, including for failure to allege reliance on any alleged misstatement by Apple, lack of equitable jurisdiction over Plaintiffs' claims for equitable relief, and failure to allege the elements of Plaintiffs' other statutory and common-law causes of action (Dkt. No. 47); Plaintiffs filed their Opposition to the motion on November 6, 2025 (Dkt No. 60); and Apple filed its Reply on December 3, 2025 (Dkt. No. 64).

WHEREAS, on or before the date on which Plaintiffs file their motion for Preliminary Approval, the Parties agree to file a stipulation and proposed order to grant Plaintiffs leave to amend and file a Second Consolidated Amended Class Action Complaint seeking to represent a nationwide class of "[a]ll purchasers of iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max (collectively, "Eligible Devices") who

5

reside in the United States and purchased an Eligible Device in the United States for purposes other than resale from June 10, 2024, to March 29, 2025."

WHEREAS, the Parties have investigated the facts and analyzed the relevant legal issues regarding the claims and defenses asserted in this Lawsuit, including through a motion to dismiss and discovery confirming, among other things, the existence, development, and marketing of the Apple Intelligence features at issue.

WHEREAS, no litigation class has been certified in the Lawsuit.

WHEREAS, the Parties mediated before the Honorable Layn R. Phillips (Ret.) on October 24, 2025, December 8, 2025, and March 23, 2026, and continued to negotiate the terms of this Settlement during the ensuing months with the mediator's assistance.

WHEREAS, Plaintiffs and the Settlement Class are represented by Ryan J. Clarkson of Clarkson Law Firm, P.C., Brian Danitz of Cotchett, Pitre & McCarthy, LLP, and Laurence D. King of Kaplan Fox & Kilsheimer LLP.

WHEREAS, Apple has at all times denied and continues to deny any and all alleged wrongdoing and liability, specifically denies each of Plaintiffs' contentions and claims, and continues to deny that Plaintiffs' claims and allegations would be suitable for class action status. This Agreement shall not be construed in any fashion as an admission of liability or wrongdoing by Apple.

WHEREAS, Apple has delivered more than 20 Apple Intelligence features and anticipates delivering additional Siri Apple Intelligence features in future software updates at no additional cost.

WHEREAS, Class Counsel and the Named Plaintiffs believe that the claims asserted in the Lawsuit have merit, have undertaken discovery to evaluate the strengths and weaknesses of the case, and have examined and considered the benefits to be obtained under this Settlement, the risks associated with the continued prosecution of this complex and potentially time-consuming litigation, and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable and in the best interests of the Settlement Class.

WHEREAS, to avoid further costs of litigation, and without admitting liability, Apple and Plaintiffs, individually and as representatives of the Settlement Class as defined above, now wish to settle the Lawsuit in its entirety as to the Plaintiffs, Settlement Class Members, and Apple with respect to all claims arising out of or relating to the claims made in this Lawsuit. The Parties intend this Settlement Agreement to bind Plaintiffs (both as the Class Representatives and individually), Apple, Apple Counsel, Class Counsel, and Settlement Class Members.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

6

### III.    TERMS

### A.    <u>Confidentiality</u>

1.    The Parties, Class Counsel, and Apple Counsel agree that until this Settlement Agreement is submitted to the Court as part of Class Counsel's motion for entry of Preliminary Approval Order, the terms of this Settlement Agreement and all associated documents and communications, including the details of the negotiations leading to the execution of the Settlement Agreement and all submissions and arguments related to the mediation proceedings, shall not be disclosed by the Parties, Class Counsel, and Apple Counsel other than as necessary to finalize and obtain approval of the Settlement and Notice. Upon publication of the Settlement Agreement by submission to the Court, the nondisclosure obligations set forth in this paragraph will no longer apply to the four corners of the as-filed Settlement Agreement itself (including exhibits thereto), but such obligations will continue to apply to mediation privileged documents and settlement communications. Nothing in this Paragraph shall prohibit the Parties from making general disclosures as necessary to comply with securities laws or other obligations, including to other parties or professionals involved in this Lawsuit, as well as in its public filings.

2.    The parties and their counsel may make affirmative public statements regarding the Action and the Settlement, provided such statements are truthful, accurate, and non-defamatory, and do not disclose mediation privileged documents or settlement communications. It is understood that any comments shall be neutral to communicate that the lawsuit has been amicably resolved on a mutually satisfactory basis. Comments shall not include inflammatory language or be directed at either the parties or counsel. There may be no suggestion that the settlement amounts to an admission of liability or any impression given that there had been any determination as to Apple's course of conduct or that anything had been proven as to Apple's course of conduct. Nothing in these statements can be said to indicate Apple violated the law. Plaintiffs may describe the alleged course of conduct at issue here but when doing so must make clear that any comments about Apple's course of conduct are allegations, not statements of fact.

### B.    <u>Consideration for Settlement and Class Payment</u>

1.    <u>Monetary payment</u>. Subject to the terms of this Settlement Agreement, Apple's total financial commitment under this Settlement Agreement is the Total Settlement Amount of $250,000,000.00. Apple shall have no other financial obligations under this Settlement Agreement.

2.    <u>Funding of Qualified Settlement Fund</u>.

a.    <u>Initial Payment.</u> Within thirty (30) calendar days after entry of the Preliminary Approval Order, Apple shall transfer to a non-reversionary qualified settlement fund ("QSF") $5,444,056 subject to the Settlement Administrator providing all information necessary to effectuate such transmission, including adequate payment instructions consisting of wire transfer instructions or instructions for payment by check, and completed Form W-9s (including addresses and tax identification numbers) by the date of the Court's order.

b.      Attorneys' Fees and Expenses Payments. Notwithstanding any appeals or any other proceedings which may delay the Effective Date of the Settlement, and without regard to whether the Effective Date has occurred, unless otherwise ordered by the Court, within thirty (30) calendar days after entry of the Court's final order approving any Attorneys' Fees and Expenses Payment, Apple shall transfer an amount sufficient to the QSF to fund any awarded Attorneys' Fees and Expenses Payment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Expenses (Exhibit H), and providing all information necessary to effectuate such transmission, including adequate payment instructions consisting of wire transfer instructions or instructions for payment by check, and completed Form W-9s (including addresses and tax identification numbers) no later than two (2) business days after entry of the Court's order.

Notwithstanding any appeals or any other proceedings which may delay the Effective Date of the Settlement, unless otherwise ordered by the Court, the Settlement Administrator will pay Class Counsel any Court-approved Attorneys' Fees and Expenses Payment from the QSF no later than two (2) business days after Apple's transfer of the Court-approved Attorneys' Fees and Expenses Payment to the QSF, subject to the terms of this Settlement Agreement and any subsequent orders by the Court.

Consistent with the Court's standing order, Class Counsel intend to request that the Court hold back ten percent (10%) of their fee until the case is closed, two business days after which the withheld portion of the fee shall be transferred to Class Counsel from the QSF.

c.      If the Settlement does not become final for any reason, the balance of the QSF, including any interest accrued, less monies expended toward Settlement administration, shall be returned to Apple within thirty (30) calendar days.

d.      Remaining Balance. Within thirty (30) calendar days after the Effective Date, or, in the event that an appeal is filed and pending, then within one (1) year from the entry of final approval order, whichever is earlier, Apple shall transfer the remainder of the Total Settlement Amount—$250,000,000.00 less the sums Apple has already transferred pursuant to Sections B.2.a and B.2.b—to the extent it has not yet been funded, to the QSF. The Settlement Administrator will manage distribution of the Settlement Amount and all applicable payments, including but not limited to costs, attorneys' fees, and service awards, consistent with the terms of this Settlement Agreement. Any taxes owed by the Settlement Fund will be paid by the Settlement Administrator out of the QSF. All interest earned on funds held in the QSF shall accrue to the benefit of the Settlement Class, (including, for the avoidance of doubt, any interest earned on the portion awarded as Class Counsel's fees and held back consistent with the Court's standing order and Section B.2.b above), subject to Section C.5 below.

8

3. The Total Settlement Amount shall be applied to all of the following:

 a. To pay the costs of Notice and the costs of administering the Settlement and any taxes owed by the Settlement Fund, as set forth in Section F below;

 b. To pay any approved Attorneys' Fees and Expenses Payment to Class Counsel and any Service Awards to the Class Representatives, as set forth in Section B.2 above and Section G below;

 c. To distribute the Net Settlement Amount to Settlement Class Members as set forth in Sections B.4–B.7 below.

4. <u>Plan of Allocation</u>. The Net Settlement Amount will be distributed according to the following Plan of Allocation, subject to Court approval. The Net Settlement Amount shall be allocated to Claimants who submit valid Claim Forms during the Claim Period establishing that they purchased an Eligible Device in the United States during the Class Period (between June 10, 2024, and March 29, 2025).

 a. In consideration of the releases and dismissals set forth in this Settlement Agreement, subject to Court approval, and subject to the other terms and conditions of this Settlement Agreement, Claimants who personally submit timely and valid Claim Forms shall receive the Per-Device Payment, a presumptive payment from the Net Settlement Amount of $25 per Eligible Device. The actual Per-Device Payment may differ, depending on whether the aggregate value of valid Claims submitted is more or less than the Net Settlement Amount. Settlement Class Members will be given the option of providing information to the Settlement Administrator to receive payment by physical check or digital payment.

 b. In the event that the aggregate value of valid Claims submitted is more than the Net Settlement Amount, then the Per-Device Payment for each Eligible Device shall be reduced on a pro rata basis. In the event that the aggregate value of valid Claims submitted is less than the Net Settlement Amount, then the Per-Device Payment for each Eligible Device will be increased on a pro rata basis up to a per-device cap of ninety-five dollars ($95). If any funds remain of the Total Settlement Amount after the per-device cap is reached, then the Parties shall confer on the distribution of the remaining amount. If distribution to the Class Members is not practical, then the remaining funds will be delivered to a *cy pres* recipient to be agreed upon by the Parties and approved by the Court. If the Parties cannot agree on a proposal for *cy pres* distribution, then the Parties shall present their competing proposals to the Court as part of the briefing on Final Approval. In no event shall any residual funds revert to Apple.

5. <u>Claim Form</u>. Unless otherwise ordered by the Court, the Claim Form will not require a certification under the penalty of perjury, but will require that the Claimant confirm the following:

9

a.  The Claimant purchased their Eligible Device in the United States between June 10, 2024 and March 29, 2025;

b.  Information sufficient to confirm the Claimant's purchase of the Eligible Device, such as serial number, Apple Account ID, or phone number associated with the Eligible Device; and

c.  At the time of purchase, the Claimant expected to receive a Siri Apple Intelligence feature and did not receive it.

6.  <u>Claim Validation.</u> The Settlement Administrator will review all claims to determine their validity and eligibility under this Section. The Settlement Administrator will reject any claim that does not materially comply with the instructions on the Claim Form; is not submitted by a Settlement Class Member (including, in the case of a Settlement Class Member that is an entity, an authorized representative employed by the entity), and will reject any claim that is duplicative or fraudulent. The Settlement Administrator will confer with Class Counsel on any claims that may be deficient and curable.

7.  <u>Claims Review and Dispute Resolution</u>. No later than ten (10) calendar days after the completion of the Claim Period, the Settlement Administrator shall provide access to Class Counsel and Apple Counsel with reporting of claims, including a synopsis of the claims that were submitted, the Settlement Administrator's determination of validity and eligibility for each claim, and the reasoning for any rejected claims. Class Counsel and Apple Counsel shall have ten (10) calendar days after the Settlement Administrator provides the reporting of claims to meet and confer in good faith regarding any concerns with the Settlement Administrator's determination with respect to any of the submitted claims and to reach resolution of any disputed claims. Approval of a claim shall not be withheld without good cause. If Class Counsel and Apple Counsel cannot agree on a resolution of any such disputed claim, then the disputed claim shall be presented to the Court as part of the briefing on Final Approval.

8.  <u>Timing of Distribution.</u> For those Settlement Class Members who submitted a valid claim during the Claim Period, their payment shall be transmitted to each Settlement Class Member within sixty (60) calendar days after the Effective Date or as soon as practicable thereafter. Settlement Class Members who fail to submit a claim during the Claim Period will nonetheless be bound by the Settlement Agreement, including the releases set forth in Section H, unless they elect to exclude themselves through the procedure set forth in Section E.

9.  <u>Uncashed Checks Follow Up.</u> To the extent economically feasible, the Settlement Administrator shall follow up and communicate with Settlement Class Members who have not cashed their checks within sixty (60) calendar days of the payment being provided.

10.  <u>Deadline to Cash Checks.</u> Depositing a settlement check (paper or electronic) is a condition precedent to any Settlement Class Member's right to receive monetary settlement benefits. All settlement checks shall be void one hundred and twenty (120) calendar days after issuance, and shall bear the language substantially similar to: "This check must be cashed within one hundred and twenty (120) calendar days, after which time it is void." If a check becomes void, the Settlement Class Member shall have an additional thirty (30) calendar days to request a re-

issuance of their check. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent for recovery of settlement benefits, and forfeited their right to receive monetary relief. The Settlement Administrator is not obligated to reissue checks more than one hundred and sixty (160) calendar days after the Class Payment is distributed pursuant to Sections B.4–B.7 above. Under no circumstances will Settlement funds revert to Apple.

## C.    Obtaining Court Approval of the Agreement

1.    Settlement Class. Solely for the purposes of Settlement and the proceedings contemplated herein, the Parties stipulate and agree that Plaintiffs will (1) file an amended consolidated class action complaint solely for purposes of amending the class definition consistent with the Settlement Class defined herein, and (2) seek certification of the Settlement Class and appointment of Class Counsel. The amendment of the consolidated class action complaint and certification of the Settlement Class shall be binding only with respect to the Settlement set forth in the Settlement Agreement and cannot be used for any purpose other than to obtain Court approval of this settlement.

2.    Amended Complaint. Class Counsel will draft the stipulation to amend the Consolidated Amended Class Action Complaint and supporting papers and will provide those drafts to Apple Counsel of record in the Lawsuit at least five (5) business days before filing.

3.    CAFA Notice. Upon filing of the motion requesting issuance of the Preliminary Approval Order, Apple will provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq*. ("CAFA"). Apple will be solely responsible for the cost of the CAFA notice.

4.    Motion for Final Approval. In accordance with the schedule set in the Preliminary Approval Order, Class Counsel will draft the motion requesting final approval of the Settlement, the Proposed Final Approval Order, and the Proposed Final Judgment.

5.    Procedure Following Non-Approval. In the event that the Settlement Agreement is not approved, or in the event its approval is conditioned on any modifications that are not acceptable to the Parties, then the Parties shall promptly and in good faith meet and confer to address the Court's concerns and to explore reasonable modifications or clarifications intended to facilitate approval, consistent with the Court's guidance. If, after good faith efforts and exhaustion of all reasonably available avenues, the Parties are ultimately unable to secure final approval of the Settlement Agreement, then: (a) this Settlement Agreement shall be null and void and of no force and effect, (b) any payments of the Total Settlement Amount and any and all interest earned thereon, less monies expended toward settlement administration, shall be returned to Apple within thirty (30) calendar days from the date the Settlement Agreement becomes null and void, and (c) any release contemplated by the Settlement Agreement shall be of no force or effect. In such event, the Lawsuit will revert to the status that existed before the Settlement Agreement's execution date, the Parties shall each be returned to their respective procedural postures so that the Parties may take such litigation steps that they otherwise would have been able to take absent the pendency of this Settlement, and neither the Settlement Agreement nor any facts concerning its negotiation,

discussion, terms, or documentation shall be admissible in evidence for any purpose in this Lawsuit or in any other litigation, except as may be necessary to enforce the terms of this provision.

**D.    Objections**

1.    Right to Object. Any Settlement Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the requested attorneys' fees and expenses or service awards, must comply with the following requirements.

