# EXHIBIT 2

*Peter Landsheft v. Apple Inc.*

Case No. 5:25-cv-02668-NW

**Declaration of Jonathan D. Carameros**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISIONS**

|  |  |
|---|---|
| PETER LANDSHEFT et al, Individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | Case No. 5:25-cv-02668-NW<br><br><br>**DECLARATION OF JONATHAN D. CARAMEROS IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

- 1 -

I, Jonathan D. Carameros, declare:

1.    I am a Senior Vice President with KCC Class Action Services, LLC dba Verita ("Verita"),[1] located at 1 McInnis Parkway, Suite 250, San Rafael, California.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the matters stated herein and, if called upon, could and would testify thereto.

### VERITA'S BACKGROUND AND EXPERIENCE

2.    Verita has extensive experience with all aspects of class action notice and settlement administration.  Verita has administered over 10,000 class actions settlements[2] and distributed settlement payments totaling well over a trillion dollars in assets.   Verita provides comprehensive class action services, including claims administration, legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class action settlements.  Our experience includes many of the largest and most complex settlement administrations of both private litigation and of actions brought by state and federal government regulators.[3]

3.    Verita has extensive experience successfully administering complex large dollar value settlements impacting tens of millions of class members, both domestically and internationally.  Some examples of complex matters with which Verita has been involved include: FTC v. Amazon.com Inc., No. 2:23-cv-00932-JHC (W.D. Wash.); In re AOL Time Warner, Inc. Sec. Litig., MDL No. 1500, No. 02-cv-5575 (S.D.N.Y.); In re Enron Corp. Sec. Litig. No. H-01-3624 (S.D. Tex.); In re Facebook Biometric Information Privacy Litig., No. 15-cv-03747-JD (N.D. Cal.); Fortis Settlement, No. 200.191.713/01 (Amsterdam Court of Appeals, The Netherlands); In re American Reality Capital Props., Inc. Litig., No. 1:15-mc-00040-AKH (S.D.N.Y.); In re Anthem, Inc. Data Breach Litig., No. 15-MD-02617-LHK (N.D.

---

[1] KCC Class Action Services, LLC rebranded as Verita in June 2024.  I have worked in class action administration for KCC/Verita for 12 years.

[2] This includes cases administered by KCC Class Services, LLC and its affiliated entities before the rebranding.

[3] A list of Verita's current and past cases can be found at https://veritaglobal.com/settlement-administration-us/settlements.

Cal.); In re College Athlete NIL Litig. (House), and Hubbard v. National Collegiate Athletic Asso'n (Hubbard), No. 4:20-cv-03919 CW (N.D. Cal.); Golden v. ContextLogic Inc. d/b/a Wish.com, No. 17PH-CV01741 (Mo. Cir. Ct.); The People of the State of Cal. v. Vitol Inc., No. CGC-20-584456 (Cal. Super. Ct.); In re: Zappos.com Inc. Customer Data Sec. Breach Litig., No. 3:12-CV-00325-RJC-VPC (D. Nev.); In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab Litig., No. 8:10ML2151 JVS (FMOx) (C.D. Cal.); Karasik v Yahoo! Inc., No. CV-16-566248-00CP (Ontario Super. Ct. of Justice); Lawrence E. Jaffe Pension Plan et al. v. Household Int'l Inc., No. 02-C-5893 (N.D. Ill.); Steinhoff Int'l Holdings Sec. Settlement, South African High Court, 29290/2018 (2020 ZAGPJHC145), (D Bruyn v. Steinhoff International Holdings N.V.) and Amsterdam District Court, SoP 16377/2020, (Suspension of Payment Proceeding); and In re Valeant Pharmaceuticals Int'l, Inc. Sec. Litig., No. 3:15-cv-07658-MAS-LHG (D.N.J.).

4.     This Declaration details the settlement administration and notice plan ("Notice Plan") proposed for Peter Landsheft, et al., v. Apple Inc., Case No. 5:25-cv-02668-NW, pending in the United States District Court for the Northern District of California.

