**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER LANDSHEFT, individually, and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>                  Defendant. | Case No.:  5:25-cv-02668-NW<br><br>**CONSOLIDATED ACTION**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #77]** |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion"). ECF No. 77.  The Court held a hearing on the Motion on July 8, 2026.  Having reviewed the Motion, declarations submitted in support thereof, the proposed Settlement Agreement and accompanying exhibits attached as Exhibit 1 (the "Settlement"), and applicable authority, the Court finds that the Settlement is fair, adequate, and reasonable. Accordingly, with good cause appearing, the Court hereby GRANTS preliminary approval of the Settlement and ORDERS as follows:

1.  **Settlement Terms.** The Court, for purposes of this Preliminary Approval Order, adopts all defined terms as set forth in the Settlement.

2.  **Jurisdiction.** The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #77]**; CASE NO.: 5:25-CV-02668-NW

3.      **Preliminary Approval of Proposed Settlement.** Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. The Court also finds the Settlement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case; (b) appears to meet all applicable requirements of law, including Fed. R. Civ. P. 23; and (c) appears to meet the Northern District of California's Procedural Guidance for Class Action Settlements. Therefore, the Court grants preliminary approval of the Settlement.

On May 19, 2026, named Plaintiffs Michael Accardi, Brian Beach, Sam Leone, Amanda Marrocco, Adam Ragsdale ("Objecting Plaintiffs"), and their counsel, Executive Committee member Pomerantz LLP filed an opposition to Plaintiffs' Motion for Preliminary Approval.  ECF No. 83. Objecting Plaintiffs' main criticism is that the Settlement "does not appropriately distinguish between the vastly differing values of the claims of different class members" and accordingly, the Court should consider creating subclass divisions.  *Id*. at 1,3.  The Court disagrees; the underlying value of the Enhanced Siri features is the same across all Eligible Devices.  Moreover, Objecting Plaintiffs failed to raise this point or propose subclass in their own pleadings.  *See Accardi et al v. Apple Inc.*, 25-cv-04160, ECF No. 1.

4.      **Class Certification for Settlement Purposes Only.** For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, as described below:

The Nationwide Class is defined as:

> Purchasers of the Eligible Devices (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) who reside in the United States and purchased an Eligible Device in the United States for purposes other than resale, during the Class Period (June 10, 2024, to March 29, 2025).

Excluded from the Class are Apple Inc. ("Apple"); any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate family members.

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #77]**; CASE NO.: 5:25-CV-02668-NW

2

5.     The Court preliminarily finds, solely for purposes of considering this Settlement, with respect to the monetary relief portions of the Settlement that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.     **Class Representatives.** The Court orders that Peter Landsheft, Michael J. Abata, Mark Adams, Jacob Anderson, Lily Biagini, Jared Bukovich, Ryan Bulcher, Kyra Burke, Tyshaun Butler, David Campos, Shaun Carroll, Marc Case, Esther Choi, Jennifer Conway, Russell Crafts, Kaitlyn DiFerdinando, Scott Domek, Skyler Vincent Momone Feldt, Matthew Floyd, Drew Franklin, David Freeman, Clint Gammons, Steven Geisel, Kaitlin Goodman, Michael D. Gotschall, Luke Graves, Christian Hackelman, Lloyd Hagemo, Michael Hopkins, Kristopher Huggins, Mukesh Jethwani, Matthew Karadsheh, Jacob Kicha, Grace Kim, Colton Lipchak, Nyrek Mason, Connor McKee, Olivia Mitton, Hunter Morgan, Michael Murphy, Mariah L. Nelson, Lauren Norman, Henrietta Owusu, William Passmore, David Ramirez, Gary Rasmussen, Susan Rizzio, Margot Robinson, Orlando Roddy, Krystal Rodriguez, Daniel Ruiz, Mary Ryan, Jack Scalfani, Kiana Schlessner, Devon Simmons, Colby Stafford, Frank Gray Stevenson, Jr, Brooklyn Swanson, Christian Varbanovski, Derrick Wallace, John Wells, Lindsey Williams, Michael Wood, Ronald Zemke, Taylor E. Oldfield-Zepeda are appointed as the Class Representative Plaintiffs.

