JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
BRIAN DANITZ (SBN 247403)
bdanitz@cpmlegal.com
KARIN B. SWOPE (*Pro Hac Vice*)
kswope@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000
Fax: (650) 697-0677

RYAN J. CLARKSON (SBN 257074)
rclarkson@clarksonlawfirm.com
YANA HART (SBN 306499)
yhart@clarksonlawfirm.com
BRYAN P. THOMPSON (SBN 354683)
bthompson@clarksonlawfirm.com
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

LAURENCE D. KING (SBN 206423)
lking@kaplanfox.com
MATTHEW B. GEORGE (SBN 239322)
mgeorge@kaplanfox.com
BLAIR E. REED (SBN 316791)
breed@kaplanfox.com
CLARISSA OLIVARES (SBN 343455)
colivares@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700
Fax: (415) 772-4707

*Co-Lead Counsel for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER LANDSHEFT, individually, and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 5:25-cv-02668-NW<br><br>**Consolidated Class Action**<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO RESET FINAL APPROVAL HEARING DATE**<br><br>Judge: Hon. Noël Wise |

**INTRODUCTION**

Pursuant to Civil Local Rules 6-3 and 7-11, Plaintiffs request that the Court reset the Final Approval Hearing for the proposed Settlement in this case, currently set for September 29, 2027, to an earlier date. Defendant Apple Inc. takes no position on this administrative motion. *See* Decl. ¶ 3.[1] Shortening the time will not prejudice any party or absent class members, nor reduce the normal time to file opposition or reply briefs. In the event the Court grants final approval, an earlier hearing will benefit settlement class members by advancing the date by which Settlement payments could be distributed to Class Members. The requested advancement of the hearing will also not have any other impact on the case schedule and would likely result in a more efficient disposition of this case.

**ARGUMENT**

This Court has the "inherent power to control [its] dockets," including to advance a hearing upon a showing of "good cause." *WeRide Corp. v. Kun Huang*, 2019 WL 3555343, at *2 (N.D. Cal. Aug. 5, 2019) (citations omitted); *see also In re Apple Device Performance Litigation*, No. 18-md-2827-EJD (N.D. Cal. Dec. 12, 2022) at Dkt. No. 643 (advancing hearing date for final approval hearing); Civil L.R. 6-3. Good cause exists to advance the hearing date on the motion for final settlement approval.

On July 17, 2026, the Court issued the Order Granting Preliminary Approval of Class Action Settlement. ECF No. 94 (the "Preliminary Approval Order"). The Preliminary Approval Order provided a detailed Schedule of Events reflecting the timeline of various provisions in the Settlement Agreement which provided, in relevant part, that (1) the Notice date would be 45 calendar days after entry of the Preliminary Approval Order; and (2) the Claims Deadline and the Objection and Exclusion Deadline would occur 90 days thereafter. *Id*. at 7-8. The Settlement Agreement and the Schedule of Events further provided that the Final Approval Hearing would be set "at least 60 calendar days after Objection and Exclusion Deadline." *Id*. at 7. Accordingly, pursuant to the Preliminary Approval Order, the Final Approval Hearing may be set 195 days (45+90+60) or more after entry of the Preliminary Approval Order, *i.e.*, on or after January 28, 2027.

---

[1] "Decl." refers to the Declaration of Brian Danitz in support of this administrative motion filed concurrently herewith.

The Preliminary Approval Order set the Final Approval Hearing for September 29, 2027, at 9:00 a.m. *Id.* at 9. While that date is consistent with the terms of the Settlement, it is eight months after the earliest possible hearing date (January 28, 2027) under the Settlement Agreement. Plaintiffs respectfully request that the Court reset the hearing to February 24, 2027, or to the next available date for the Court, for the following reasons.

*First*, in the event the Court grants final approval of the Settlement, an earlier hearing date would advance the date by which Settlement payments could be distributed to Class Members. For example, if the hearing date were February 24, 2027, payments would go out to the Class about seven months earlier.

*Second*, Plaintiffs' final approval motion is due 35 days before the Final Approval Hearing or January 20, 2027 for a February 24, 2027 hearing date, in which case Plaintiffs would have a 52-day period after the Objection and Exclusion Deadline to complete their final approval briefing. That is a more-than-sufficient period of time for Plaintiffs to address all of the requirements set forth in the Northern District of California's Procedural Guidance for Class Action Settlements, including responses to any objections, information about the number of undeliverable class notices and claim packets, the number of class members who submitted valid claims, the number of class members who opted out, and the number of class members who objected to or commented on the settlement. Decl. ¶ 4. Indeed, the Administrator will be providing Class Counsel with the relevant data on an ongoing basis throughout the 90-day notice period. *Id.* Accordingly, there is ample time to prepare the final approval briefing.

*Third*, Notice has not yet gone out to the Class, so there is no risk of confusion, and the Notice has not yet been printed, so there is no additional expense associated with moving up the hearing date. *Id.* ¶ 5.

*Finally*, advancing the hearing date will not prejudice any party or absent class members, because under the Settlement Agreement the motion will be heard on the regular notice schedule pursuant to Civil Local Rule 7-2. Plaintiffs' requested advancement of the hearing will also not have any other impact on the schedule for this case and would likely result in a more efficient disposition of this case. *Id.* ¶ 6.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this administrative motion and advance the hearing date for the Final Approval Hearing to February 24, 2027, or to the next available date for the Court.

Respectfully submitted,

Dated: July 27, 2026

**COTCHETT, PITRE & McCARTHY, LLP**

By:  */s/ Brian Danitz*

BRIAN DANITZ
JOSEPH W. COTCHETT
KARIN B. SWOPE
ELLE D. LEWIS
PIERCE H. STANLEY
CAROLINE A. YUEN

**CLARKSON LAW FIRM, P.C.**

By:  */s/ Ryan J. Clarkson*

RYAN J. CLARKSON
YANA HART
BRYAN P. THOMPSON

**KAPLAN FOX & KILSHEIMER LLP**

By:  */s/ Laurence D. King*

LAURENCE D. KING
FREDERIC S. FOX
MATTHEW B. GEORGE
BLAIR E. REED
CLARISSA OLIVARES

*Co-Lead Counsel for Plaintiffs and the Class*

**<u>ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)</u>**

I, Brian Danitz, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of July 2026, at Burlingame, California.

/s/ *Brian Danitz*  
Brian Danitz