2.    Procedural Requirements.   Any objections from Settlement Class Members regarding the proposed Settlement Agreement, proposed Plan of Allocation, Attorneys' Fees and Expense Payment, or Service Awards must be submitted in writing to the Court. Objections may be submitted on an individual basis only. No member of the Settlement Class (or any other person or entity) may object to the Settlement for anyone else. Group objections, including "mass" or "class" objections, are prohibited. If a Settlement Class Member does not submit a timely written objection, the Settlement Class Member will not be able to participate in the Final Approval Hearing.

3.    Deadline.  Objections must be submitted by the Objection and Exclusion Deadline.

a.    If submitted through ECF, objections must be submitted on or before 5:00 p.m. Pacific Time.

b.    If submitted by U.S. mail, objections must be postmarked by the Objection and Exclusion Deadline.  The date of the postmark on the envelope containing the written statement objecting to the Settlement will be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted.

4.    Mandatory Content.  All objections must be in writing and must:

a.    Include the full name, address, telephone number, and email address of the objector and any counsel representing the objector;

b.    Clearly identify the case name and number: *Landsheft, et al. v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.);

c.    Include information sufficient to verify that the objector is a Settlement Class Member;

d.    Include a detailed statement of the grounds and evidence upon which the objection is based;

e.    State whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

f.    Include a list of all cases in which the objector or his or her counsel has filed an objection within the past five years; and

12

g.      Be personally signed and dated by the objector.

5.      <u>Failure to Timely Object</u>. Settlement Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise.

6.      <u>Appearance at Final Approval Hearing</u>. Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of Intention to Appear in the body of the objector's objection. If an objector makes an objection through an attorney, the objector shall be solely responsible for the objector's attorneys' fees and expenses. Counsel for any objector seeking to appear at the Final Approval Hearing must enter a Notice of Appearance no later than fourteen (14) calendar days before that hearing.

7.      <u>No Solicitation to Object</u>. At no time shall any of the Parties or their counsel (inclusive of Plaintiffs' Counsel) seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

8.      <u>Objector May Submit Claim</u>. A Settlement Class Member who objects to the Settlement may also submit a claim, which shall be processed in the same manner as all other claims.

9.      <u>Responses to Objections</u>. The Class Representatives, Class Counsel, and/or Apple may file responses to any timely written objections no later than seven (7) calendar days prior to the Final Approval Hearing.

**E.      Exclusions**

1.      <u>Requests for Exclusion</u>.  The Email Notice, Postcard Notice, and Long-Form Class Notice will advise all members of the Settlement Class of their right to exclude themselves from the Settlement. This Settlement Agreement will not bind members of the Settlement Class who timely exclude themselves from the Settlement. Requests for exclusion may be made on an individual basis only. No member of the Settlement Class (or any other person) may request exclusion from the Settlement Class for anyone but himself, herself, or themselves, unless the Settlement Class member is a minor or entity, in which case an authorized representative may request exclusion only on behalf of the minor or entity he or she represents. Group opt outs, including "mass" or "class" opt outs, are prohibited.

2.      <u>Exclusion Process</u>.  To request to be excluded from the Settlement, a member of the Settlement Class must timely, personally submit an individual written request for exclusion. The request for exclusion may be sent by U.S. mail to the Settlement Administrator, which will be responsible for receiving and processing requests for exclusion. The request for exclusion must include the Settlement Class Member's name, address, and telephone number, be personally signed and dated by the Settlement Class Member who is requesting exclusion, and contain a clear request that the Settlement Class Member would like to "opt out" or be excluded, by use of those or other

13

words clearly indicating a desire not to participate in the Settlement. In the case of a Settlement Class Member that is an entity, the request for exclusion must be made by an authorized representative who is employed by the entity.

3.  Deadline.  To be excluded from the Settlement, the request for exclusion must be postmarked by the Objection and Exclusion Deadline.

4.  Effect of Exclusion.  Any Settlement Class Member who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Agreement; and shall not be entitled to submit an objection to the Settlement.  If a Settlement Class Member submits both a Claim Form and a timely exclusion request, the exclusion shall take precedence and be considered valid and binding unless it is withdrawn.

5.  Exclusion List.  No later than seven (7) calendar days after the Objection and Exclusion Deadline, the Settlement Administrator will provide Class Counsel and Apple Counsel with the number of Settlement Class Members who have timely and validly excluded themselves from the Settlement.  If the number of Settlement Class members who submit timely, valid exclusions exceeds the threshold agreed to by the Parties and confidentially submitted to the Court in camera, then Apple, in its sole discretion, may elect to reject this Settlement by giving written notice under Section J.10 below no later than twenty (20) calendar days after the Objection and Exclusion Deadline, in which case the entire Agreement shall be null and void, and the Parties shall be returned to their pre-settlement litigation posture. Absent timely, unambiguous, written notice hereunder, Apple shall proceed with the Settlement.

## F.  Notice and Settlement Administration

1.  Settlement Administrator. Notice and Settlement administration will be performed by Verita Global, LLC, subject to approval by the Court. Fees for the notice and settlement administration will be paid from the Total Settlement Amount. The Parties shall not be responsible for any further costs.

2.  Settlement Administrator Duties. The Settlement Administrator shall perform the duties, tasks, and responsibilities associated with providing Notice and administering the Settlement, including the following: (a) working with the Parties to develop a plan for Notice; (b) preparing and disseminating Notice to the Settlement Class substantially in the forms attached hereto as Exhibits D–F; (c) maintaining the Settlement website; (d) communicating with Settlement Class Members for the purpose of administering and processing their claims, including keeping track of requests for exclusion and objections to the Settlement, including maintaining the original envelope in which they were mailed (or an electronic copy thereof); (e) delivering to Apple Counsel and Class Counsel copies of any requests for exclusion, objections, or, upon request of Apple Counsel or Class Counsel, other written or electronic communications from the Settlement Class; (f) determining the validity of claims and making distributions to Settlement Class Members, and implementing robust fraud prevention protocols; (g) performing any tax reporting duties for the QSF required by this Agreement and federal, state, or local law; (h) maintaining adequate records of all its activities, including the dates of transmission of Notice, Long-Form Class Notice, Email Notice, Postcard Notice, returned mail, and other communications and

attempted written or electronic communications with the Settlement Class; (i) advising on whether supplemental notice is necessary; (j) confirming in writing its completion of the administration of the Settlement; and (k) such other tasks as Apple Counsel and Class Counsel mutually agree. Upon reasonable request of Class Members, where economically feasible, Settlement Administrator will mail a claim form (or other settlement documents) and a stamped, self-addressed envelope for return of a completed Claim Form.

3.    Class Member Information. Within five (5) business days of the entry of the Preliminary Approval Order, Apple will provide by secure means to the Settlement Administrator (but not to Class Counsel) the Class list, with their available and most current contact information, and any other necessary information. The Settlement Administrator will administer the Notice described herein and in accordance with the Preliminary Approval Order. The Settlement Administrator will keep identities and contact information of members of the Settlement Class strictly confidential, using them only for purposes of administrating this Settlement.

4.    Address Updating. Prior to dissemination of Notice, the Settlement Administrator shall perform commercially reasonable address standardization and updating, which includes processing through the United States Postal Service National Change of Address database and/or other comparable address updating services designed to improve deliverability. The Settlement Administrator may also conduct commercially reasonable data updating, verification, enrichment, and skip-tracing services to maximize the reach of Settlement Notice and participation in the Settlement. All contact information obtained or verified through data enrichment or from Apple's records shall be used solely for purposes of Settlement Notice, Settlement Administration, claim validation, distribution of Class Payment, and other activities directly related to Settlement administration. Class contact information shall not be used for advertising, marketing, profiling or other purposes unrelated to this Settlement.

5.    The Settlement Administrator shall provide Notice to the Settlement Class as follows:

a.    Email Notice. After conducting data enrichment, the Settlement Administrator shall commence e-mailing the Email Notice on the Settlement Notice Date, and ensure that the initial Email Notice is substantially complete within three weeks following commencement. Email Notice shall be sent in multiple waves, including an initial email and two or more reminder emails, as reasonably necessary to maximize deliverability and receipt. The Settlement Administrator shall implement commercially reasonable bounce management procedures including re-sending Email Notice to a corrected or newly identified email address, where available.

b.    Postcard Notice. For members of the Settlement Class for whom Apple and/or the Settlement Administrator have postal addresses but not an email address, the Settlement Administrator will mail a Postcard Notice to each such member of the Settlement Class for whom a mailing address can be located. To promote efficiency and proportionality, additional Postcard Notice may be conducted in one or more phases, as determined by the Settlement Administrator, beginning with Settlement Class Members most likely to be reached through postal mail based on available address data and recency of account activity. The Settlement Administrator shall evaluate the effectiveness of each mailing phase, including

15

delivery rates, website traffic, and claims activity, before initiating any subsequent phase, and may limit or discontinue further postcard mailings where additional mailings are unlikely to materially increase notice or participation.  The Settlement Administrator shall commence mailing of Postcard Notice on the Settlement Notice Date.

c.      Online Media Campaign. The Settlement Administrator shall implement an Online Media Campaign through online advertisements including through appropriate advertising channels such as paid online ads through Google, Meta or other ad platforms, as well as social media channels such as Facebook. The ads that are part of the Online Media Campaign will provide a link to the Settlement Website and information about who is eligible to file a Claim.  The selection of platforms and channels, methods of implementation, and the content of the ads shall be subject to the Parties' approval.  The Online Media Campaign shall commence no earlier than the Settlement Notice Date to align with the timing of the Email and Postcard Notice periods and shall be complete within 90 days of the Settlement Notice Date.

d.      Publication Notice. The Settlement Administrator shall implement a commercially reasonable publication notice campaign designed to supplement direct Notice. The selection of publications and the content of the notice shall be subject to the Parties' approval. The Settlement Administrator will additionally cause a press release to be distributed in a format agreed upon by the parties.

6.      The Long-Form Class Notice, Email Notice, Postcard Notice, Online Media Campaign, and Publication Notice shall inform Settlement Class Members of the fact of the Settlement and that Settlement information is available on the Settlement Website. These Notice materials shall make clear that the Settlement is not an admission of liability and Apple denies all wrongdoing, as set forth in Section I below.

7.      Settlement Website. The Settlement Administrator will establish and maintain a Settlement Website with a mutually acceptable domain name. The Settlement Website will be optimized for viewing on both mobile devices and personal computers. The Settlement Website will include, without limitation, the Long-Form Class Notice in downloadable PDF format, this Settlement Agreement, the operative Second Consolidated Amended Class Action Complaint, the Preliminary Approval Order as entered and publicly filed motion papers and declarations in support thereof, Plaintiffs' motion for attorneys' fees and expenses, Plaintiffs' motion for final approval of class action settlement, a set of frequently asked questions and answers, and information on how to object or request exclusion, as well as contact information for Class Counsel and the Settlement Administrator.  The Settlement website will include a readily accessible means for members of the Settlement Class to electronically submit a Claim Form and their payment information. The Settlement Website will explain how Class Payment will be distributed. The Settlement Website shall remain accessible until thirty (30) calendar days after the Settlement Administrator has completed its obligations under this Settlement Agreement. The Settlement Website will provide a copy of the Long-Form Class Notice, Claim Form, and other relevant information in Spanish, as well as potentially other languages.

8.      Toll-Free Number.  The Settlement Administrator will establish a toll-free telephone number (the "Toll-Free Number") with the option to speak with a live operator. English and Spanish options shall be available. By dialing the toll-free number, the Settlement

16

Class can receive instructions for accessing Settlement information and request case documents, including a Claim Form with a stamped envelope addressed to the Settlement Administrator for a return of a filled-out claim form.  The Toll-Free Number shall remain accessible until thirty (30) calendar days after the Settlement Administrator has completed its obligations under this Settlement Agreement.

9.      Long-Form Class Notice.  The Settlement Administrator shall post the Long-Form Class Notice on the Settlement Website and mail or email the Long-Form Class Notice to any Settlement Class member who requests a copy.

10.      Notice and Administration Costs.  Based on information provided by the Parties to date, the Settlement Administrator has agreed to perform all settlement Notice and administration duties required by the Settlement Agreement at a cost not to exceed $5,444,056. This amount shall cover all costs and expenses related to the Settlement administration functions to be performed by the Settlement Administrator, including providing Notice and the Settlement Website, and performing the other administration processes described in this Agreement, based on the assumptions provided to the Settlement Administrator.  In the event that unanticipated costs and expenses arise in connection with the notice and/or administration process, such that they exceed the estimated amount of $5,444,056,the Settlement Administrator shall promptly raise the matter with Apple Counsel and Class Counsel as soon as practicable after becoming aware of the unanticipated costs and expenses.  If both Apple Counsel and Class Counsel, acting in good faith, agree that unanticipated costs and expenses justify an increase to the amount payable to the Settlement Administrator in excess of the agreed-upon estimate, then the amount in excess of the estimated amount shall be paid for exclusively from the Total Settlement Amount.  Under no circumstances will Apple be responsible for any costs of Settlement administration in excess of its contribution to the Total Settlement Amount.

11.      Notice of Objection or Exclusion Procedure. The Long-Form Class Notice and Settlement Website shall provide information on the procedure by which members of the Settlement Class may request exclusion or submit an objection to the Settlement.  Any other forms of Notice will direct Settlement Class Members to review the Long-Form Class Notice and Settlement Website for these procedures.

## G.      Attorneys' Fees, Expenses, and Service Awards

1.      Service Award. Class Counsel will apply to the Court for Service Awards for the Named Plaintiffs not to exceed $2,000 per person. The Service Awards are not a measure of damages, but instead are solely an award for the Named Plaintiffs' services, time, and effort on behalf of the members of the Settlement Class. Apple reserves the right to object to or oppose Class Counsel's requests for Service Awards. Service Awards approved by the Court shall be paid from the Total Settlement Amount. Class Counsel shall provide the Settlement Administrator with Form W-9s for the Named Plaintiffs receiving any Service Award within five (5) calendar days after the Effective Date, and the Settlement Administrator shall issue each Named Plaintiff who receives a Service Award a 1099 in the amount of the Service Award approved by the Court and paid from the QSF. The Settlement Administrator shall distribute the Service Awards to accounts specified by Class Counsel no later than sixty (60) calendar days after the Effective Date. This Settlement is not conditioned upon the Court awarding the amounts sought by the Named Plaintiffs as a Service

Award. If the amounts awarded by the Court are less than what was sought by the Named Plaintiffs, the remaining provisions of this Settlement Agreement shall be binding and effective.

2.      Attorneys' Fees and Expenses Payments. The Parties have reached no agreement on the amount of attorneys' fees and expenses that Class Counsel will seek from the Total Settlement Amount. Class Counsel will apply to the Court for reasonable fees and expenses from the Total Settlement Amount. Class Counsel's Motion for attorneys' fees and expenses shall be filed at least thirty-five (35) calendar days before the Objection and Exclusion Deadline and shall be posted on the Settlement Website within three (3) calendar days of it being filed. Apple reserves the right to object to or oppose Class Counsel's requests for attorneys' fees and expenses.

3.      Timing and Payment of Attorneys' Fees and Expenses Payment. Any Attorneys' Fees and Expenses Payment approved by the Court shall be paid from the Total Settlement Amount in accordance with Section B.2 above. Class Counsel shall provide their Form W-9s within two (2) calendar days of the Court's Final Order approving any Attorneys' Fees and Expenses Payment. Consistent with Section B.2 and any subsequent orders by the Court, the Settlement Administrator shall distribute any Court-Approved Attorneys' Fees and Expenses Payment to the account(s) specified by Class Counsel no later than two (2) business days after the later of Apple's transfer of the Court-approved Attorneys' Fees and Expenses Payment to the QSF or the receipt of Class Counsel's Form W-9s.

4.      Allocation of Attorneys' Fees and Expense Payments. Class Counsel have sole discretion to allocate any court-awarded Attorneys' Fees and Expense Payments. In no event shall Apple have any liability to any Class Counsel, or any other counsel who have represented Named Plaintiffs at any time in this Lawsuit, regarding the allocation of any fee or expense payment.