## DATA SECURITY INFORMATION

5.     Verita places the highest priority on protecting data and IT assets and continually invests in strengthening its security posture.  Verita accepts responsibility for the security and confidentiality of Settlement Class Member data in connection with its engagement while such data is in Verita's possession and control and will protect such data in accordance with the safeguards outlined below.

6.     Verita maintains a comprehensive global information security and cybersecurity framework aligned with NIST standards, including NIST 800-53 Rev. 5 at the U.S. FedRAMP Moderate baseline.  The framework covers the full spectrum of effective risk and security subject areas to comply with standards including Access Control and Identity Management, Awareness and Education, Auditability, Configuration Management, Governance, Physical Security and Safety, Insider Threat Management, Fraud Prevention, System Integrity Management, Secure Development, Supply-Chain Security, Threat and Vulnerability Management, Security Monitoring and Operations, Incident Management, and Disaster Recovery and Contingency Planning.  This ensures that systems and information are accessible only to authorized personnel with a legitimate business need, safeguarded

- 3 -

against unauthorized disclosure or modification, compliant with all regulatory and client requirements, and supported by processes for reporting, investigating, documenting, and resolving potential security weaknesses.  Verita undergoes scheduled independent audits by an accredited Third-Party Assessment Organization (3PAO) and has passed the most recent audit that concluded in Q3 2025.

7.      Verita employees are subject to screening processes prior to employment and are subject to confidentiality agreements as part of their standard employment terms.  Mandatory training ensures that employees have the necessary resources to maintain Verita's position on information security and are aware of their responsibilities as related to their job function.

8.      Verita acts as a data processor and will receive data transfers through Secure File Transfer Protocol ("SFTP").  The SFTP File Gateway will have a user login and password for access.  Once Verita receives the files, the data will be reviewed for size and record count and removed from the FTP File Gateway.

9.      Verita collects only the information necessary to administer a settlement and retains all records only as long as necessary as prescribed by applicable law, court documents, and client agreements.

10.     Once data is in Verita's possession, Verita operates on the principle of "least privilege" for access control.  All Verita employees are assigned unique IDs and are required to select and manage their passwords in line with Verita's rigorous password policies.  The use of privileged accounts is strictly controlled and restricted to system administration and maintenance activities only.  Additionally, Verita employs multifactor authentication for access to its networks and data.

11.     Verita utilizes cryptographic solutions to protect data in transit and at rest.  Network and wireless networks use industry-recognized leading practices to implement strong encryption for authentication and transmission, commensurate with the sensitivity of the data being transmitted.  Mobile computing devices such as smartphones and laptops are encrypted.

12.     Verita's office locations are protected against unauthorized physical access through the use of physical and electronic access control systems, staffed reception desks, and CCTV.  Access to critical information processing locations is strictly controlled and restricted to pre-authorized individuals only.  Access is logged and access rights are reviewed on a regular basis.

13. Verita's secure environment provides comprehensive disaster recovery and resiliency features to ensure business continuity and data protection. Verita uses features such as secure backup, site recovery, and distribution of services across multiple geographic locations to safeguard against regional and other failures. This allows Verita to maintain high availability, minimize downtime, and ensure data integrity during unexpected events.

14. Verita has risk-based processes to respond to any information security incident that might arise. These processes are designed to contain and control the incident, reduce any potential impact to the business, identify and investigate the root cause and implement corrective actions to reduce the risk of recurrence.

15. Verita also maintains insurance applicable to its services including professional indemnity insurance, general liability, property, comprehensive crime, electronic and computer crime, and cyber liability insurance.

## **PROPOSED CLASS DEFINITION**

16. The Settlement Class includes all purchasers of an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max (collectively, "Eligible Devices") who reside in the United States and purchased an Eligible Device in the United States for purposes other than resale from June 10, 2024, to March 29, 2025. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; and Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate family members. The "Class Period" is June 10, 2024, to March 29, 2025.

## **NOTICE PLAN**

17. Verita developed the proposed Notice Program to provide the best notice practicable to the proposed Class estimated at over 36 million people.