7.     **Class Counsel.** The Court also orders that Ryan J. Clarkson of Clarkson Law Firm, P.C.; Brian Danitz of Cotchett, Pitre & McCarthy, LLP.; and Laurence D. King of Kaplan Fox & Kilsheimer LLP are appointed as Class Counsel. The Court preliminarily finds that the Class Representative Plaintiffs and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class members in accordance with Fed. R. Civ. P. 23.

8.     **No Admission of Liability.** By entering this Order, the Court does not make any

determination as to the merits of this case. Preliminary approval of the Settlement is not a finding or admission of liability by Defendant. Furthermore, the Settlement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Settlement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding before this or any other Court, administrative agency, arbitration forum, or other tribunal, except for purposes of demonstrating, describing implementing, or enforcing the terms and conditions of the Settlement, this Order, the Final Approval Order, and the Judgment.

9. **Class Notice.** The Court finds that the Settlement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and accordingly, the Court, pursuant to Fed. R. Civ. P. 23(c) and (e), preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement. The Court approves, as to form and content, the notices and claim form substantially in the form attached to the Settlement Agreement. Non-material modifications to the notices and claim form may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement and this Order.

10. The Court finds that the plan for providing notice to the Settlement Class (the "Notice Program") described in the Settlement constitutes the best notice practicable under the circumstances and constitutes due and sufficient notice to the Settlement Class of the terms of the Settlement and the Final Approval Hearing and complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Court directs that the Notice Program will commence no later than forty-five (45) days from the date of this Preliminary Approval Order (the "Notice Commencement Date").

11. The Court further finds that the Notice Program adequately informs members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement. Any member of the Class who desires to be excluded from the

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #77]**; CASE NO.: 5:25-CV-02668-NW

4

Settlement Class, and therefore not bound by the terms of the Settlement, must submit a timely and valid written notice of intent to opt out pursuant to the instructions set forth in the Class Notice.

12. **Claims Administrator.** The Court appoints Verita Global, LLC ("Verita") as the Settlement Administrator. Verita Global, LLC shall be required to perform all duties of the Settlement Administrator as set forth in the Settlement and this Order. The Settlement Administrator shall post the Long Form Notice on the Settlement Website.

13. **Objection and Exclusion Deadline.** Settlement Class Members who wish to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection and Exclusion Deadline, which is 90 days from the Notice Date. Any Settlement Class Member who submits an Exclusion Request and a Claim Form shall not be entitled to receive any monetary payment, and his or her claim shall not be considered a Valid Claim and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing. All Settlement Class Members who do not submit a timely, valid notice Exclusion Request will be bound by the Settlement and the Judgment, including the release of any claims pursuant to the Settlement.

14. **Exclusion from the Settlement Class.** To request to be excluded from the Settlement, a member of the Settlement Class must timely, personally submit an individual written request for exclusion by (a) mailing it with a postmark by the Exclusion Deadline to the designated Post Office box established by the Claims Administrator or (b) emailing it to the Claims Administrator using the email address provided on the Settlement Website no later than the Exclusion Deadline. To be effective, the written Exclusion Request must include the following: (a) the requestor's name, address and email address; (b) the requestor's individual signature; (c) the name and number of this Litigation (e.g., "*Landsheft, et al. v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.)"); and (4) a clear request that the Settlement Class Member would like to "opt out" or be excluded, by use of those or other words clearly indicating a desire not to participate in the Settlement. One person may not opt out another person, and so-called "class" or "mass" opt-outs shall not be permitted or recognized. No later than seven (7) calendar days after the Objection and Exclusion Deadline, the Settlement Administrator will provide Class Counsel and Apple Counsel with the number of Settlement Class Members who have timely and validly excluded themselves from the Settlement.