5.      No Liability for Additional Fees. Apple shall not be liable for any additional fees or expenses of Named Plaintiffs or any members of the Settlement Class in connection with the Lawsuit. Class Counsel agree that they will not seek any additional fees or costs from Apple in connection with the Lawsuit or the Settlement of the Lawsuit beyond the approved Attorneys' Fees and Expense Payment. Apple expressly agrees that it will not seek to recover its Court costs, attorneys' fees, or expenses once the Court enters a Final Approval Order and Final Judgment.

6.      Settlement not Conditioned on Fee and Expense Payments. This Settlement is not conditioned upon the Court awarding the amounts sought by Class Counsel as a fee and expense payment or the timing for making such payment. If the amounts awarded by the Court are less than what was sought by Class Counsel, or the Court orders that payment be provided on a different timeline, the remaining provisions of this Settlement Agreement shall be binding and effective.

## H.      Releases

1.      Release of Claims. Except as otherwise set forth herein or as to obligations created hereby, upon the Effective Date, Named Plaintiffs and Settlement Class Members, on their own behalf and on behalf of their present and former principals, agents, partners, joint venturers, predecessors, assigns, heirs, spouses, beneficiaries, executors, administrators, representatives, insurers, underwriters, and lawyers (collectively, the "Releasing Parties"), separately and collectively, will release and discharge Apple and each of its present and former principals, agents,

servants, partners, joint venturers, directors, officers, managers, employees, contractors, predecessors, successors, assigns, administrators, representatives, parents, shareholders, subsidiaries, affiliates, insurers, underwriters, accountants, and lawyers (collectively, the "Apple Released Parties"), separately and collectively, from any and all damages, suits, claims, debts, demands, assessments, obligations, liabilities, attorneys' fees, costs, expenses, rights of action and causes of action, of any kind or character whatsoever, whether class, individual, or derivative in nature, and whether based on contract (express, implied, or otherwise), fraud/misrepresentation, statute, or any other theory of recovery, and whether for compensatory, statutory, or punitive damages, occurring before the Effective Date of the Settlement (the "Named Plaintiffs and Settlement Class Members' Released Matters") that are based on, arise out of, or relate to the same facts underlying the claims asserted in the Lawsuit regarding the Eligible Devices, or could have been asserted in the operative Second Consolidated Amended Class Action Complaint. For avoidance of doubt, the Released Matters do not include bodily or personal injury claims, property damage, product liability claims, or claims related to the enforcement of the Settlement Agreement. Furthermore, the Named Plaintiffs and Settlement Class Members' Released Matters shall not include: (i) *City of Coral Springs Police Officers Pension Plan v. Apple Inc. et al*, Case No. 5:25-cv-06252-NW (N.D. Cal.), and (ii) *In re Apple Inc. AI Derivative Litigation*, Case No. 5:25-cv-05364-NW (N.D. Cal.).

2.      The Parties stipulate and agree that upon the Effective Date, the Parties intend to and expressly shall have and shall be deemed to have, and by operation of the Final Approval Order shall have, released any and all Released Claims, including unknown claims. Unknown claims include Released Claims that Plaintiffs do not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. The Parties additionally waive the provisions, rights, and benefits conferred by California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

3.      The Parties also expressly waive all rights under any other statutes, legal decisions, or common law principles of similar effect to Cal. Civil Code § 1542, whether under the law of California or any other jurisdiction.

4.      <u>Release by Defendant</u>. Except as otherwise set forth herein or as to obligations created hereby, Apple will be deemed to have completely released and forever discharged Plaintiffs and Plaintiffs' Counsel from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the

19

future to have, relating to the institution, prosecution, or settlement of the Lawsuit, except for claims relating to the enforcement of the Settlement or this Settlement Agreement, and for the submission of false or fraudulent claims for Settlement benefits.

5.    Release Notwithstanding Additional Facts. The Parties are aware that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to the matters underlying the Lawsuit.  In furtherance of the Parties' intent, the release of the Named Plaintiffs and Settlement Class Members' Released Matters shall remain in full and complete effect notwithstanding discovery or existence of any additional or different claims or facts.

6.    Class Payment to be Final. The amount of the Class Payment pursuant to this Agreement will be deemed final and conclusive against all Settlement Class Members, who will be bound by all of the terms of this Agreement and the Settlement, including the terms of the judgment to be entered in the Lawsuit and the releases provided for herein.

7.    Claims Against Settlement Administrator. No person shall have any claim of any kind against the Parties, their counsel, or the Settlement Administrator with respect to the Settlement and the matters set forth herein, or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order, the Final Judgment, or further order(s) of the Court.

## I.    Apple's Denial of Liability; Agreement As Defense In Future Proceedings

1.    Agreement Made Solely in Compromise of Litigation. This Agreement is made in compromise of all claims released as set forth in Section H above. This Agreement shall not be construed in any fashion as an admission of liability or wrongdoing by Apple. Apple specifically denies having engaged in any wrongdoing whatsoever. Apple has asserted and continues to assert that, at all times, it acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations, and laws. Apple maintains that it has meritorious defenses to all claims alleged in the Action, and continues to believe the claims are without merit. Plaintiffs and their counsel further agree that this Agreement shall not be admissible in any court or other forum for any purpose other than the enforcement of its terms or if required for legal or accounting purposes.

2.    Settlement May Not be Used in Evidence. To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Apple, or to establish the truth of any of the claims or allegations alleged in the Lawsuit.

3.    Denial of Liability. Neither the Agreement nor anything that the Parties said or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of any Party's fault, liability, or wrongdoing of any kind, nor as an admission of any lack of merit of the causes of action asserted in the Lawsuit.

4.    Future Use of Settlement. To the extent permitted by law, the Agreement may be pleaded or invoked as a full and complete defense to, and may be used as the basis for an injunction

against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for the Named Plaintiffs and Settlement Class Members' Released Matters.

## J.    Miscellaneous

1.    Extensions of Time.  All time periods and dates described in this Agreement are subject to the Court's approval. Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement. These time periods and dates may be changed by the Court or the Parties' counsel's written consent without notice to the Settlement Class.

2.    Entire Agreement. This Settlement Agreement contains the entire agreement between the Parties and constitutes the complete, final, and exclusive embodiment of their agreement with respect to the Lawsuit. This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

3.    Applicable Law and Jurisdiction. The laws of the State of California, without regard to its conflict or choice of law provisions, shall govern this Agreement. The Parties agree that any dispute relating to this Settlement Agreement shall be subject to the exclusive jurisdiction of the United States District Court for the Northern District of California. Each Party submits itself to the exclusive jurisdiction and venue of that court.

4.    Gender and Plurals. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

5.    Survival of Warranties and Representations.  The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

6.    Cooperation of Parties. The Parties to this Agreement and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete and obtain approval of the Settlement.

7.    Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

8.    Severability. If any provision of this Settlement Agreement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement Agreement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement Agreement or, if that proves unavailing, either Party can terminate the Settlement Agreement without prejudice to any Party.

9.    Warranties and Representations. Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so. This Agreement is executed voluntarily by each of the Parties without any duress or undue influence

21

on the part, or on behalf, of any of them. The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing. Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction or interpretation to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel. The Settlement Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

10.    Communications.  All communications required under this Agreement shall be in writing and shall be sent overnight and regular mail to the addressees listed below:

If to Apple:

Apple Inc.
1 Apple Park Way
Cupertino, California 95014
Attn: Chief Litigation Counsel

With copy to:

Emily Johnson Henn
ehenn@cov.com
Kathryn E. Cahoy
kcahoy@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA  94306-2112
Tel: 650-632-4700


If to Plaintiffs:

Clarkson Law Firm P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
Attn: Ryan J. Clarkson

Cotchett, Pitre & McCarthy, LLP
840 Malcolm Rd.
Burlingame CA, 94010
Attn: Brian Danitz

Kaplan Fox & Kilsheimer LLP
1999 Harrison Street

Suite 1501
Oakland, CA 94612
Attn: Laurence D. King


With copy to:

Ryan J. Clarkson
rclarkson@clarksonlawfirm.com
Yana Hart
yhart@clarksonlawfirm.com
Brian Danitz
bdanitz@cpmlegal.com
Joseph W. Cotchett
jcotchett@cpmlegal.com
Laurence D. King
lking@kaplanfox.com
Frederic S. Fox
ffox@kaplanfox.com

11. <u>Modification and Amendment</u>. This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

12. <u>Proposed Dates in Appendix A</u>. The proposed dates and deadlines for the Settlement Agreement are set out further in the Settlement Calendar, attached as Appendix A of the Settlement Agreement, which is incorporated herein.

13. <u>Exhibits listed in Appendix B</u>. A complete list of Exhibits identified for the Settlement Agreement are attached as Appendix B of the Settlement Agreement, which is incorporated herein.

14. <u>Disputes Related to Settlement Agreement</u>. Any and all disputes arising out of or related to the Settlement or this Settlement Agreement must be brought by the Parties and/or each member of the Settlement Class exclusively in this Court. The Parties and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or related to the Settlement or this Agreement.


***Signatures on following page(s)***

23

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

CLARKSON LAW FIRM, P.C.

Ryan J. Clarkson
Yana Hart
Timothy K. Giordano
Bryan P. Thompson

*Interim Co-Lead Class Counsel*

COTCHETT, PITRE & MCCARTHY, LLP

Brian Danitz
Joseph W. Cotchett
Karin B. Swope
Elle D. Lewis
Caroline Yuen

*Interim Co-Lead Class Counsel*

KAPLAN, FOX & KILSHEIMER LLP

Laurence D. King
Frederic S. Fox
Matthew B. George
Clarissa Olivares

*Interim Co-Lead Class Counsel*

Emily Johnson Henn
Covington & Burling LLP
Counsel for the Defendant Apple Inc.

Heather Grenier
Vice President of Litigation, Apple Inc.
For the Defendant Apple Inc.

24

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Peter Landsheft

[Print Name]


[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     Michael Abata
_____

_____
[Signature]
PLAINTIFF

26

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:      Mark Adams
_____

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:  JACOB ANDERSON

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:      Lily Biagini
_____

*Lily Biagini*
_____
[Signature]
PLAINTIFF

29

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

**Jared Bukovich**

[Print Name]

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Ryan Bulcher

[Print Name]

*Ryan Bulcher*

[Signature]
PLAINTIFF

31

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Kyra Burke
       _____
       [Print Name]

       *Kyra Burke*
       Kyra Burke (Apr 15, 2026 18:38:01 EDT)
       _____
       [Signature]
       PLAINTIFF

32

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Tyshaun Butler
_____
[Print Name]

_____
[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By: _____

David Campos

[Print Name]

_____

Signed by:

867EBDA4E16D4E4...

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

Shaun Carroll

[Print Name]

[Signature]

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Marc Case

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     Esther Choi

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     JENNIFER CONWAY

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By: _____Russell Crafts_____
[Print Name]

_____
[Signature]
PLAINTIFF

39

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    **Kaitlyn DiFerdinando**

[Print Name]

[Signature]

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

## Scott Domek

[Print Name]

Signed by:

*Scott Domek*

34057BD1D8DF4A5...

[Signature]

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     Skyler V. Mamone Feldt
        [Print Name]

        *Skyler Vincent Mamone Feldt (Apr 15, 2026 16:07:58 MDT)*
        [Signature]
        PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Matthew Floyd

      [Print Name]


      [Signature]
      PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

**Drew Franklin**

[Print Name]

DocuSigned by:

*Drew Franklin*

[Signature]

PLAINTIFF

44

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    DAVID FREEMAN
[Print Name]

DocuSigned by:

DAVID FREEMAN
C17F11C83805404...
[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Clint Gammons
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[Print Name]


⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[Signature]
PLAINTIFF

46

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By: **Steven Geisel**

[Print Name]

DocuSigned by:

*Steven Geisel*

5F1D6E356FE5486...

[Signature]

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Kaitlin Goodman
_____
[Print Name]


*Kaitlin Goodman*
_____
[Signature]
PLAINTIFF

48

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Michael Gotschall
       _____
       [Print Name]


       _____
       [Signature]
       PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:  **Luke Graves**
_____
[Print Name]

Signed by:

*Luke Graves*
7335F3C973574F0...
_____
[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Christian Hackelman
_____

[Print Name]

*Christian Hackelman*
_____

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:  **Lloyd Hagemo**

[Print Name]

DocuSigned by:

*Lloyd Hagemo*

2C35789A23DA4C5...

[Signature]

PLAINTIFF

52

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    <u>Michael Hopkins</u>

_____
[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

**Kristopher Huggins**

[Print Name]

DocuSigned by:

A7CBAD1AEBF542E...

[Signature]
PLAINTIFF

54

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Mukesh Jethwani
_____
[Print Name]


_____
[Signature]
PLAINTIFF

55

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     **Matthew Karadsheh**

[Print Name]

DocuSigned by:

*Matthew Karadsheh*

63826F4617ED441...

[Signature]

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Jacob Kicha
_____
[Print Name]


_____
[Signature]
PLAINTIFF

57

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By: 

**Grace Kim**

[Print Name]

Signed by:

*Grace Kim*

F0975D445DDB4A3...

[Signature]

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Colton Lipchak
     [Print Name]

*Cotton Lipchak*
[Signature]
PLAINTIFF

59

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Nyrek Mason
_____
[Print Name]


_____
[Signature]
PLAINTIFF

60

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Connor McKee

[Print Name]

*Connor McKee*

[Signature]
PLAINTIFF

61

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     OLIVIA JOY MILTON
_____

_____

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    HUNTER MORGAN

[Signature]
PLAINTIFF

63

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    **Michael Murphy**

[Print Name]

DocuSigned by:

**Michael Murphy**

D8495EE6BC384CC...

[Signature]

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Mariah Nelson
       [Print Name]

       *Mariah Nelson*
       [Signature]
       PLAINTIFF

65

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     <u>Lauren Norman</u>
          [Print Name]

          _____

          [Signature]
          PLAINTIFF

66

Doc ID: 12cea03afe45530aa008b5100b942c1a037c8607

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     HENRIETTA OWUSU

[Signature]
PLAINTIFF

67

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    William Passmore

[Signature]
PLAINTIFF

68

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    David Ramirez

[Print Name]

[Signature]

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     Gary Rasmussen

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:  **SUSAN RIZZIO**
_____
[Print Name]

Signed by:

*SUSAN RIZZIO*
01E2D10B0DDA4D3...
[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Margot Robinson
_____
[Print Name]


*Margot Robinson*
_____
[Signature]
PLAINTIFF

72

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:  Orlando Roddy

[Print Name]

[Signature]
PLAINTIFF

73

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

Krystal I. Rodriguez

[Print Name]

Signed by:

3B2F0F27D0704F3...

[Signature]
PLAINTIFF

74

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:  Daniel Ruiz
      [Print Name]

      [Signature]
      PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

**MARY L RYAN**

[Print Name]

Signed by:

*Mary L Ryan*

7E74715E3FEC494...

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:  Jack Scalfani

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

[Print Name]

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

[Signature]

PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     <u>Kiana Schlessner</u>

[Print Name]

<u>Signed by:</u>

9AFE190AA5434D8...

[Signature]

PLAINTIFF

78

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Devon Simmons
       _____

       [Print Name]


       _____
       [Signature]
       PLAINTIFF

79

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By: **Colby J. Stafford**

[Print Name]

Signed by:

F086B33881CB4CA...