18. The proposed Notice Program includes the following components, as further described in the sections below: (1) direct notice via email and mail, to the extent practicable; (2) supplemental media notice program designed to raise awareness of the Settlement and encourage claim submissions among class members consistent with the defined target audience parameters. The media campaign represents a

comprehensive, multi-channel approach, combining national press release distribution, legal notice print newspaper placements, digital advertising across major platforms, and paid search to ensure broad, sustained visibility across the channels most relevant to the class. (3) a comprehensive Settlement Website; and (4) a Bilingual Settlement toll-free phone number, post office box, and email address through which Settlement Class Members may obtain more information about the Settlement and access the notice documents and/or Claim Form.

19.    The proposed notice documents are designed to comply with Rule 23's guidelines for class action notices and include multiple channels for outreach and engagement with the proposed Class.  The Notice Program components are consistent with the methods and tools used in Verita's other court-approved notice programs.  The direct notices contain easy-to-read summaries about the Settlement and how to obtain more information and will allow Settlement Class Members the opportunity to review a plain language notice with the ability to easily take the next step and learn more about the proposed Settlement.

20.    Specifically, the Long Form Notice (attached as Exhibit D to the Settlement Agreement) provides—consistent with this District's Procedural Guidance for Class Action Settlements—an overview of the litigation; an explanation of the Settlement benefits, as well as Settlement Class Members' related rights and obligations; contact information for Class Counsel; the address for the Settlement Website; instructions on how to access the case docket and PACER; reminders to check the Settlement Website for updates on hearing dates and times; and detailed instructions on how to participate in, object to, or opt out of the Settlement.

21.    The proposed notice is also designed to adhere to the FJC's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide.

22.    Based on Verita's experience in developing and implementing class notice programs, the proposed Notice Program is designed to provide the best notice practicable under the circumstances.

**DIRECT NOTICE**

23.    Within 5 business days of the entry of the Preliminary Approval Order, Apple will provide Verita with a list that includes Settlement Class Members' names, email addresses, and where available, mailing addresses as reflected in Apple's database records (the "Settlement Class List").

24.    Verita will be working with Covalynt, who will be providing additional data enrichment services of class resolution, deep validation, and claims scoring.

25.    Verita will evaluate and finalize the data from the Settlement Class List for use in the direct notice program.  Based on the information available, Verita understands that Apples's databases include contact information for the vast majority of the Settlement Class.  To the extent that the data does not provide a valid email address for a Settlement Class Member, Verita will utilize a mailing address for that Settlement Class Member to send notice.

26.    An Email Notice will be e-mailed to all Settlement Class Members for whom a valid e-mail address is provided on the Settlement Class List.

27.    Prior to distributing the Email Notice, all email addresses will be subject to a cleansing and validation process to, among other things, remove extra spaces and fix common domain name errors, as well as compare addresses against known bad email addresses and verify email existence with Internet Service Providers ("ISPs").

28.    The Email Notice will be formatted to avoid common "red flags" that could cause the email to be blocked by spam filters.  For example, the content of the notice will be placed in the body of the email rather than as an attachment to avoid spam filters and improve deliverability.  As part of our email campaign, all outgoing messages are transmitted using industry-standard authentication protocols to ensure legitimacy and deliverability.  Specifically, each email will be authenticated through DomainKeys Identified Mail (DKIM), Sender Policy Framework (SPF), and Domain-based Message Authentication, Reporting & Conformance (DMARC).  These authentication methods verify that the email originated from an authorized source, confirm that its content has not been altered, and protect recipients from spoofing or phishing attempts.  The Email Notice will contain a link to the case website.  In addition, each email will include a prominently displayed and functional "unsubscribe" link, which allowed recipients to opt out of future communications in full compliance

29.     If an email bounces back, it will be resent up to three times to maximize the probability that the Settlement Class Members will receive it.  The email campaign will return data regarding the number of emails successfully delivered and email bounce backs.

30.     A double-sided Postcard Notice with detachable claim form will be mailed to all Settlement Class Members who lack an email address but have a postal address on the Settlement Class List and to those whose email notices were returned as undeliverable, where a postal address is available.

31.     Prior to mailing, all mailing addresses will be checked against the National Change of Address (NCOA)[4] database maintained by the United States Postal Service (USPS).  In addition, the addresses will be certified via the Coding Accuracy Support System (CASS)[5] to ensure the quality of the zip code and verified through Delivery Point Validation (DPV)[6] to verify the accuracy of the addresses.