15. All Settlement Class members who submit a timely, valid notice of intent to opt out will be excluded from the Settlement Class and will not be bound by the terms of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement or any judgment. All Settlement Class Members who do not submit a timely, valid notice of intent to opt out will be bound by the Settlement and the Judgment, including the release of any claims pursuant to the Settlement.

16. **Objections to the Settlement.** Any objection to the Settlement must be in writing. All written objections and supporting papers must be submitted to the Court by (a) mailing it with a postmark by the Objection Date to the Court located at United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South First Street, Courtroom 3, 5th Floor San Jose, California 95113 or (b) submitting it to the Court through the CM/ECF system on or before the Objection and Exclusion Deadline. To be effective all objections shall clearly state: (i) the full name, address, telephone number, and email address of the objector and any counsel representing the objector; (ii) the case name and number, *Landsheft, et al. v. Apple Inc.*, Case No. 5:25-cv-02668 (N.D. Cal.); (iii) information sufficient to verify that the objector is a Settlement Class Member; (iv) a detailed statement of the grounds and evidence upon which the objection is based; (v) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (vi) a list of all cases in which the objector or his or her counsel has filed an objection within the past five years; and (vii) be personally signed and dated by the objector. To be timely, written notice of an objection that substantially complies with (i)–(vii) must be submitted to the Court by either ECF or USPS mail, to an address indicated on the Notice and Website, and filed or postmarked prior to the Objection Deadline.

17. Any Settlement Class Member who does not make a valid written objection as set forth by the Settlement shall be deemed to have waived any and all rights to appear separately and/or object to the Settlement, and shall be foreclosed from making any objection to the fairness or adequacy of or from seeking review by any means, including an appeal, of the Settlement or the Settlement terms.

18. **Submission of Claims.** To receive a claim payment, the Settlement Class Members must follow the directions in the Claim Form and file a claim with the Settlement Administrator by the Claims Deadlines, which is 90 days from the Notice Date. Settlement Class Members who do not

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #77]**; CASE NO.: 5:25-CV-02668-NW

6

submit a valid claim will not receive a Claim Payment and will be bound by the Settlement.

19. **Schedule of Events.** The following events shall take place as indicated in the chart below:

| EVENT | DATE | REFERENCED PARAGRAPH |
|---|---|---|
| Last day for Defendant to provide Class Member Information to Administrator | 5 business days after entry of the Preliminary Approval Order | ¶F.3 |
| Settlement Funding (deadline to fund initial portion of non-reversionary cash settlement) | 30 calendar days after entry of the Preliminary Approval Order | ¶B.2.a |
| Notice Date (the date Claims Administrator must commence Class Notice) | 45 calendar days after entry of the Preliminary Approval Order | ¶20 |
| Motions for Attorneys' Fees, Reimbursement of Expenses, and Service Payments to be filed by Plaintiffs' Counsel | 35 calendar days before the Objection and Exclusion Deadline | ¶G.2 |
| Claims Deadline (submission deadline for Claims) | 90 calendar days after the Notice Date | ¶4 |
| Objection Deadline (filing deadline for Objections) | 90 calendar days after the Notice Date | ¶21, D.3 |
| Exclusion Deadline (deadline to submit Opt-Outs) | 90 calendar days after the Notice Date | ¶21, E.3 |
| Exclusion List Deadline | 7 calendar days after the Objection and Exclusion Deadline | ¶ E.5 |
| Claim Validation Deadline | 10 calendar days after the Claim Deadline | ¶B.7 |
| Motion for Final Approval | 35 calendar days prior to the Final Approval Hearing | |
| Objector Counsel Appearance Deadline | 14 calendar days before Final Approval Hearing | ¶D.6 |
| Deadline to Respond to Objections | 7 calendar days prior to the Final Approval Hearing | ¶D.9 |
| Final Approval Hearing | At least 60 calendar days after Objection and Exclusion Deadline | ¶13 |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #77]**; CASE NO.: 5:25-CV-02668-NW