[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    _Frank Gray Stevenson Jr._

_____

[Signature]
PLAINTIFF

81

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

**Brooklyn Swanson**
_____
[Print Name]

Signed by:

_____
EB0100F08A43419...
[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

Christian Varbanovski

[Print Name]

Christian Varbanovski (Apr 21, 2026 15:59:11 EDT)

[Signature]

PLAINTIFF

83

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:     ___Derrick Wallace___
[Print Name]

[Signature]
PLAINTIFF

84

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    John Wells
       _____
       [Print Name]


       _____
       [Signature]
       PLAINTIFF

85

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Lindsey Williams
_____
[Print Name]


_____
[Signature]
PLAINTIFF

86

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:        Michael B. Wood
_____

_Mike Wood_
_____
[Signature]
PLAINTIFF

87

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:

**Ronald Zemke**
_____
[Print Name]

Signed by:
_Ron K Zemke_
1211DDE005F0432...
[Signature]
PLAINTIFF

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below (Plaintiff signatures to follow on separate pages):

By:    Taylor Oldfield-Zepeda

[Print Name]


[Signature]
PLAINTIFF

89

**APPENDIX A**

| EVENT | DATE | Referenced Paragraph |
|---|---|---|
| Last day for Defendant to provide Class Member Information to the Claims Administrator | 5 business days after entry of the Preliminary Approval Order | ¶F.3 |
| Settlement Funding (deadline to fund initial portion of non-reversionary cash settlement) | 30 calendar days after entry of the Preliminary Approval Order | ¶B.2.a |
| Notice Date (the date Claims Administrator must commence Class Notice) | 45 calendar days after Apple transmits the Settlement Member Class List to the Settlement Administrator | ¶20 |
| Motions for Attorneys' Fees, Reimbursement of Expenses, and Service Payments to be filed by Plaintiffs' Counsel | 35 calendar days before Claim/Objection/Exclusion Deadline | ¶G.2 |
| Claims Deadline (submission deadline for Claims) | 90 calendar days after the Notice Date | ¶4 |
| Objection Deadline (filing deadline for Objections) | 90 calendar days after the Notice Date | ¶21, D.3 |
| Exclusion Deadline (deadline to submit Opt-Outs) | 90 calendar days after the Notice Date | ¶21, E.3 |
| Exclusion List Deadline | 7 calendar days after the Claim/Objection/Exclusion Deadline | ¶E.5 |
| Claim Validation Deadline | 10 calendar days after Claim/Objection/Exclusion Deadline | ¶B.7 |
| Motion for Final Approval | 35 calendar days prior to the Final Approval Hearing | |
| Objector Counsel Appearance Deadline | 14 calendar days before Final Approval Hearing | ¶D.6 |
| Deadline to Respond to Objections | 7 calendar days prior to the Final Approval Hearing | ¶D.9 |

90

| Final Approval Hearing | At least 60 calendar days after Claim/Objection/Exclusion Deadline, or on such date as set by the Court | ¶13 |
|---|---|---|
| Class Counsel to provide executed Undertaking Regarding Attorneys' Fees and Expenses (Exhibit H) and all information necessary to effectuate payment of attorney's fees and expenses, including adequate payment instructions consisting of wire transfer instructions or instructions for payment by check, and completed Form W-9s | 2 business days after entry of Court's final order approving Attorney's Fees and Expenses Payment | ¶B.2.b |
| Payment to QSF of funds for Attorneys' Fees & Expenses Award to Class Counsel | 30 calendar days after entry of Court's final order approving Attorneys' Fees and Expenses Payment | ¶B.2.b |
| Payment of Attorneys' Fees and Expenses Award to Class Counsel | 2 business days after Apple's transfer of the Court-approved Attorneys' Fees and Expenses Payment to the QSF | ¶B.2.b |
| Payment to QSF any remaining Settlement Amount | 30 calendar days after Effective Date, or, in the event that an appeal is filed and pending, then within one (1) year from the entry of final approval order, whichever is earlier | ¶B.2.d |
| Payment of Claims | 60 calendar days after Effective Date | ¶B.8 |
| Payment of Service Awards | 60 calendar days after Effective Date | ¶G.1 |
| Deadline to Cash Settlement Checks | 120 calendar days after disbursement | ¶B.10 |
| Deadline for Request of Re-issuance of Settlement Checks | 150 calendar days after disbursement | ¶B.10 |

**APPENDIX B**

| EXHIBIT | DESCRIPTION | REFERENCED PARAGRAPH |
|---|---|---|
| A | Claim Form | ¶3 |
| B | Proposed Final Approval Order | ¶14 |
| C | Proposed Judgment | ¶15 |
| D | Long-Form Class Notice | ¶17, F.2, F.6 |
| E | Postcard Notice | ¶24, F.2, F.5.b |
| F | Email Notice | ¶12, F.2, F.5.a |
| G | Proposed Preliminary Approval Order | ¶26 |
| H | Proposed Stipulated Undertaking | ¶35, B.2.b |

# EXHIBIT A

Landsheft, et al. v. Apple Inc.
Settlement Administrator
P.O. Box 301132
Los Angeles CA, 90030-1132

## APLS

«Barcode»
Postal Service: Please do not mark barcode

APLS: ClaimID: «ClaimID»
PIN: «PIN»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE



*XXXX\*

LANDSHEFT, ET AL. V. APPLE INC.

Case No. 5:25-cv-02668

**Must Be Postmarked
No Later Than
XXXX**

# Claim Form

The Settlement will provide a cash payment if you owned an iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, or iPhone 16 Pro Max that you purchased between June 10, 2024 and March 29, 2025 in the United States.

You must fill out and submit a complete and accurate Claim Form below by [date]. If your Claim Form is incomplete, contains false information, or is not submitted by the deadline, your claim will be rejected and you will waive all rights to receive a payment under this Settlement. The information you provide will be treated as confidential and used for the purpose of this Settlement only.

## Step 1—INFORMATION REQUIRED FOR ALL CLAIMANTS

First Name                M.I.    Last Name

Primary Address

City                State    ZIP Code

Email Address

Area Code    Telephone Number (Home)        Area Code    Telephone Number (Work)



| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ DOC  ○ LC  ○ REV | ○ RED  ○ A  ○ B |

**Step 2—OTHER IDENTIFYING INFORMATION**

You can find your serial number on your iPhone in Settings > General > About. You can also check the barcode on your device's original packaging or refer to the original receipt or invoice. You are limited to one cash payment per eligible device. If you purchased more than one eligible device, you must fill out a separate Claim Form for each device.

iPhone Serial Number:

If you do not have your serial number, please provide the following information:

Apple Account email address:

Phone number for iPhone:

Please indicate your preferred method of payment. (Please select only one option.)

○ Digital Payment. If you prefer to receive a digital payment, you must submit your claim online at www.SmartphoneAISettlement.com.

○ Mailed Check. If I have submitted a valid claim, please send me a paper check at my mailing address above.

**Step 3—DECLARATION OF TRUTHFULNESS AND ACCURACY, SIGNATURE, & DATE**

I certify that I purchased my iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, or iPhone 16 Pro Max between June 10, 2024 and March 29, 2025 in the United States and at the time of purchase, I expected to receive a Siri Apple Intelligence feature and did not receive it. By signing below I certify that the information above is true and correct to the best of my knowledge and belief. I understand that my claim is subject to audit, review, and validation.

Signature: _____    Dated (mm/dd/yyyy): _____

Print Name: _____

**Please retain a copy of this Claim Form for your records.**



2

Landsheft, et al. v. Apple Inc.
Settlement Administrator
P.O. Box 301132
Los Angeles CA, 90030-1132

## APLS

«Barcode»
Postal Service: Please do not mark barcode

APLS: ClaimID: «ClaimID»
PIN: «PIN»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE



*XXXX\*

LANDSHEFT, ET AL. V. APPLE INC.

Case No. 5:25-cv-02668

**Must Be Postmarked
No Later Than
XXXX**

# Claim Form

The Settlement will provide a cash payment if you owned an iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, or iPhone 16 Pro Max that you purchased between June 10, 2024 and March 29, 2025 in the United States.

You must fill out and submit a complete and accurate Claim Form below by [date]. If your Claim Form is incomplete, contains false information, or is not submitted by the deadline, your claim will be rejected and you will waive all rights to receive a payment under this Settlement. The information you provide will be treated as confidential and used for the purpose of this Settlement only.

## Step 1—INFORMATION REQUIRED FOR ALL CLAIMANTS

First Name                              M.I.      Last Name

Entity Name

Primary Address

City                                              State      ZIP Code

Email Address

Area Code      Telephone Number (Home)          Area Code      Telephone Number (Work)



FOR CLAIMS
PROCESSING
ONLY      OB          CB

○ DOC        ○ RED
○ LC         ○ A
○ REV        ○ B

**Step 2—OTHER IDENTIFYING INFORMATION**

You can find your serial number on your iPhone in Settings > General > About. You can also check the barcode on your device's original packaging or refer to the original receipt or invoice. If you purchased multiple devices, please attach a list containing the iphone Serial Numbers, and/or Apple Account email addresses and Phone Numbers associated for each device.

iPhone Serial Number:

If you do not have your serial number, please provide the following information:

Apple Account email address:

Phone number for iPhone:

Please indicate your preferred method of payment. (Please select only one option.)

◯ Digital Payment. If you prefer to receive a digital payment, you must submit your claim online at www.SmartphoneAISettlement.com.

◯ Mailed Check. If I have submitted a valid claim, please send me a paper check at my mailing address above.

**Step 3—DECLARATION OF TRUTHFULNESS AND ACCURACY, SIGNATURE, & DATE**

I certify that the above-named entity purchased an iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, or iPhone 16 Pro Max between June 10, 2024 and March 29, 2025 in the United States and at the time of purchase, the above-named entity expected to receive a Siri Apple Intelligence feature and did not receive it. By signing below I certify that the information above is true and correct to the best of my knowledge and belief. I understand that my claim is subject to audit, review, and validation.

I am an authorized representative who is employed by the entity and has personal knowledge of the purchase of the eligible devices.

Signature: _____     Dated (mm/dd/yyyy): _____

Print Name: _____

**Please retain a copy of this Claim Form for your records.**



Home    Frequently Asked Questions    Documents    Contact Us    Important Dates and Deadlines

## File a Claim

### *What would you like to do?

○ I have a Claim ID and PIN and I would like to file a claim online.
○ I DO NOT have a claim number, but I would like to file a claim online.
○ I have a claim number and I would like to download a personalized claim form, print it out, and mail it in.
○ I DO NOT have a claim number, but I would like to download a personalized claim form, print it out, and mail it in.



Success!    CLOUDFLARE
Privacy · Help

Continue

## Select Form

○ I am filing this claim for myself (a person, not a business)
○ I am filing this claim on behalf of a business, company or other organization

Success!    CLOUDFLARE
Privacy · Help

Continue

# Claim Form

The Settlement will provide a cash payment if you purchased an iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, or iPhone 16 Pro Max that you purchased between June 10, 2024 and March 29, 2025 in the United States.

You must fill out and submit a complete and accurate Claim Form below by [date]. If your Claim Form is incomplete, contains false information, or is not submitted by the deadline, your claim will be rejected and you will waive all rights to receive a payment under this Settlement. The information you provide will be treated as confidential and used for the purpose of this Settlement only.

## INFORMATION REQUIRED FOR ALL CLAIMANTS

**Name: MR SMITH**

☑ Check this box if you wish to update your name

| *First Name | *Last Name |
|---|---|
|  |  |

## These are the serial numbers we have on record for you:

### Serial Numbers

C8QH6T96DPNG

*iPhone Serial Number

You can find your serial number on your iPhone in Settings > General > About. If you need additional assistance in locating your Serial Number, click here.

You are limited to one cash payment per eligible device. If you purchased more than one eligible device, you must fill out a separate Claim Form for each device.

☑ I do not have my serial number

Please provide the following information:

| *Apple Account ID | Phone Number for iPhone |
|---|---|
|  |  |

# PAYMENT METHOD

*Select one:

○ **Check**

If I have submitted a valid claim, please send me a paper check at my mailing address:

| *Current Address | Current Address Continued |
|---|---|
| | |

| *City | *Country |
|---|---|
| | UNITED STATES |

| *State | *Zip Code |
|---|---|
| Select | |

○ PayPal **P PayPal**

Click on the following button to log in to PayPal and verify your account:

**P Connect with PayPal**

*PayPal Email

○ Venmo **venmo**

Please provide either the email address or phone number linked to your Venmo account

○ Email  ○ Phone

○ I would like to receive my payment via ACH.

| *Routing Number: | *Confirm Routing Number: |
|---|---|
| ABA associated with the bank of the Claimant | ABA associated with the bank of the Claimant |

| *Bank Account Number: | *Confirm Bank Account Number: |
|---|---|
| Account number of the Claimant at their bank | Account number of the Claimant at their bank |

| *Bank Account Name: | *Account Type: |
|---|---|
| Name on the Claimant's Bank account | ○ Checking    ○ Savings |

## DECLARATION OF TRUTHFULNESS AND ACCURACY

I certify that I purchased my iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, or iPhone 16 Pro Max between June 10, 2024 and March 29, 2025 in the United States and at the time of purchase, I expected to receive a Siri Apple Intelligence feature and did not receive it.

By clicking "Submit Claim Form" I certify that the information above is true and correct to the best of my knowledge and belief. I understand that my claim is subject to audit, review, and validation.



Submit

Home    Frequently Asked Questions    Documents    Contact Us    Important Dates and Deadlines

## File a Claim
### *What would you like to do?

○ I have a Claim ID and PIN and I would like to file a claim online.
○ I DO NOT have a claim number, but I would like to file a claim online.
○ I have a claim number and I would like to download a personalized claim form, print it out, and mail it in.
○ I DO NOT have a claim number, but I would like to download a personalized claim form, print it out, and mail it in.

✓ Success!    CLOUDFLARE
Privacy • Help

Continue

# Select Form

○ I am filing this claim for myself (a person, not a business)
○ I am filing this claim on behalf of a business, company or other organization



✓ Success!    CLOUDFLARE
Privacy • Help

Continue

## Claim Form

The Settlement will provide a cash payment if you purchased an iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, or iPhone 16 Pro Max that you purchased between June 10, 2024 and March 29, 2025 in the United States.

You must fill out and submit a complete and accurate Claim Form below by [date]. If your Claim Form is incomplete, contains false information, or is not submitted by the deadline, your claim will be rejected and you will waive all rights to receive a payment under this Settlement. The information you provide will be treated as confidential and used for the purpose of this Settlement only.

To file on behalf of a company or organization for multiple devices, you must download and complete the Company Claim Eligibility Template before submitting this claim.

- Click the button below to download the template file.
- Enter all required information as indicated in the form.
- Save your completed file in .xlsx or .numbers format
- Upload this file to complete your submission.

**Download Template**

# Downloadable Template



| A | B | C |
|---|---|---|
| IphoneSerialNumbers | AppleAccountID | Phone number for Iphone |

# Upload Your Template

Choose File   No file chosen

# INFORMATION REQUIRED FOR ALL CLAIMANTS

**Entity Name: MR SMITH**

☑ Check this box if you wish to update your entity name

**\*Entity Name**

---

**\*Authorized Representative First Name**

**\*Authorized Representative Last Name**

These are the serial numbers we have on record for you:

| Serial Numbers |
|---|
| C8QH6T96DPNG |

## PAYMENT METHOD

If I have submitted a valid claim, please send me a paper check at my mailing address:

**\*Current Address**

**Current Address Continued**

**\*City**

**\*Country**

UNITED STATES

**\*State**

Select

**\*Zip Code**

○ I would like to receive my payment via ACH.

**\*Routing Number:**

ABA associated with the bank of the Claimant

**\*Confirm Routing Number:**

ABA associated with the bank of the Claimant

**\*Bank Account Number:**

Account number of the Claimant at their bank

**\*Confirm Bank Account Number:**

Account number of the Claimant at their bank

**\*Bank Account Name:**

Name on the Claimant's Bank account

**\*Account Type:**
○ Checking          ○ Savings

## DECLARATION OF TRUTHFULNESS AND ACCURACY

I certify that the above-named entity purchased an iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, or iPhone 16 Pro Max between June 10, 2024 and March 29, 2025 in the United States and at the time of purchase, the above-named entity expected to receive a Siri Apple Intelligence feature and did not receive it.