32.     The return address on the Settlement Class Notice will be a post office box in Los Angeles, California, that Verita will maintain for this case.  The USPS will automatically forward Settlement Class Notices with an available forwarding address order that has not expired ("Postal Forwards").  Settlement Class Notices returned as undeliverable will be promptly re-mailed to any new address available through USPS information, for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired, or to better addresses that may be found using a third-party lookup service.

33.     If necessary to stimulate claims, Verita will send, at the direction of Counsel, three reminder email notices to Settlement Class Members for whom Verita was able to identify a valid email address, and who have not submitted a claim, opted out of the Class, or unsubscribed from the email notice campaign.  The content of the reminder email notices will be materially the same as the initial direct notice

---

[4] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[5] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[6] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies.  DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

- 8 -

but will include a reminder to the Settlement Class Member to file a claim and remove any deadlines that are no longer applicable. The reminder notices will be sent to Settlement Class Members in the same manner as the initial direct notice (i.e. Settlement Class Members who receive an Email Notice will be sent the reminder notice via email).

## DIGITAL NOTICE & MEDIA CAMPAIGN

34. Verita will implement a digital media campaign consisting of over 50,000,000 impressions. The digital ads will be purchased programmatically and distributed on various websites and mobile apps via the Google Display Network and on the social media channels such as Facebook. Impressions will appear on desktop and mobile devices, including tablets and smartphones. The Online Media Campaign shall commence no earlier than the Settlement Notice Date to align with the timing of the Email and Postcard Notice periods and shall be complete within 90 days of the Settlement Notice Date. The ads that are part of the Online Media Campaign will provide a link to the Settlement Website and information about who is eligible to file a Claim.

35. Verita will publish Press Releases in PR Newswire and Business Wire as well as purchase ads in the legal notices section of both business oriented and consumer driven newspapers.

## SETTLEMENT WEBSITE

36. Verita will establish and maintain a case-specific website at www.SmartphoneAISettlement.com to allow Settlement Class Members to obtain additional information about the settlement as well as relevant court filings from the action. Settlement Class Members will be also able to submit a Claim Form, view, download, and print the relevant Notice Documents approved by the Court, including the Long Form Notice and Claim Form, as well as the Settlement Agreement and other relevant settlement and court documents. Settlement Class Members will also be able to review a list of frequently asked questions and answers and important dates and deadlines. Verita will maintain and update the website, as needed, throughout the claim period.

## TOLL-FREE NUMBER, EMAIL ADDRESS, and P.O. BOX

37. Verita will establish and maintain a case-specific bilingual toll-free number at 1-888-988-8945 to allow Settlement Class Members to call and receive responses to settlement-related inquiries, elect to speak with a live operator, and request to have the Long Form Notice and Claim Form mailed to them.

- 9 -

38.    Verita will establish a dedicated email address to allow Settlement Class Members to contact Verita via email.

39.    Verita will also establish and maintain a Post Office Box to receive written opt-outs, objections, completed Claim Forms, and other correspondence from the Settlement Class.

## CLAIMS PROCESSING

40.    Verita will process all claims received and will work with Covalynt to evaluate and review all claims received.  For any claims that are determined to be valid, Verita will make applicable payments to Settlement Class Members in accordance with the terms of the Settlement Agreement.

## ADMINISTRATION COSTS

41.    Based on information that the Parties have provided to Verita to date, Verita has agreed to perform all settlement Notice and administration duties required by the Settlement Agreement at a cost not to exceed $5,444,056 which includes Covalynt's fees and costs.  The not-to-exceed amount is contingent upon no change to the scope of work, an estimated class size of 35,600,000, email addresses available for up to 35,085,000 class members, mailed notice up to 3,006,535 class members, up to a 25% claim filing rate, and a check distribution of up to 5% of approved claimants.

## CONCLUSION

42.    The proposed Notice Program is designed to provide the best notice practicable under the circumstances and to reach as many Settlement Class Members as possible.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 4, 2026, at San Rafael, California.

_____
JONATHAN D. CARAMEROS

DECLARATION OF JONATHAN D. CARAMEROS IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; Case No. 5:25-cv-02668-NW