| | | |
|---|---|---|
| Class Counsel to provide executed Undertaking Regarding Attorneys' Fees and Expenses (Exhibit H) and all information necessary to effectuate payment of attorney's fees and expenses, including adequate payment instructions consisting of wire transfer instructions or instructions for payment by check, and completed Form W-9s | 2 business days after entry of Court's final order approving Attorney's Fees and Expenses Payment | ¶B.2.b |
| Payment to QSF of funds for Attorneys' Fees & Expenses Award to Class Counsel | 30 calendar days after entry of Court's final order approving Attorneys' Fees and Expenses Payment | ¶ B.2.b |
| Payment of Attorneys' Fees and Expenses Award to Class Counsel | 2 business days after Apple's transfer of the Court-approved Attorneys' Fees and Expenses Payment to the QSF | ¶ B.2.b |
| Payment to QSF of the remaining Settlement Amount | The earlier of 30 calendar days after Effective Date or 1 year after entry of final approval order | ¶ B.2.d |
| Payment of Claims | 60 calendar days after Effective Date | ¶B.8 |
| Payment of Service Awards | 60 calendar days after Effective Date | ¶G.1 |
| Deadline to Cash Settlement Checks | 120 calendar days after disbursement | ¶B.10 |
| Deadline for Request of Re-issuance of Settlement Checks | 150 calendar days after disbursement | ¶B.10 |

20. **Authority to Extend.** The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

21. If, for any reason, the Settlement Notice Date does not or cannot commence at the time specified above, the Parties will confer in good faith and recommend a corresponding extension of the Claims Deadline and, if necessary, appropriate extensions to the Objection and Exclusion deadlines, to the Court.

22.     **Final Approval Hearing.** The Court shall conduct a Final Approval Hearing to determine final approval of the Agreement on **September 29, 2027, at 9:00 a.m.**  At the Final Approval Hearing, the Court shall address whether the proposed Settlement should be finally approved as fair, reasonable and adequate, whether the Final Approval Order and Judgment should be entered, and whether Class Counsel's application for attorneys' fees, costs, expenses and service award should be approved. Consideration of any application for an award of attorneys' fees, costs, expenses and service award shall be separate from consideration of whether the proposed Settlement should be approved. The Court will not decide the amount of any service award or Class Counsel's attorneys' fees until the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued without further notice to the Class.

"The Settlement Agreement provides that Claimants are entitled to 'a presumptive payment from the Net Settlement Amount of $25 per Eligible Device,' with a per-device cap of $95." ECF No. 77 at 16 (quoting Jt. Decl., Ex. 1, Settlement § III(B)(4)(b)).  As the parties explained during the July 8, 2026 hearing, the Court understands that there is a low probability that the parties will encroach upon the per-device cap given the robust anticipated Notice process.  However, to ensure fairness to all Class Members, before the parties begin the payment of claims, the parties shall report to the Court if the amount to be disbursed to any Class Member would exceed $95, in excess of the per-device cap. The parties shall not begin any payment of claims without Final Approval of the Court.

23.     **In the Event of Non-Approval.** In the event that the proposed Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this civil action or in any other case or controversy before this or any other Court, administrative agency, arbitration forum, or other tribunal. In such event, the Settlement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement.

24.      **Stay of Proceedings.** With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement, all proceedings are stayed in this Action and all Settlement Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement, unless the Settlement Class Member timely files a valid notice of intent to opt out as set forth in the Settlement.

25.      **Retention of Jurisdiction.** The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement and the settlement described therein.

IT IS SO ORDERED.

Dated: July 17, 2026

_____
HON. NOËL WISE
UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. #77]**; CASE NO.: 5:25-CV-02668-NW

10