By clicking "Submit Claim Form" I certify that the information above is true and correct to the best of my knowledge and belief. I understand that my claim is subject to audit, review, and validation.

I am an authorized representative who is employed by the entity and has personal knowledge of the purchase of the eligible devices.



**Submit**

# EXHIBIT B

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER LANDSHEFT, individually, and on behalf of all others similarly situated, | Case No.:  5:25-cv-02668-NW |
| Plaintiffs, | **CONSOLIDATED CLASS ACTION** |
| v. | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| APPLE INC., | |
| Defendant. | |

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Peter Landsheft, Michael J. Abata, Mark Adams, Jacob Anderson, Lily Biagini, Jared Bukovich, Ryan Bulcher, Kyra Burke, Tyshaun Butler, David Campos, Shaun Carroll, Marc Case, Esther Choi, Jennifer Conway, Russell Crafts, Kaitlyn DiFerdinando, Scott Domek, Skyler Vincent Momone Feldt, Matthew Floyd, Drew Franklin, David Freeman, Clint Gammons, Steven Geisel, Kaitlin Goodman, Michael D. Gotschall, Luke Graves, Christian Hackelman, Lloyd Hagemo, Michael Hopkins, Kristopher Huggins, Mukesh Jethwani, Matthew Karadsheh, Jacob Kicha, Grace Kim, Colton Lipchak, Nyrek Mason, Connor McKee, Olivia Mitton, Hunter Morgan, Michael Murphy, Mariah L. Nelson, Lauren Norman, Henrietta Owusu, William Passmore, David Ramirez, Gary Rasmussen, Susan Rizzio, Margot Robinson, Orlando Roddy, Krystal Rodriguez, Daniel Ruiz, Mary Ryan, Jack Scalfani, Kiana Schlessner, Devon Simmons, Colby Stafford, Frank Gray Stevenson, Jr, Brooklyn Swanson, Christian Varbanovski, Derrick Wallace, John Wells, Lindsey Williams, Michael Wood, Ronald Zemke, Taylor E. Oldfield-Zepeda ("Plaintiffs" or "Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendant Apple, Inc. ("Defendant" or "Apple," and collectively with Plaintiffs, "the Parties") entered into a Settlement Agreement proposing a settlement of this Consolidated Action and its dismissal with prejudice. Settlement Agreement, ECF No. [___]. Thereafter, on _____, _____, this Court granted Plaintiffs' Motion for Preliminary Approval of Class Action. ECF No. [____]. Before the Court now is Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") ECF No. [___] and Plaintiffs' Motion for Attorneys' Fees and Expenses ECF No. [___].

Due and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings that took place herein, and good cause appearing therefore, the Court, hereby GRANTS the Motion for Final Approval and ORDERS as follows:

1. **Incorporation of Other Documents**. The Settlement Agreement, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

2.    **Jurisdiction**. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

The Nationwide Class is defined as:

Purchasers of the Eligible Devices (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) who reside in the United States and purchased an Eligible Device in the United States for purposes other than resale, during the Class Period (June 10, 2024, to March 29, 2025).

Excluded from the Class are Apple Inc. ("Apple"); any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate family members and those who timely excluded themselves from the Settlement as referenced in ¶ 10(b).

3.    **Class Certification**. The Court finds and determines that the Settlement Class, as defined in the Settlement Agreement and above, meets all of the legal requirements for class certification for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3), and it is hereby ordered that the Settlement Class is finally certified for settlement purposes.

4.    For settlement purposes only, the Court finds as to the Settlement Class satisfies all prerequisites for a class action certification under Fed. R. Civ. P. 23(a) and (b)(3) with respect to all aspects of the Settlement that the:

a.  The Settlement Class is so numerous that joinder of all members is impracticable;

b.  There are questions of law or fact common to the Settlement Class;

c.  The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class;

d.  The Settlement Class Representatives have fairly and adequately protected the interests of the Settlement Class and are, therefore, appointed as Settlement Class Representatives;

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

e.  Class Counsel have fairly and adequately protected the interests of the Settlement Class and are qualified to represent the Settlement Class and are, therefore, appointed as Class Counsel;

f.  The questions of law and fact common to the Settlement Class predominate over the questions affecting only individual members; and

g.  A class action is superior to other available methods for fairly and efficiently adjudicating the controversy

5.  **Adequate Representation**. The Court orders that Settlement Class Representatives Peter Landsheft, Michael J. Abata, Mark Adams, Jacob Anderson, Lily Biagini, Jared Bukovich, Ryan Bulcher, Kyra Burke, Tyshaun Butler, David Campos, Shaun Carroll, Marc Case, Esther Choi, Jennifer Conway, Russell Crafts, Kaitlyn DiFerdinando, Scott Domek, Skyler Vincent Momone Feldt, Matthew Floyd, Drew Franklin, David Freeman, Clint Gammons, Steven Geisel, Kaitlin Goodman, Michael D. Gotschall, Luke Graves, Christian Hackelman, Lloyd Hagemo, Michael Hopkins, Kristopher Huggins, Mukesh Jethwani, Matthew Karadsheh, Jacob Kicha, Grace Kim, Colton Lipchak, Nyrek Mason, Connor McKee, Olivia Mitton, Hunter Morgan, Michael Murphy, Mariah L. Nelson, Lauren Norman, Henrietta Owusu, William Passmore, David Ramirez, Gary Rasmussen, Susan Rizzio, Margot Robinson, Orlando Roddy, Krystal Rodriguez, Daniel Ruiz, Mary Ryan, Jack Scalfani, Kiana Schlessner, Devon Simmons, Colby Stafford, Frank Gray Stevenson, Jr, Brooklyn Swanson, Christian Varbanovski, Derrick Wallace, John Wells, Lindsey Williams, Michael Wood, Ronald Zemke, Taylor E. Oldfield-Zepeda are appointed as the Settlement Class Representatives.

The Court also orders that Ryan J. Clarkson of Clarkson Law Firm, P.C.; Brian Danitz of Cotchett, Pitre & McCarthy, LLP.; and Laurence D. King of Kaplan Fox & Kilsheimer LLP are appointed as Class Counsel. The Court finds that the Settlement Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Fed. R. Civ. P. 23.

6.  **Arms-Length Negotiations**. The Court finds that the proposed Settlement is fair, reasonable, and adequate based on the value of the Settlement, and the relative risks and benefits of

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

further litigation. The Settlement was arrived at after sufficient investigation and discovery and was based on arms-length negotiations, including three full-day mediation sessions.

7.    **Settlement Class Notice**. The Court directed that notice be given to Settlement Class Members by e-mail, mail, and/or other means pursuant to the notice program proposed by the Parties in the Settlement and approved by the Court. The declaration from Settlement Administrator Verita Global, LLC attesting to the dissemination of notice to the Settlement Class demonstrates compliance with this Court's Order Granting Preliminary Approval of Class Settlement. The notice program set forth in the Settlement successfully advised Settlement Class Members of the terms of the Settlement, the Final Approval Hearing, and their right to appear at such hearing; their rights to remain in or exclude themselves from the Settlement Class and to object to the Settlement; the procedures for exercising such rights; and the binding effect of the Judgment herein.

8.    The Court finds that distribution of the Notice constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all members of the Settlement Class. The Court finds that such notice complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable laws. The Notice informed the Settlement Class of: (1) the terms of the Settlement; (2) their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement; (3) their right to request exclusion from the Settlement Class and the Settlement; and (4) the location and date set for the final approval hearing. Adequate periods of time were provided by each of these procedures.

9.    The Court finds and determines that the notice procedure carried out by Verita Global, LLC, afforded adequate protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of the Settlement Class Members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process.

10.    **Settlement Class Response**. A total of _____ Settlement Class Members submitted Approved Claims, and there have been ____ Objections to the Settlement (defined below) and ____ Requests for Exclusion.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

a.  [After careful consideration, the Court hereby overrules Objector X's Objection for the reasons stated on the record.]/[No Objections were received to the Settlement. This positive reaction by the Settlement Class demonstrates the strength of the Settlement.]

b.  [The Court also hereby orders that each of the individuals appearing on the list annexed hereto as Exhibit A who submitted valid Requests for Exclusion are excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.]

12.  **Final Settlement Approval**. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"), including but not limited to all releases contained within the Settlement Agreement, and finds that the terms constituted, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Fed. R. Civ. P. 23 and direct consummation pursuant to its terms and conditions.

13.  The Court finds that the Settlement provides meaningful monetary benefits to the Settlement Class as Defendant has agreed to provide cash benefits from a gross Settlement Fund of $250,000,000.00.

14.  The Court finds that the Settlement is fair when compared to the strength of Plaintiffs' case, Defendant's defenses, the risks and time involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

15.  The Court finds that the Parties conducted extensive investigation and research, and that their attorneys were able to fairly and reasonably evaluate their respective positions.

16.  The Court finds that Class Counsel has extensive experience acting as counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight.

17.  The Court hereby grants final approval of the Settlement and orders the payment of those amounts to be made to the Settlement Class Members in accordance with the terms of the Settlement Agreement. The Court finds and determines that the Per-Device Payments to be paid to each Settlement Class Member who submitted a timely claim, as provided for by the Settlement, are fair and reasonable.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

18. The Court further finds that the Settlement Class's reaction to the settlement weighs in favor of granting Final Approval of the Settlement.

19. The Settlement is not an admission of liability by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

20. **Attorneys' Fees and Costs; Service Awards**. The Court approves payment of attorneys' fees to Class Counsel in the amount of $_____ plus their expenses and costs of $_____. This amount shall be paid from the Qualified Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, finds the award of attorneys' fees and costs fair, adequate, and reasonable, and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek an award of attorneys' fees, expenses, and costs, and the maximum amount they would seek.

21. In making this award of attorneys' fees and costs, the Court has further considered and found that:

    a. The Settlement Agreement created a $250,000,000.00 non-reversionary Qualified Settlement Fund for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement, and out of which class administration costs, attorneys' fees, expenses, costs, and service awards, and any other settlement benefits would be paid;

    b. Settlement Class Members who submitted valid claims will obtain a monetary benefit from the efforts of the Class Counsel and the Settlement Class Representatives;

    c. The fee sought by the Class Counsel is fair and reasonable and based on the fees incurred by Class Counsel;

    d. Class Counsel have prosecuted the action with skill, perseverance, and diligence, as reflected by the Settlement Fund, and the positive reaction to the Settlement Agreement by the Settlement Class;

e.  This Action involved complex factual and legal issues that were extensively researched and developed by the Class Counsel;

f.  Class Counsel's rates are fair, reasonable, and consistent with rates accepted within this jurisdiction for complex consumer class action litigation;

g.  Had the Settlement not been achieved, a significant risk existed that Plaintiffs and the Settlement Class Members may have recovered significantly less or nothing from Defendant; and,

h.  The amount of attorneys' fees awarded and expenses reimbursed are appropriate to the specific circumstances of this action.

24.  Defendant shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Class Representative or Settlement Class Member in connection with the Action beyond those expressly provided in the Settlement Agreement.

25.  The attorneys' fees and costs set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

26.  The Court approves the Service Award payments of $2,000.00 to each Settlement Class Representative, and finds such amounts to be reasonable in light of the services performed by the Settlement Class Representatives for the benefit of the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. This Service Award is justified by: (1) the risks the Settlement Class Representatives faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this action by the Settlement Class Representatives; and (3) the benefits the Settlement Class Representatives helped obtain for the Settlement Class Members under the Settlement.

27.  The Court finds that the Settlement Administrator, Verita Global, LLC, is entitled to recover costs in the amount of $_____ for settlement administration.

28.  **Dismissal.** The Action is hereby DISMISSED WITH PREJUDICE, on the merits, by Plaintiffs and all Settlement Class Members as against Defendant on the terms and conditions set forth in the Settlement Agreement without costs to any party, except as expressly provided for in the Settlement Agreement.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

29. **Release**. Upon the Effective Date as defined in the Settlement Agreement, the Settlement Class Members shall be deemed to have, and by operation of the Judgment herein shall have, unconditionally, fully, and finally released and forever discharged the Released Persons from all Released Claims as detailed in the Settlement Agreement.

30. **Injunction Against Released Claims.** Each and every Settlement Class Member shall be enjoined from prosecuting, respectively, the Plaintiffs' Released Claims and the Released Class Claims, in any proceeding in any forum against any of the Released Persons or based on any actions taken by any Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

31. **No Admission of Liability.** The Settlement Agreement and any and all negotiations, documents, discussions and actions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability, wrongdoing or omission by Defendant, or the truth of any of the claims before any court, administrative agency, arbitral forum or other tribunal. Evidence relating to the Agreement will not be discoverable or admissible, directly or indirectly, in any way, whether in this Action or in any other action or proceeding before any court, administrative agency, arbitral forum or other tribunal, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, or this Order.

32. **Findings for Purposes of Settlement Only**. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

33. **Effect of Termination or Reversal**. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

34. **Settlement as Defense.** In the event that any provision of the Settlement or this Final Order of Dismissal is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement and are ordered in aid of this Court's jurisdiction and to protect its judgment.

35. **Retention of Jurisdiction.** Without affecting the finality of the Judgment and Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

36. Nothing in this Order shall preclude any action before this Court to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant make payments to participating Settlement Class Members in accordance with the Settlement.

37. The Parties and the Settlement Administrator will comply with all obligations under the Settlement Agreement until the Settlement is fully and finally administered.

38. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Court.

39. **Entry of Judgment.** The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment ("Judgment") should be entered and that there is no just

reason for delay in the entry of the Judgment, as Final Judgment, as to Plaintiffs, the Settlement Class Members, and Defendant.

IT IS SO ORDERED.

Dated: _____

                                     _____
                                     HON. NOËL WISE
                                     UNITED STATES DISTRICT JUDGE

# EXHIBIT C

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER LANDSHEFT, individually, and on behalf of all others similarly situated, | Case No.:  5:25-cv-02668-NW |
| Plaintiffs, | **CONSOLIDATED CLASS ACTION** |
| v. | **[PROPOSED] FINAL JUDGMENT** |
| APPLE INC., | |
| Defendant. | |

5:25-cv-02668-NW

**[PROPOSED] FINAL JUDGMENT**

For the reasons set forth in this Court's Final Approval Order, in the above-captioned matter as to the following class of persons:

> Purchasers of the Eligible Devices (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) who reside in the United States and purchased an Eligible Device in the United States for purposes other than resale, during the Class Period (June 10, 2024, to March 29, 2025).

Excluded from the Class are Apple Inc. ("Apple"); any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate family members, and those who timely excluded themselves from the Settlement as referenced in ¶ 10(b) of the Final Approval Order.

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the above-specified class of persons and entities, Plaintiffs Peter Landsheft, Michael J. Abata, Mark Adams, Jacob Anderson, Lily Biagini, Jared Bukovich, Ryan Bulcher, Kyra Burke, Tyshaun Butler, David Campos, Shaun Carroll,  Marc Case, Esther Choi, Jennifer Conway, Russell Crafts, Kaitlyn DiFerdinando, Scott Domek, Skyler Vincent Momone Feldt, Matthew Floyd, Drew Franklin, David Freeman, Clint Gammons, Steven Geisel, Kaitlin Goodman, Michael D. Gotschall, Luke Graves, Christian Hackelman, Lloyd Hagemo, Michael Hopkins, Kristopher Huggins, Mukesh Jethwani, Matthew Karadsheh, Jacob Kicha, Grace Kim, , Colton Lipchak, Nyrek Mason, Connor McKee, Olivia Mitton, Hunter Morgan, Michael Murphy, Mariah L. Nelson, Lauren Norman, Henrietta Owusu, William Passmore,  David Ramirez, Gary Rasmussen, Susan Rizzio, Margot Robinson, Orlando Roddy, Krystal Rodriguez, Daniel Ruiz, Mary Ryan, Jack Scalfani, Kiana Schlessner, Devon Simmons, Colby Stafford, Frank Gray Stevenson, Jr, Brooklyn Swanson, Christian Varbanovski, Derrick Wallace, John Wells, Lindsey Williams, Michael Wood, Ronald Zemke, Taylor E. Oldfield-Zepeda (collectively "Plaintiffs") and Defendant Apple Inc.  ("Defendant") on the terms and conditions of the Class Action Settlement Agreement (the "Settlement Agreement") approved by the Court's Final Approval Order, dated _____. ECF No. [__].

1. The Court, for purposes of this Final Judgment, adopts the terms and definitions set

forth in the Settlement Agreement (filed at ECF No. ___) and incorporated into the Final Approval Order.

2.    All Released Claims of the Settlement Class Members are hereby released as against Defendant and the Released Persons, as defined in the Settlement Agreement.

3.    The claims of Plaintiffs and the Settlement Class Members are dismissed with prejudice in accordance with the Court's Final Approval Order.

4.    The Parties shall bear their own costs and attorneys' fees, except as set forth in the Final Approval Order.

5.    This Judgment adopts and incorporates the reasonable attorneys' fees, costs, and service awards as set forth in the Final Approval Order.

6.    This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

7.    The Court finds, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and that there is no just reason for delay in the entry of this Final Judgment as to Plaintiffs, the Settlement Class Members, and Defendant. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

**JUDGMENT ENTERED** this _____        .

_____
HON. NOËL WISE
UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL JUDGMENT

# EXHIBIT D



## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this Notice. This is not a solicitation from a lawyer.*

---

**If you purchased an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max between June 10, 2024 and March 29, 2025, you should read this Notice as it may impact your legal rights.**

- A settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit brought on behalf of purchasers who alleged that they purchased certain iPhone devices expecting to receive certain Siri Apple Intelligence features that they allegedly did not receive. Apple denies all of the allegations made in the lawsuit and denies that Apple did anything improper or unlawful. The proposed Settlement is not an admission of guilt or wrongdoing of any kind by Apple.

- The Settlement provides for a $250 million Total Settlement Amount out of which payments will be made to Settlement Class Members who are purchasers of an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max (collectively, "Eligible Devices") who reside in the United States and purchased an Eligible Device in the United States for purposes other than resale between June 10, 2024, and March 29, 2025. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; and Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate family members.

- If you believe you are a Settlement Class Member, you must submit a valid Claim Form to get a payment from the Settlement. Settlement Class Members may submit a claim for each Eligible Device they claim to have purchased in the United States between June 10, 2024, and March 29, 2025, and must also confirm that, at the time of their purchase(s), they expected to receive certain Siri Apple Intelligence features that they did not receive. Settlement Class Members who submit valid claims shall receive a payment of $25 per Eligible Device. The payment amount may be increased pro rata, up to a maximum of $95 per Eligible Device, or decreased pro rata depending on the total number of valid claims submitted and Eligible Devices claimed, as well as the amount of any attorneys' fees or Service Awards awarded by the Court and notice and administrative costs. The final amount you may receive will not be known until all claims are evaluated. Please see the information in this Notice concerning payments.

- If you believe you are a member of the Settlement Class, you may make a claim by going to **www.SmartphoneAISettlement.com** and following the instructions on how to submit a Claim Form.

- You can also opt out of or object to the Settlement.

- Your rights are affected whether you act or don't act. Please read this Notice carefully.

1

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | |
|---|---|---|
| **Option** | **Explanation** | **Deadline** |
| Stay in the Settlement Class, File a Claim Form, and Receive a Payment | If you received an email or postcard notifying you that you may be a member of the Settlement Class, or you believe that you are a member of the Settlement Class, you must submit a valid Claim Form to receive a Class Payment. The Claim Form requires that you provide your current contact information and confirm the following: (a) you purchased an Eligible Device and you expected to receive certain Siri Apple Intelligence features on your device at the time of purchase, which you did not; (b) you purchased an Eligible Device between June 10, 2024, and March 29, 2025; and (c) information sufficient to confirm the your purchase of the Eligible Device. This is the only way to get a payment. By receiving a payment, Settlement Class Members will give up rights and be bound by the Settlement. | [DATE] |
| Exclude Yourself | Get no payment. This is the only option that allows you to keep your right to bring any other claim against Apple arising out of or related to the claims in this case. You may only request exclusion for yourself. No member of the Settlement Class (or any other person) may request exclusion from the Settlement Class for anyone but himself, herself, or themself unless the Settlement Class Member is a minor or entity, in which case an authorized representative may request exclusion only on behalf of the minor or entity he or she represents. Group opt outs, including "mass" or "class" opt outs, are prohibited. | [DATE] |
| Comment On or Object to the Settlement and/or Attend a Hearing | You can write to the Court about why you like or do not like the Settlement. You cannot ask the Court to order a larger settlement. | [DATE] |
| Do Nothing | Give up rights and be bound by the Settlement. | |

- These rights and options–**and the deadlines to exercise them**–are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.

**WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION** ....................................................................................................................... **4**

    1.       Why did I get this Notice? ............................................................................................ 4

    2.       What is this lawsuit about? .......................................................................................... 4

    3.       What is a class action? ................................................................................................. 4

    4.       Why is there a Settlement? ........................................................................................... 4

**WHO IS IN THE SETTLEMENT?** ...................................................................................................... **4**

    5.       Who is in the Settlement? ............................................................................................. 4

    6.       What should I do if I am still not sure whether I am included? .................................... 4

**THE SETTLEMENT BENEFITS** ......................................................................................................... **5**

    7.       What does the Settlement provide? ............................................................................... 5

    8.       Who can get money from the Settlement, and how much? ........................................... 5

    9.       What am I giving up if I stay in the Class? ................................................................... 5

**HOW TO GET A PAYMENT** ............................................................................................................... **5**

    10.      How can I get a payment? ............................................................................................ 5

    11.      When will I get my payment? ....................................................................................... 5

    12.      How can I verify or update my mailing address? ......................................................... 5

**THE LAWYERS REPRESENTING THE CLASS** ............................................................................. **5**

    13.      Do I have a lawyer in the case? .................................................................................... 5

    14.      Should I get my own lawyer? ....................................................................................... 5

    15.      How will the lawyers be paid? ...................................................................................... 6

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................................. **6**

    16.      How do I get out of the Settlement? ............................................................................. 6

    17.      If I don't opt out, can I sue Apple for the same thing later? ........................................ 6

    18.      What happens if I opt out? ............................................................................................ 6

**OBJECTING TO THE SETTLEMENT** .............................................................................................. **6**

    19.      How do I tell the Court if I do not like the Settlement? ............................................... 6

    20.      What is the difference between objection and exclusion? ............................................ 7

**THE COURT'S FINAL APPROVAL HEARING** ............................................................................... **7**

    21.      When and where will the Court decide whether to approve the Settlement? ................ 7

    22.      Do I have to come to the Final Approval Hearing? ...................................................... 7

    23.      May I speak at the hearing? .......................................................................................... 7

**IF I DO NOTHING** ................................................................................................................................ **8**

    24.      What happens if I do nothing at all? ............................................................................. 8

**GETTING MORE INFORMATION** .................................................................................................... **8**

    25.      Are more details about the Settlement available? ........................................................ 8

    26.      How do I get more information? ................................................................................... 8

**QUESTIONS?  CALL 1-888-988-8945 OR VISIT WWW.SMARTPHONEAISETTLEMENT.COM**

**BASIC INFORMATION**

| 1. | Why did I get this Notice? |
|---|---|

A court authorized this Notice because purchasers of Eligible Devices have the right to know about a legal settlement. If you qualify as a Settlement Class Member, you can get a payment.

**To find out if you qualify, see Questions 5-6 below.**

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge Noël Wise of the United States District Court for the Northern District of California is in charge of this case and will decide whether to approve the Settlement. The case is entitled *Landsheft, et al. v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.). PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

If you have questions about the Settlement, you can visit the website **www.SmartphoneAISettlement.com**, call toll-free 1-888-988-8945 or write to the Settlement Administrator at the address below for more information.

*Landsheft, et al. v. Apple Inc.*
Settlement Administrator
P.O. Box 301132
Los Angeles CA, 90030-1132

| 2. | What is this lawsuit about? |
|---|---|

Plaintiffs allege that purchasers of iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, and iPhone 15 Pro Max devices were harmed by Apple's alleged failure to timely deliver certain Apple Intelligence features and brought claims including alleged violations of various states' consumer protection laws. Apple denies all of the allegations made in the lawsuit and denies that Apple did anything improper or unlawful. Apple asserts numerous defenses to the claims in this case. The proposed settlement to resolve this case is not an admission of guilt or wrongdoing of any kind by Apple.

| 3. | What is a class action? |
|---|---|

In a class action, one or more individuals and/or entities called "class representatives" sue on behalf of themselves and other individuals and/or entities who have similar claims. This group of individuals and/or entities is called the "class," and the individuals and/or entities in the class are called "class members." One court resolves the issues for all class members, except for people who exclude themselves from the class.

| 4. | Why is there a Settlement? |
|---|---|

The Court did not decide in favor of the Plaintiffs or Apple. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and the allegedly affected Settlement Class Members can get benefits or compensation. The Class Representatives and their attorneys think the Settlement is best for the Class.

**WHO IS IN THE SETTLEMENT?**

| 5. | Who is in the Settlement? |
|---|---|

The Settlement Class includes all purchasers of an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max (collectively, "Eligible Devices") who reside in the United States and purchased an Eligible Device in the United States for purposes other than resale between June 10, 2024, and March 29, 2025. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; and Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate family members. The "Class Period" is June 10, 2024, to March 29, 2025.

| 6. | What should I do if I am still not sure whether I am included? |
|---|---|

If you are still not sure whether you are included in the Settlement Class, you can visit the website **www.SmartphoneAISettlement.com**, call toll-free 1-888-988-8945, or write to the Settlement Administrator at the address below for more information.

*Landsheft, et al. v. Apple Inc.*
Settlement Administrator
P.O. Box 301132
Los Angeles CA, 90030-1132

**THE SETTLEMENT BENEFITS**

| 7. | **What does the Settlement provide?** |
|---|---|

Apple will pay $250 million into a settlement fund. After deduction of the costs of notice and settlement administration, taxes, any award of attorneys' fees, litigation costs, and any Service Awards for the Class Representatives, the funds will be distributed to Settlement Class Members in accordance with a plan of allocation that accounts for the number of valid claims submitted by the Settlement Class Members. The plan of allocation is described in detail in the Settlement Agreement available at **www.SmartphoneAISettlement.com**.

We will not know the final amounts each Settlement Class Member will receive until the Settlement Administrator determines the total number of eligible Settlement Class Members who personally submitted valid claims.

| 8. | **Who can get money from the Settlement, and how much?** |
|---|---|

Settlement Class Members must submit a valid Claim Form to receive payment from the Settlement. Settlement Class Members who submit valid claims shall receive a cash payment of $25 per device, which may be adjusted up or down with a maximum payment of $95 per device. The payment amount may be increased or decreased pro rata depending on the total number of valid claims submitted and Eligible Devices claimed, as well as the amount of any attorneys' fees or Service Awards awarded by the Court and notice and administrative costs.

The final amount you may receive will not be known until all claims are evaluated. The plan of allocation is described in detail in the Settlement Agreement available at **www.SmartphoneAISettlement.com**.

| 9. | **What am I giving up if I stay in the Class?** |
|---|---|

Unless you exclude yourself with an opt-out request (*see* Question 16), you <u>cannot</u> sue, continue to sue, or be part of any other lawsuit against Apple based on, arising out of, or related to the claims in this case. The "Releases" section in the Settlement Agreement describes the legal claims that you give up if you remain a Settlement Class Member. The Settlement Agreement can be viewed at **www.SmartphoneAISettlement.com**.

**HOW TO GET A PAYMENT**

| 10. | **How can I get a payment?** |
|---|---|

In order to receive a payment, you must personally complete and submit a valid Claim Form by [**DATE**]. You can submit a claim for each Eligible Device. The Claim Form requires that you provide your current contact information and confirm the following: (a) you purchased an Eligible Device and you expected at the time of purchase to receive certain Siri Apple Intelligence features on your device, which you did not; (b) you purchased an Eligible Device between June 10, 2024, and March 29, 2025; and (c) information sufficient to confirm your purchase and/or ownership of the Eligible Device.

You can access the Claim Form on **www.SmartphoneAISettlement.com**. If you believe you are a member of the Settlement Class, you may make a claim by going to **www.SmartphoneAISettlement.com** and following the instructions on how to submit a Claim Form. You may elect to receive payment by physical check or digital check. If you do not personally complete and submit a valid Claim Form, you will not receive a payment.

| 11. | **When will I get my payment?** |
|---|---|

The Court will hold a hearing on **_____, 2026, at __:__ _.m.** (the "Final Approval Hearing"), to decide whether to approve the Settlement. The Court may move the Final Approval Hearing to a different date or time without providing further Notice to the Class. The date and time of the Final Approval Hearing can be confirmed at **www.SmartphoneAISettlement.com**. If the Settlement is approved, there may be appeals. The appeal process can take time. If there is no appeal, your settlement benefit will be processed promptly. Please be patient.

Updates regarding the Settlement and when payments will be made will be posted at **www.SmartphoneAISettlement.com**.

| 12. | **How can I verify or update my mailing address?** |
|---|---|

See Question 10, above.

**THE LAWYERS REPRESENTING THE CLASS**

| 13. | **Do I have a lawyer in the case?** |
|---|---|

Yes. The Court appointed Clarkson Law Firm, P.C., Kaplan Fox & Kilsheimer LLP, and Cotchett, Pitre & McCarthy, LLP to represent you and the other Class Members. These firms are called Class Counsel. You will not be charged for their services.

| 14. | **Should I get my own lawyer?** |
|---|---|

You do not need to hire your own lawyer, as Class Counsel is working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in Court if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

5

| 15. | How will the lawyers be paid? |
|---|---|

Plaintiffs' Counsel will ask the Court for an award of reasonable attorneys' fees and litigation expenses, and for Service Awards to the Class Representatives of up to $2,000 each. The Court will determine these amounts. All of these amounts, as well as the costs associated with notice and administering the Settlement, will be paid from the $250 million Total Settlement Amount.

A copy of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and for Class Representative Service Awards will be available at **www.SmartphoneAISettlement.com** by [**DATE**].

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement and you want to keep your right, if any, to sue Apple on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from–or "opting out" of–the Settlement Class.

| 16. | How do I get out of the Settlement? |
|---|---|

To request to be excluded from the Settlement, you must timely submit an individual written request for exclusion to the Settlement Administrator by mailing your Request for Exclusion to:

*Landsheft, et al. v. Apple Inc.*
Settlement Administrator
P.O. Box 301132
Los Angeles CA, 90030-1132

You may submit a Request for Exclusion only on your own behalf. No member of the Settlement Class (or any other person) may request exclusion from the Settlement Class for anyone but himself, herself, or themself unless the Settlement Class Member is a minor or entity, in which case an authorized representative may request exclusion only on behalf of the minor or entity he or she represents. Group opt outs, including "mass" or "class" opt outs, are prohibited.

Your Request for Exclusion must:

- Include the case name and number: *Landsheft, et al. v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.);

- Include your full name, address, and telephone number;

- Be personally signed and dated by you; and

- Contain a clear request that you would like to "opt out" or be excluded, by use of those or other words clearly indicating a desire not to participate in the Settlement.

Requests for Exclusion must be postmarked no later than [**DATE**].

| 17. | If I don't opt out, can I sue Apple for the same thing later? |
|---|---|

No. Unless you opt out, you give up the right to bring any other claim against Apple based on, arising out of, or related to the claims in this case. You must exclude yourself from the Class if you want to try to pursue your own lawsuit.

| 18. | What happens if I opt out? |
|---|---|

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the Settlement; you will not receive any payment as part of the Settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue on any claims against Apple based on, arising out of, or related to the claims in this case at your own expense. If a Settlement Class Member submits both a Claim Form and a timely request for exclusion, the exclusion shall take precedence and be considered valid and binding unless it is withdrawn.

## OBJECTING TO THE SETTLEMENT

| 19. | How do I tell the Court if I do not like the Settlement? |
|---|---|

If you are a member of the Settlement Class and do not opt out of the Settlement, you can ask the Court to deny approval of the Settlement by filing an objection. You can also object to the requested award of attorneys' fees and expenses to Plaintiffs' Counsel or Service Awards to the Class Representatives. The Court will consider your views. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may (but are not required to) appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

To object, you must file a document with the Court saying that you object to the proposed Settlement in *Landsheft, et al. v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.). Be sure to include:

- Your full name, mailing address, telephone number, email address, and signature. If you are represented by counsel, you must include your counsel's name, mailing address, email address, and telephone number.

- The case name and number: *Landsheft, et al. v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.).

- Information sufficient to verify that you are a member of the Settlement Class.

- A detailed statement of your objection, including all the grounds for the objection together with any evidence that you think supports it.

- A statement whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class.

- A list of all cases in which you or your counsel have filed an objection within the past five years.

- A statement whether you or your counsel intends to speak at the Final Approval Hearing.

You can file the objection electronically at https://ecf.cand.uscourts.gov/, file the objection in person at any location of the United States District Court for the Northern District of California, or mail the objection by First Class U.S. Mail, so that it is submitted electronically or postmarked no later than **[DATE]**, to the following address:

Clerk of Court
U.S. District Court for the Northern District of California
Robert F. Peckham Federal Building & United States Courthouse
280 South 1st Street
San Jose, CA 95113
Case No. 5:25-cv-02668-NW

If you do not mail or electronically file the objection, you must have it delivered in person to the above address no later than **[DATE]**.

## 20.    What is the difference between objection and exclusion?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and telling the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you. You cannot both opt out <u>and</u> object to the Settlement.

**THE COURT'S FINAL APPROVAL HEARING**

## 21.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **_____, 2026, at __:__ _.m.** at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, Courtroom 3 – 5th Floor, San Jose, CA 95113.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to Settlement Class Members who have asked to speak at the hearing.

The Court may also decide how much Class Counsel should receive in attorneys' fees and expense reimbursements and the Class Representatives should receive in Service Awards. After the hearing, the Court will decide whether to approve the Settlement.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. The date of the Final Approval Hearing may change without further notice to Class Members. Be sure to check the website, **www.SmartphoneAISettlement.com** for news of any such changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

## 22.    Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

## 23.    May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include a statement in your written objection (*see* Question 19) that you intend to appear at the hearing. Be sure to include your name, address, and signature as well.

You cannot speak at the hearing if you exclude yourself from the Class.

7

**QUESTIONS?  CALL 1-888-988-8945 OR VISIT WWW.SMARTPHONEAISETTLEMENT.COM**

**IF I DO NOTHING**

| 24. | What happens if I do nothing at all? |
|---|---|

If you are a Class Member and you do nothing, you will not be eligible to receive a payment from the Settlement. However, you will still be bound by the Settlement. That is, you will not receive a payment, but you will give up the rights explained in Question 9, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Apple based on, arising out of, or related to the claims in this case.

**GETTING MORE INFORMATION**

| 25. | Are more details about the Settlement available? |
|---|---|

Yes. This Notice summarizes the proposed Settlement–more details are in the Settlement Agreement and other case documents. You can get a copy of these and other documents at **www.SmartphoneAISettlement.com** or by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

| 26. | How do I get more information? |
|---|---|

The website, **www.SmartphoneAISettlement.com**, has answers to questions about the Settlement, and other information to help you determine whether you are eligible for a payment.

You can either call or write to the Settlement Administrator at:

*Landsheft, et al. v. Apple Inc.*
Settlement Administrator
P.O. Box 301132
Los Angeles CA, 90030-1132

Class Counsel can be reached using the following contact information:

Ryan J. Clarkson
Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90267
Telephone: (213) 788-4050
Facsimile: (213) 788-4070

Brian Danitz
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road
Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Laurence D. King
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street
Suite 1501
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707

# EXHIBIT E

# IMPORTANT NOTICE ABOUT A CLASS ACTION LAWSUIT



*Landsheft, et al. v. Apple Inc.*
Settlement Administrator
P.O. Box 301132
Los Angeles CA, 90030-1132

**If you purchased an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max between June 10, 2024 and March 29, 2025, you should read this Notice as it may impact your legal rights.**

«Barcode»
Postal Service: Please do not mark barcode

APLS: ClaimID: «ClaimID»
PIN: «PIN»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»



VISIT THE SETTLEMENT WEBSITE BY SCANNING THE PROVIDED QR CODE

## APLS

---

## Claim Form

**First Name:**

**Last Name:**

**Phone Number:**

— — 

2D

«FirstNAME» «LastNAME»
«Addr1» «Addr2»
«City», «State»«FProv» «Zip»«FZip»

**Email:**

**iPhone Serial Number:**

I certify that I purchased my iPhone 15 Pro, iPhone 15 Pro Max, iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, or iPhone 16 Pro Max between June 10, 2024 and March 29, 2025 in the United States and at the time of purchase, I expected to receive a Siri Apple Intelligence feature and did not receive it. By signing below I certify that the information above is true and correct to the best of my knowledge and belief. I understand that my claim is subject to audit, review, and validation.

_____   _____
Signature                          Date(mm/dd/yyyy)



<<BARCODE>>



<<ClaimID>>

Settlement has been reached with Apple Inc. in a class action lawsuit brought on behalf of purchasers who alleged that they purchased certain iPhone devices expecting to receive certain Siri Apple Intelligence features that they allegedly did not receive. Apple denies all of the allegations made in the lawsuit and denies that Apple did anything improper or unlawful. The proposed Settlement is not an admission of guilt or wrongdoing of any kind by Apple.

**Who's included?** The Settlement Class includes purchasers of an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max (collectively, "Eligible Devices") who reside in the United States and purchased an Eligible Device in the United States for purposes other than resale between June 10, 2024, and March 29, 2025. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; and Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate family members.

**What does the Settlement provide?** Apple has agreed to pay $250 million into a settlement fund. After deducting the costs of notice and settlement administration (including any taxes), any Court-approved attorneys' fees and expenses and any Court-approved Service Awards, payments will be made to Settlement Class Members in accordance with a plan of allocation that accounts for the number of valid claims submitted by the Settlement Class Members.

According to Apple's records, **you are a Settlement Class Member** and are eligible to receive a payment if the Court approves the Settlement and it becomes final. Settlement Class Members who personally submit valid claims shall receive a payment of $25 per device. The payment amount may be increased pro rata, up to a maximum of $95 per Eligible Device, or decreased pro rata depending on the total number of valid claims submitted and Eligible Devices claimed, as well as the amount of any attorneys' fees or Service Awards awarded by the Court and notice and administrative costs. The final amount will not be known until all claims are evaluated.

**How do you get a payment?** You must personally complete and submit a valid Claim Form by **[DATE]**. Go to **www.SmartphoneAISettlement.com** for the Claim Form and instructions. Claims may be submitted online at **www.SmartphoneAISettlement.com** or mailed to the address on the form.

**What are your other options?** You can do nothing, exclude yourself, or object. If you do nothing, your rights will be affected and you won't receive a payment. You will give up your right to sue or continue to sue Apple for any claim based on, arising out of, or related to the claims in this case. If you don't want to be legally bound by the Settlement, you must personally exclude yourself from it by **[DATE]**. Group opt outs, including "mass" or "class" opt outs, are prohibited. You may also remain in the Settlement Class but object to the Settlement, and you may (but do not have to) attend the Court's Final Approval Hearing to speak about your objection. A copy of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and for Service Awards will be available at **www.SmartphoneAISettlement.com** by **[DATE]**. You can also object to the requested award of attorneys' fees and expenses to Class Counsel or Service Awards to the Class Representatives. Your objection to the Settlement, attorneys' fees, and/or Service Awards must be filed or postmarked by **[DATE]**.

**For more information about the Settlement, your payment, how to exclude yourself or object, and attending the hearing, please visit the website or call the toll-free number below.**

**www.SmartphoneAISettlement.com // 1-888-988-8945**

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

BRM

APLS

# EXHIBIT F

Claim ID: <mark>\<\<CLAIMID\>\></mark>
PIN: <mark>\<\<PIN\>\></mark>



# If you purchased an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max between June 10, 2024 and March 29, 2025, you should read this Notice as it may impact your legal rights.

| YOUR CLAIM ID | <mark>\<\<ClaimID\>\></mark> |
|---|---|
| YOUR PIN | <mark>\<\<PIN\>\></mark> |
| USE THESE UNIQUE NUMBERS WHEN FILING YOUR CLAIM FORM TO RECEIVE A CLASS PAYMENT | |

A settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit brought on behalf of purchasers who alleged that they purchased certain iPhone devices expecting to receive certain Siri Apple Intelligence features that they allegedly did not receive. Apple denies all of the allegations made in the lawsuit and denies that Apple did anything improper or unlawful. The proposed Settlement is not an admission of guilt or wrongdoing of any kind by Apple. The United States District Court for the Northern District of California approved this Notice.

- **Why am I receiving this Notice?**

Apple's records indicate that you may be a member of the Settlement Class and may be entitled to receive a payment. You are a member of the Settlement Class if you are a purchaser of an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max (collectively, "Eligible Devices") who resides in the United States and purchased an Eligible Device in the United States for purposes other than resale between June 10, 2024, and March 29, 2025. Under the terms of the Settlement, you are eligible to submit a Claim Form to receive a payment if the Court approves the Settlement and it becomes final.

- **What does the Settlement provide?**

Apple has agreed to pay $250 million into a settlement fund. After deducting the costs of notice and settlement administration (including any taxes), any Court-approved attorneys' fees and expenses and any Court-approved Service Awards, payments will be made to Settlement Class Members in accordance with a plan of allocation that accounts for the number of valid claims submitted by the Settlement Class Members. For more information about how distributions will be made to Settlement Class Members, please visit **www.SmartphoneAISettlement.com**.

- **What are the expected payments?**

Settlement Class Members must submit a valid Claim Form to receive payment from the Settlement.  Settlement Class Members who personally submit valid claims shall receive a payment of $25 per Eligible Device. The payment amount may be increased pro rata, up to a maximum of $95 per Eligible Device, or decreased pro rata depending on the total number of valid claims submitted and Eligible Devices claimed, as well as the amount of any attorneys' fees or Service Awards awarded by the Court and notice and administrative costs.

The final amount you may receive will not be known until all claims are evaluated. The plan of allocation is described in detail in the Settlement Agreement available at **www.SmartphoneAISettlement.com**.

- **How do I file a claim?**

**In order to receive a payment, you must personally complete and submit a valid Claim Form by [DATE]**. You can submit a claim for each Eligible Device. Claims may be submitted online at www.SmartphoneAISettlement.com or mailed to the address on the form. If you submit a Claim Form by mail, it must be postmarked by [DATE]. The Claim Form requires that you provide your current contact information and confirm the following: (a) you purchased an Eligible Device and you expected at the time of purchase to receive certain Siri Apple Intelligence features on your device, which you did not; (b) you purchased an Eligible Device between June 10, 2024, and March 29, 2025; and (c) information sufficient to confirm your purchase of the Eligible Device.

**CLICK HERE TO FILE YOUR CLAIM FORM**

You can access the Claim Form on **www.SmartphoneAISettlement.com**. If you believe you are a member of the Settlement Class, you may make a claim by going to **www.SmartphoneAISettlement.com** and following the instructions on how to submit a Claim Form. You may elect to receive payment by physical check or digital check. If you do not complete and submit a valid Claim Form, you will not receive a payment.

**For more information and to review the full Notice, please visit www.SmartphoneAISettlement.com.**

- **What are my other options?**

You can do nothing, exclude yourself or object. If you do nothing, your rights will be affected and you won't get a payment. If you don't want to be legally bound by the Settlement Agreement, you must personally exclude yourself from it by [DATE]. Unless you personally exclude yourself, you will not be able to sue or continue to sue Apple for any claim based on, arising out of, or related to the claims in this case. Group opt outs, including "mass" or "class" opt outs, are prohibited. If you stay in the Settlement (i.e., do not exclude yourself), you may object to it or ask for permission for you or your own lawyer to appear and speak at the Final Approval Hearing–at your own cost–but you do not have to do so.

A copy of Plaintiffs' Counsel's Motion for Attorneys' Fees and Expenses and for Service Awards will be available at **www.SmartphoneAISettlement.com** by [**DATE**]. You can object to the requested award of attorneys' fees and expenses to Plaintiffs' Counsel or Service Awards to the Class Representatives.

Objections to the Settlement, attorneys' fees, and/or Service Awards and requests to appear are due by [**DATE**]. The Final Approval Hearing will be held on _____**, 2026, at __:__ _.m.**, at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, Courtroom 3 – 5th Floor, San Jose, CA 95113.

More information about your options can be found in the detailed Notice available at **www.SmartphoneAISettlement.com**, or you may contact the Settlement Administrator with any questions:

*Landsheft, et al. v. Apple Inc.*
Settlement Administrator
P.O. Box 301132
Los Angeles CA, 90030-1132

You may also access the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California at any of the Court's locations between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CALL THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

**BY ORDER OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.**

# EXHIBIT G

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

PETER LANDSHEFT, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC.,

Defendant.

Case No.: 5:25-cv-02668-NW

**CONSOLIDATED ACTION**

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #_____]**

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion"). ECF No. [_____]. Having reviewed the Motion, declarations submitted in support thereof, the proposed Settlement Agreement and accompanying exhibits attached as Exhibit 1 (the "Settlement"), and applicable authority, the Court finds that the Settlement is fair, adequate, and reasonable. Accordingly, with good cause appearing, the Court hereby GRANTS preliminary approval of the Settlement and ORDERS as follows:

1. **Settlement Terms.** The Court, for purposes of this Preliminary Approval Order, adopts all defined terms as set forth in the Settlement.

2. **Jurisdiction.** The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #_____]; CASE NO.: 5:25-CV-02668-NW**

1

3.    **Preliminary Approval of Proposed Settlement.** Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. The Court also finds the Settlement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case; (b) appears to meet all applicable requirements of law, including Fed. R. Civ. P. 23; and (c) appears to meet the Northern District of California's Procedural Guidance for Class Action Settlements. Therefore, the Court grants preliminary approval of the Settlement.

4.    **Class Certification for Settlement Purposes Only.** For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, as described below:

The Nationwide Class is defined as:

> Purchasers of the Eligible Devices (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) who reside in the United States and purchased an Eligible Device in the United States for purposes other than resale, during the Class Period (June 10, 2024, to March 29, 2025).

Excluded from the Class are Apple Inc. ("Apple"); any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate family members.

5.    The Court preliminarily finds, solely for purposes of considering this Settlement, with respect to the monetary relief portions of the Settlement that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #_____]; CASE NO.: 5:25-CV-02668-NW**    2

6.      **Class Representatives.** The Court orders that Peter Landsheft, Michael J. Abata, Mark Adams, Jacob Anderson, Lily Biagini, Jared Bukovich, Ryan Bulcher, Kyra Burke, Tyshaun Butler, David Campos, Shaun Carroll, Marc Case, Esther Choi, Jennifer Conway, Russell Crafts, Kaitlyn DiFerdinando, Scott Domek, Skyler Vincent Momone Feldt, Matthew Floyd, Drew Franklin, David Freeman, Clint Gammons, Steven Geisel, Kaitlin Goodman, Michael D. Gotschall, Luke Graves, Christian Hackelman, Lloyd Hagemo, Michael Hopkins, Kristopher Huggins, Mukesh Jethwani, Matthew Karadsheh, Jacob Kicha, Grace Kim, Colton Lipchak, Nyrek Mason, Connor McKee, Olivia Mitton, Hunter Morgan, Michael Murphy, Mariah L. Nelson, Lauren Norman, Henrietta Owusu, William Passmore, David Ramirez, Gary Rasmussen, Susan Rizzio, Margot Robinson, Orlando Roddy, Krystal Rodriguez, Daniel Ruiz, Mary Ryan, Jack Scalfani, Kiana Schlessner, Devon Simmons, Colby Stafford, Frank Gray Stevenson, Jr, Brooklyn Swanson, Christian Varbanovski, Derrick Wallace, John Wells, Lindsey Williams, Michael Wood, Ronald Zemke, Taylor E. Oldfield-Zepeda are appointed as the Class Representative Plaintiffs.

7.      **Class Counsel.** The Court also orders that Ryan J. Clarkson of Clarkson Law Firm, P.C.; Brian Danitz of Cotchett, Pitre & McCarthy, LLP.; and Laurence D. King of Kaplan Fox & Kilsheimer LLP are appointed as Class Counsel. The Court preliminarily finds that the Class Representative Plaintiffs and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class members in accordance with Fed. R. Civ. P. 23.

8.      **No Admission of Liability.** By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement is not a finding or admission of liability by Defendant. Furthermore, the Settlement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Settlement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding before this or any other Court, administrative agency, arbitration forum, or other tribunal, except for purposes of demonstrating, describing implementing, or enforcing the terms and conditions of the Settlement, this Order, the Final Approval Order, and the

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #_____]**; CASE NO.: 5:25-CV-02668-NW

3

Judgment.

9. **Class Notice.** The Court finds that the Settlement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and accordingly, the Court, pursuant to Fed. R. Civ. P. 23(c) and (e), preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement. The Court approves, as to form and content, the notices and claim form substantially in the form attached to the Settlement Agreement. Non-material modifications to the notices and claim form may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement and this Order.

10. The Court finds that the plan for providing notice to the Settlement Class (the "Notice Program") described in the Settlement constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to the Settlement Class of the terms of the Settlement and the Final Approval Hearing and complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Court directs that the Notice Program will commence no later than forty-five (45) days from the date of this Preliminary Approval Order (the "Notice Commencement Date").

11. The Court further finds that the Notice Program adequately informs members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement. Any member of the Class who desires to be excluded from the Settlement Class, and therefore not bound by the terms of the Settlement, must submit a timely and valid written notice of intent to opt out pursuant to the instructions set forth in the Class Notice.

12. **Claims Administrator.** The Court appoints Verita Global, LLC ("Verita") as the Settlement Administrator. Verita Global, LLC shall be required to perform all duties of the Settlement Administrator as set forth in the Settlement and this Order. The Settlement Administrator shall post the Long Form Notice on the Settlement Website.

13. **Objection and Exclusion Deadline.** Settlement Class Members who wish to object to

the Settlement or to exclude themselves from the Settlement must do so by the Objection and Exclusion Deadline, which is ____, 2026 [90 days from the Notice Date]. Any Settlement Class Member who submits an Exclusion Request and a Claim Form shall not be entitled to receive any monetary payment, and his or her claim shall not be considered a Valid Claim and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing. All Settlement Class Members who do not submit a timely, valid notice Exclusion Request will be bound by the Settlement and the Judgment, including the release of any claims pursuant to the Settlement.

14.    **Exclusion from the Settlement Class.** To request to be excluded from the Settlement, a member of the Settlement Class must timely, personally submit an individual written request for exclusion by (a) mailing it with a postmark by the Exclusion Deadline to the designated Post Office box established by the Claims Administrator or (b) emailing it to the Claims Administrator using the email address provided on the Settlement Website no later than the Exclusion Deadline. To be effective, the written Exclusion Request must include the following: (a) the requestor's name, address and email address; (b) the requestor's individual signature; (c) the name and number of this Litigation (e.g., "*Landsheft, et al. v. Apple Inc*., Case No. 5:25-cv-02668 (N.D. Cal.)"); and (4) a clear request that the Settlement Class Member would like to "opt out" or be excluded, by use of those or other words clearly indicating a desire not to participate in the Settlement. One person may not opt out another person, and so-called "class" or "mass" opt-outs shall not be permitted or recognized. No later than seven (7) calendar days after the Objection and Exclusion Deadline, the Settlement Administrator will provide Class Counsel and Apple Counsel with the number of Settlement Class Members who have timely and validly excluded themselves from the Settlement.

15.    All Settlement Class members who submit a timely, valid notice of intent to opt out will be excluded from the Settlement Class and will not be bound by the terms of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement or any judgment. All Settlement Class Members who do not submit a timely, valid notice of intent to opt out will be bound by the Settlement and the Judgment, including the release of any claims pursuant to the Settlement.

16. **Objections to the Settlement.** Any objection to the Settlement must be in writing. All written objections and supporting papers must be submitted to the Court by (a) mailing it with a postmark by the Objection Date to the Court located at United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South First Street, Courtroom 3, 5th Floor San Jose, California 95113 or (b) submitting it to the Court through the CM/ECF system on or before the Objection and Exclusion Deadline. To be effective all objections shall clearly state: (i) the full name, address, telephone number, and email address of the objector and any counsel representing the objector; (ii) the case name and number, *Landsheft, et al. v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.); (iii) information sufficient to verify that the objector is a Settlement Class Member; (iv) a detailed statement of the grounds and evidence upon which the objection is based; (v) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (vi) a list of all cases in which the objector or his or her counsel has filed an objection within the past five years; and (vii) be personally signed and dated by the objector. To be timely, written notice of an objection that substantially complies with (i)–(vii) must be submitted to the Court by either ECF or USPS mail, to an address indicated on the Notice and Website, and filed or postmarked prior to the Objection Deadline.

17. Any Settlement Class Member who does not make a valid written objection as set forth by the Settlement shall be deemed to have waived any and all rights to appear separately and/or object to the Settlement, and shall be foreclosed from making any objection to the fairness or adequacy of or from seeking review by any means, including an appeal, of the Settlement or the Settlement terms.

18. **Submission of Claims.** To receive a claim payment, the Settlement Class Members must follow the directions in the Claim Form and file a claim with the Settlement Administrator by the Claims Deadlines, which is _____, 2026 [90 days from the Notice Date]. Settlement Class Members who do not submit a valid claim will not receive a Claim Payment and will be bound by the Settlement.

19. **Schedule of Events.** The following events shall take place as indicated in the chart below:

| EVENT | DATE | REFERENCED PARAGRAPH |
|---|---|---|
| Last day for Defendant to provide Class Member Information to Administrator | 5 business days after entry of the Preliminary Approval Order | ¶F.3 |
| Settlement Funding (deadline to fund initial portion of non-reversionary cash settlement) | 30 calendar days after entry of the Preliminary Approval Order | ¶B.2.a |
| Notice Date (the date Claims Administrator must commence Class Notice) | 45 calendar days after entry of the Preliminary Approval Order | ¶20 |
| Motions for Attorneys' Fees, Reimbursement of Expenses, and Service Payments to be filed by Plaintiffs' Counsel | 35 calendar days before the Objection and Exclusion Deadline | ¶G.2 |
| Claims Deadline (submission deadline for Claims) | 90 calendar days after the Notice Date | ¶4 |
| Objection Deadline (filing deadline for Objections) | 90 calendar days after the Notice Date | ¶21, D.3 |
| Exclusion Deadline (deadline to submit Opt-Outs) | 90 calendar days after the Notice Date | ¶21, E.3 |
| Exclusion List Deadline | 7 calendar days after the Objection and Exclusion Deadline | ¶ E.5 |
| Claim Validation Deadline | 10 calendar days after the Claim Deadline | ¶B.7 |
| Motion for Final Approval | 35 calendar days prior to the Final Approval Hearing | |
| Objector Counsel Appearance Deadline | 14 calendar days before Final Approval Hearing | ¶D.6 |
| Deadline to Respond to Objections | 7 calendar days prior to the Final Approval Hearing | ¶D.9 |
| Final Approval Hearing | At least 60 calendar days after Objection and Exclusion Deadline | ¶13 |
| Class Counsel to provide executed Undertaking Regarding Attorneys' Fees and Expenses (Exhibit H) and all information necessary to effectuate payment of attorney's fees and expenses, including adequate payment instructions | 2 business days after entry of Court's final order approving Attorney's Fees and Expenses Payment | ¶B.2.b |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #_____]**; CASE NO.: 5:25-CV-02668-NW

7

| consisting of wire transfer instructions or instructions for payment by check, and completed Form W-9s | | |
|---|---|---|
| Payment to QSF of funds for Attorneys' Fees & Expenses Award to Class Counsel | 30 calendar days after entry of Court's final order approving Attorneys' Fees and Expenses Payment | ¶ B.2.b |
| Payment of Attorneys' Fees and Expenses Award to Class Counsel | 2 business days after Apple's transfer of the Court-approved Attorneys' Fees and Expenses Payment to the QSF | ¶ B.2.b |
| Payment to QSF of the remaining Settlement Amount | The earlier of 30 calendar days after Effective Date or 1 year after entry of final approval order | ¶ B.2.d |
| Payment of Claims | 60 calendar days after Effective Date | ¶B.8 |
| Payment of Service Awards | 60 calendar days after Effective Date | ¶G.1 |
| Deadline to Cash Settlement Checks | 120 calendar days after disbursement | ¶B.10 |
| Deadline for Request of Re-issuance of Settlement Checks | 150 calendar days after disbursement | ¶B.10 |

20.     **Authority to Extend.** The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

21.     If, for any reason, the Settlement Notice Date does not or cannot commence at the time specified above, the Parties will confer in good faith and recommend a corresponding extension of the Claims Deadline and, if necessary, appropriate extensions to the Objection and Exclusion deadlines, to the Court.

22.     **Final Approval Hearing.** The Court shall conduct a Final Approval Hearing to determine final approval of the Agreement on_____ at _____ [am/pm] [a date no earlier than 60 days after the Claim and Objection and Exclusion Deadline]. At the Final Approval Hearing, the Court shall address whether the proposed Settlement should be finally approved as fair, reasonable and adequate, whether the Final Approval Order and Judgment should be entered, and whether Class

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #_____]; CASE NO.: 5:25-CV-02668-NW**

8

Counsel's application for attorneys' fees, costs, expenses and service award should be approved. Consideration of any application for an award of attorneys' fees, costs, expenses and service award shall be separate from consideration of whether the proposed Settlement should be approved. The Court will not decide the amount of any service award or Class Counsel's attorneys' fees until the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued without further notice to the Class.

23.    **In the Event of Non-Approval.** In the event that the proposed Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this civil action or in any other case or controversy before this or any other Court, administrative agency, arbitration forum, or other tribunal. In such event, the Settlement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement.

24.    **Stay of Proceedings.** With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement, all proceedings are stayed in this Action and all Settlement Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement, unless the Settlement Class Member timely files a valid notice of intent to opt out as set forth in the Settlement.

25.    **Retention of Jurisdiction.** The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement and the settlement described therein. IT IS SO ORDERED.

Dated:    _____

HON. NOËL WISE
UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #_____]**; CASE NO.: 5:25-CV-02668-NW                                                                    9

# EXHIBIT H

**EXHIBIT H**

**STIPULATED UNDERTAKING REGARDING ATTORNEYS' FEES AND EXPENSES**

Apple and Class Counsel stipulate and agree as follows:

WHEREAS, all terms used in this Exhibit shall have the same meaning assigned to those terms in the Settlement Agreement to which this Exhibit is attached;

WHEREAS, Class Counsel, on behalf of their respective law firms, hereby give an undertaking (the "Undertaking") for repayment of any award of Attorneys' Fees and Expenses approved by the Court;

WHEREAS, the Parties agree that this Undertaking is in the best interests of all Parties and in service of judicial economy and efficiency;

NOW, THEREFORE, the undersigned Class Counsel, on behalf of and as agents of their law firms, Cotchett, Pitre & McCarthy LLP, Clarkson Law Firm, P.C. and Kaplan Fox & Kilsheimer LLP (the "Law Firms"), by making this Undertaking, hereby jointly and severally submit themselves and the Law Firms, and the shareholders, members, and/or other equity holders of those law firms, to the continuing jurisdiction of the Court for the purpose of enforcing this Undertaking and any disputes relating to or arising out of the reimbursement obligation set forth herein and in the Settlement Agreement.

In the event the Court's Final Approval Order and Final Judgment or the Attorneys' Fees and Expenses awarded by the Court are vacated, modified, rendered void, or reversed, as a result of an appeal or for any other reason, and such ruling becomes final and non-appealable, each Law Firm shall, within thirty (30) business days of such action, repay Apple, either directly or through the Settlement Administrator, the amount by which the Attorneys' Fees and Expenses award is vacated, modified, reversed, or voided, plus interest. This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Approval Order and Final Judgment.

If the Law Firms fail to repay Apple any Attorneys' Fees and Expenses owed to it pursuant to this Undertaking, the Court shall, upon application by Apple, and notice to Class Counsel and the Law Firms and an opportunity for them to be heard, issue orders, including but not limited to

judgments and attachment orders against each of Clarkson Law Firm, P.C., Cotchett, Pitre & McCarthy, LLP, and Kaplan Fox & Kilsheimer LLP, jointly and severally, for the full amount of the Attorneys' Fees and Expenses plus interest and any additional attorneys' fees or expenses incurred by Apple in connection with the litigation or enforcement of this Undertaking, and may make findings for sanctions for contempt of court.

Neither the death, incapacitation, personal bankruptcy, or disbarment of any of Class Counsel nor the dissolution, winding up, bankruptcy, merger, acquisition, or other change in the composition or solvency of the law firms of Cotchett, Pitre & McCarthy, LLP, Clarkson Law Firm, P.C., and/or Kaplan Fox & Kilsheimer LLP shall in any way affect the obligations of Class Counsel or their respective Law Firms agreed to in this Undertaking.

The undersigned stipulates, warrants, and represents that they have both actual and apparent authority to enter into this stipulation, agreement, and Undertaking on behalf of the law firms of Cotchett, Pitre & McCarthy LLP, Clarkson Law Firm, P.C. and Kaplan Fox & Kilsheimer LLP, and the shareholders, members, and/or equity holders of those law firms respectively.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile or electronic signature shall be deemed the same as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

*[Signatures on following page]*

STIPULATED UNDERTAKING REGARDING ATTORNEYS' FEES AND EXPENSES; CASE No. 5:25-CV-03205-NW

April __, 2026                    **CLARKSON LAW FIRM, P.C.**

                                  By: /s/_____
                                  RYAN J. CLARKSON
                                  YANA HART
                                  BRYAN P. THOMPSON


April __, 2026                    **COTCHETT, PITRE & McCARTHY, LLP**

                                  By: /s/_____
                                  BRIAN DANITZ
                                  JOSEPH W. COTCHETT
                                  KARIN B. SWOPE
                                  ELLE D. LEWIS
                                  PIERCE H. STANLEY
                                  CAROLINE A. YUEN


April __, 2026                    **KAPLAN FOX & KILSHEIMER LLP**

                                  By:    /s/_____
                                  LAURENCE D. KING
                                  FREDERIC S. FOX
                                  MATTHEW B. GEORGE
                                  BLAIR E. REED
                                  CLARISSA OLIVARES

                                  *Interim Co-Lead Counsel for*
                                  *Plaintiffs and the Proposed Class*


April __, 2026                    **APPLE INC.**

                                  By:
                                  Heather Grenier, Vice President, Litigation

                                  *Apple Inc.*


April __, 2026                    **COVINGTON & BURLING LLP**

                                  By:    /s/_____

                                  EMILY JOHNSON HENN (SBN 269482)
                                  KATHRYN E. CAHOY (SBN 298777)
                                  MEGAN L. RODGERS (SBN 310344)
                                  COVINGTON & BURLING LLP

STIPULATED UNDERTAKING REGARDING ATTORNEYS' FEES AND EXPENSES; CASE No. 5:25-CV-03205-NW

3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com
Email: mrodgers@cov.com

*Attorneys for Defendant Apple Inc.*