# Exhibit 12

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

Case No.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**COMPENDIUM OF CLASS REPRESENTATIVE DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

*[Filed Concurrently with Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards]*

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3, 5th Floor
Judge: Hon. Noël Wise

Plaintiffs respectfully submit this Compendium of Class Representative Declarations in support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards. The sixty-four (64) declarations listed below are attached hereto as Exhibits A through BL, arranged in alphabetical order by the declarant's last name.

**INDEX OF EXHIBITS**

| Exhibit | Declarant | Declaration |
|---|---|---|
| A | Michael J. Abata | Declaration of Michael J. Abata in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| B | Mark Adams | Declaration of Mark Adams in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| C | Jacob Anderson | Declaration of Jacob Anderson in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| D | Lily Biagini | Declaration of Lily Biagini in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| E | Jared Bukovich | Declaration of Jared Bukovich in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| F | Ryan Bulcher | Declaration of Ryan Bulcher in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| G | Kyra Burke | Declaration of Kyra Burke in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| H | Tyshaun Butler | Declaration of Tyshaun Butler in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| I | David Campos | Declaration of David Campos in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| J | Shaun Carroll | Declaration of Shaun Carroll in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| K | Marc Case | Declaration of Marc Case in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |

| Exhibit | Declarant | Declaration |
|---|---|---|
| L | Esther Choi | Declaration of Esther Choi in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| M | Jennifer Conway | Declaration of Jennifer Conway in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| N | Russell Crafts | Declaration of Russell Crafts in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| O | Kaitlyn DiFerdinando | Declaration of Kaitlyn DiFerdinando in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| P | Scott Domek | Declaration of Scott Domek in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| Q | Skyler Vincent Mamone Feldt | Declaration of Skyler Vincent Mamone Feldt in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| R | Matthew Floyd | Declaration of Matthew Floyd in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| S | Drew Franklin | Declaration of Drew Franklin in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| T | David Freeman | Declaration of David Freeman in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| U | Clint Gammons | Declaration of Clint Gammons in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| V | Steven Geisel | Declaration of Steven Geisel in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| W | Kaitlin Goodman | Declaration of Kaitlin Goodman in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| X | Michael D. Gotschall | Declaration of Michael D. Gotschall in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |

| Exhibit | Declarant | Declaration |
|---|---|---|
| Y | Luke Graves | Declaration of Luke Graves in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| Z | Christian Hackelman | Declaration of Christian Hackelman in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AA | Lloyd Hagemo | Declaration of Lloyd Hagemo in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AB | Michael Hopkins | Declaration of Michael Hopkins in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AC | Kristopher Huggins | Declaration of Kristopher Huggins in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AD | Mukesh Jethwani | Declaration of Mukesh Jethwani in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AE | Matthew Karadsheh | Declaration of Matthew Karadsheh in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AF | Jacob Kicha | Declaration of Jacob Kicha in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AG | Grace Kim | Declaration of Grace Kim in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AH | Peter Landsheft | Declaration of Peter Landsheft in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AI | Colton Lipchak | Declaration of Colton Lipchak in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AJ | Nyrek Mason | Declaration of Nyrek Mason in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AK | Connor McKee | Declaration of Connor McKee in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |

| Exhibit | Declarant | Declaration |
|---|---|---|
| AL | Olivia Mitton | Declaration of Olivia Mitton in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AM | Hunter Morgan | Declaration of Hunter Morgan in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AN | Michael Murphy | Declaration of Michael Murphy in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AO | Mariah L. Nelson | Declaration of Mariah L. Nelson in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AP | Lauren Norman | Declaration of Lauren Norman in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AQ | Taylor E. Oldfield-Zepeda | Declaration of Taylor E. Oldfield-Zepeda in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AR | Henrietta Owusu | Declaration of Henrietta Owusu in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AS | William Passmore | Declaration of William Passmore in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AT | David Ramirez | Declaration of David Ramirez in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AU | Gary Rasmussen | Declaration of Gary Rasmussen in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AV | Susan Rizzio | Declaration of Susan Rizzio in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AW | Margot Robinson | Declaration of Margot Robinson in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AX | Orlando Roddy | Declaration of Orlando Roddy in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |

| Exhibit | Declarant | Declaration |
|---|---|---|
| AY | Krystal Rodriguez | Declaration of Krystal Rodriguez in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| AZ | Daniel Ruiz | Declaration of Daniel Ruiz in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BA | Mary Ryan | Declaration of Mary Ryan in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BB | Jack Scalfani | Declaration of Jack Scalfani in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BC | Kiana Schlessner | Declaration of Kiana Schlessner in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BD | Devon Simmons | Declaration of Devon Simmons in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BE | Colby Stafford | Declaration of Colby Stafford in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BF | Frank Gray Stevenson, Jr. | Declaration of Frank Gray Stevenson, Jr. in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BG | Brooklyn Swanson | Declaration of Brooklyn Swanson in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BH | Christian Varbanovski | Declaration of Christian Varbanovski in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BI | Derrick Wallace | Declaration of Derrick Wallace in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BJ | John Wells | Declaration of John Wells in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |
| BK | Michael Wood | Declaration of Michael Wood in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |

| Exhibit | Declarant | Declaration |
|---|---|---|
| BL | Ronald Zemke | Declaration of Ronald Zemke in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards |

Respectfully submitted,

Dated: November 16, 2026

**COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Brian Danitz*
BRIAN DANITZ
JOSEPH W. COTCHETT
KARIN B. SWOPE
ELLE D. LEWIS
PIERCE H. STANLEY

**CLARKSON LAW FIRM, P.C.**

By: */s/ Ryan J. Clarkson*
RYAN J. CLARKSON
YANA HART
BRYAN P. THOMPSON

**KAPLAN FOX & KILSHEIMER LLP**

By: */s/ Laurence D. King*
LAURENCE D. KING
FREDERIC S. FOX
MATTHEW B. GEORGE
CLARISSA OLIVARES

*Co-Lead Counsel for Plaintiffs and the Class*

# EXHIBIT A

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Michael J. Abata in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MICHAEL J. ABATA IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Michael J. Abata, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from Apple's online store in or about October 2024. I paid approximately $1,099.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's social media advertisements about its new artificial intelligence features, Apple's representations at its 2024 Worldwide Developers Conference describing Enhanced Siri's capabilities, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.


Doc ID: f682240ea96cebd45cb20ee463cb9633f7b2cc29

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.


Doc ID: f682240ea96cebd45cb20ee463cb9633f7b2cc29

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Minnesota Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email.The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 48 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and


Doc ID: f682240ea96cebd45cb20ee463cb9633f7b2cc29

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Minnesota, that the foregoing is true and correct.

Executed on October 30, 2026, in Minnetonka, Minnesota.

Michael J. Abata


Doc ID: f682240ea96cebd45cb20ee463cb9633f7b2cc29

# EXHIBIT B

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Mark Adams in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MARK ADAMS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Mark Adams, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Plus ("Device") from Apple, online, by pre-order in or about September 2024. I paid approximately $1,029.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including the representations Apple made at its 2024 Worldwide Developers Conference highlighting Enhanced Siri, Apple's television commercial featuring Bella Ramsey that demonstrated Enhanced Siri's capabilities, such as viewing and performing tasks across multiple applications and helping Ramsey recall the name of someone they had met, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Missouri Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 22 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Missouri, that the foregoing is true and correct.

Executed on November 3, 2026, in Defiance, Missouri.

box SIGN 17VV32R8-13WL6K2K

Mark Adams

# EXHIBIT C

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Jacob Anderson in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF JACOB ANDERSON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Jacob Anderson, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from AT&T's online store in or about November 2024. I paid approximately $1,599.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including the representations Apple made at its 2024 Worldwide Developers Conference regarding Enhanced Siri, including its ability to gather and use personal information across email and all device applications to provide highly personalized assistance to iPhone users, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Colorado Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 30 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Colorado, that the foregoing is true and correct.

Executed on October 29, 2026, in Denver, Colorado.

Jacob Anderson

# EXHIBIT D

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Lily Biagini in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**APPLE INC.**, a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF LILY BIAGINI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Lily Biagini, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("**Motion**"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.


Doc ID: ac8aafd2cc4d9ed18ab4823ba7e04687b3f13783

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from an Apple Store in Marlboro, Massachusetts in or about November 2024. I paid approximately $1,000.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements on YouTube marketing Enhanced Siri and the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other

consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion

and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Massachusetts Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately two to three hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the Commonwealth of Massachusetts, that the foregoing is true and correct.

Executed on October 30, 2026, in Marlboro, Massachusetts.

Lily Biagini

Lily Biagini


Doc ID: ac8aafd2cc4d9ed18ab4823ba7e04687b3f13783

# EXHIBIT E

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Jared Bukovich in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF JARED BUKOVICH IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Jared Bukovich, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from Apple's online store in or about September 2024. I paid approximately $1,599.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's video advertisements, including Apple's television commercial for Apple Intelligence featuring Bella Ramsey interacting with an operable Enhanced Siri that intelligently assisted with remembering someone's name, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Minnesota Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 160 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Minnesota, that the foregoing is true and correct.

Executed on October 30, 2026, in Moorhead, Minnesota.

box SIGN 4KKK5VL8-4Q7JR7JQ

Jared Bukovich

# EXHIBIT F

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Ryan Bulcher in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF RYAN BULCHER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Ryan Bulcher, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from Apple's online store, by pre-order in or about September 2024. I paid approximately $1,199.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's television advertisements and online advertisements highlighting the iPhone 16's new artificial intelligence capabilities, especially Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Ohio Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 35 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Ohio, that the foregoing is true and correct.

Executed on Oct 28, 2026, in Mainville, Ohio.

Ryan Bulcher
box SIGN 4PRRJJK9-4Z3P5XYL
Ryan Bulcher

# EXHIBIT G

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Kyra Burke in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF KYRA BURKE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Kyra Burke, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from a T-Mobile store in Morgantown, West Virginia in or about February 2025. I paid approximately $915 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements describing Enhanced Siri's enhanced capabilities, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other

consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion

and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the West Virginia Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 5 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of West Virginia, that the foregoing is true and correct.

Executed on Oct 27, 2026, in Morgantown, West Virginia.

Kyra Burke
Kyra Burke (Oct 27, 2026 14:39:08 EDT)

Kyra Burke

# EXHIBIT H

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Tyshaun Butler in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF TYSHAUN BUTLER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Tyshaun Butler, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased an iPhone 16 Pro Max and an iPhone 16 Plus (the "Devices") from Apple's online store, by pre-order in or about September 2024. I paid approximately $2,434.09 in total for the Devices. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's marketing emails for the iPhone 16, Apple's Apple Intelligence advertisements on social media and in retail stores showcasing Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Devices would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Devices, I learned that the advertised Enhanced Siri features were not available on them. If I had known they would not come equipped with these features, I would not have purchased my Devices, or at least would have paid significantly less for them. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in April 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

b. I discussed with my attorneys the Motion to Consolidate Cases and the Court's order granting it.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the California Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately thirty (30) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of

the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct.

Executed on October 28, 2026, in Pittsburg, California.

box SIGN 1X22PV7V-4Y67RXQ3

Tyshaun Butler

# EXHIBIT I

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of David Campos in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF DAVID CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, David Campos, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from Boost Mobile's online store in or about September 2024. I paid approximately $1,285.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's 2024 Worldwide Developers Conference spotlighting Enhanced Siri's capabilities, subsequent online videos and advertisements from Apple explaining and demonstrating that the iPhone 16 was equipped with Enhanced Siri and would be able to perform advanced functions, acting as a digital personal assistant able to obtain and perform tasks across multiple applications with highly personalized intelligence, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents,

keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Illinois Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately twenty hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are

only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Illinois, that the foregoing is true and correct.

Executed on October 28, 2026, in Cicero, Illinois.

box SIGN 1JKKRXV2-1593L68X

David Campos

# EXHIBIT J

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Shaun Carroll in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF SHAUN CARROLL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Shaun Carroll, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from AT&T's online store in or about September 2024. I paid approximately $1,399.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's "Apple Intelligence" advertisements for the iPhone 16 showcasing Enhanced Siri features, such as its ability to act as a digital personal assistant by pulling information from multiple applications and performing other complicated tasks, including Apple's Bella Ramsey television commercial that demonstrated a fully operational Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Alabama Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email and postcard. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately twenty hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Alabama, that the foregoing is true and correct.

Executed on October 29, 2026, in Daphne, Alabama.

Shaun Carroll
box SIGN 4YXXZXVL-1XY77XJ5
Shaun Carroll

# EXHIBIT K

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Marc Case in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MARC CASE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Marc Case, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from an Apple Store in Freehold, New Jersey in or about October 2024. I paid approximately $1,199.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including the representations Apple made during its 2024 Worldwide Developers Conference regarding Enhanced Siri, and other subsequent Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the New Jersey Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 5 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of New Jersey, that the foregoing is true and correct.

Executed on November 3, 2026, in Manalapan, New Jersey.

Marc A Case
box SIGN 4PRRK5WY-468ZRW2J

Marc Case

# EXHIBIT L

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Esther Choi in Support of
Plaintiffs’ Motion for Attorneys’ Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF ESTHER CHOI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Esther Choi, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from her phone carrier, T-Mobile, in Orange, New Jersey in or about November 2024. I paid approximately $829.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements on social media and in the T-Mobile store highlighting the iPhone 16's new artificial intelligence features, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.


Doc ID: 178dc1cd29027a24715996f8482148644152 8958

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the New Jersey Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately two hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of New Jersey, that the foregoing is true and correct.

Executed on October 30, 2026 in West Orange, New Jersey.

Esther Choi

# EXHIBIT M

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Jennifer Conway in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**APPLE INC.**, a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF JENNIFER CONWAY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Jennifer Conway, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("**Motion**"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.


Doc ID: 51192913b80280e359cdaf91bd8a6c33b3790c3b

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Plus ("Device") from T-Mobile's online store in or about September 2024. I paid approximately $1,099.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements for the iPhone 16 on social media, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other


Doc ID: 51192913b80280e359cdaf91bd8a6c33b3790c3b

consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion


Doc ID: 51192913b80280e359cdaf91bd8a6c33b3790c3b

and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Montana Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.


Doc ID: 51192913b80280e359cdaf91bd8a6c33b3790c3b

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately five hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Montana, that the foregoing is true and correct.

Executed on October 30, 2026, in Hardin, Montana.

Jennifer Conway


Doc ID: 51192913b80280e359cdaf91bd8a6c33b3790c3b

# EXHIBIT N

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Russell Crafts in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**APPLE INC.**, a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF RUSSELL CRAFTS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Russell Crafts, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("**Motion**"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from T-Mobile's online store in or about December 2024. I paid approximately $850.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including television advertisements highlighting a fully operable Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence.

I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion

and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Connecticut Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 20 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Connecticut, that the foregoing is true and correct.

Executed on October 28, 2026, in West Haven, Connecticut.

Russell Crafts
box SIGN 1R553VYZ-4Y8LJ69P
Russell Crafts

# EXHIBIT O

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Kaitlyn DiFerdinando in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF KAITLYN DIFERDINANDO IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Kaitlyn DiFerdinando, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from an Apple Store in Towson, Maryland in or about October 2024. I paid approximately $799.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's video advertisements featuring Bella Ramsey interacting with an operable Enhanced Siri to help Ramsey remember someone's name, multiple billboards advertising the iPhone 16 with Apple Intelligence, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Maryland Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately ten hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Maryland, that the foregoing is true and correct.

Executed on October 28, 2026, in Reisterstown, Maryland.

Kaitlyn DiFerdinando
box SIGN 1388L5Y8-177L2JV8

Kaitlyn DiFerdinando

# EXHIBIT P

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Scott Domek in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF SCOTT DOMEK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Scott Domek, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from Apple's online store, by pre-order in or about September 2024. I paid approximately $1,299.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's website representations and promotional materials, which demonstrated Enhanced Siri, including its ability to perform cross-application functions with on-screen and highly intelligent personalized awareness, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Illinois Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately five hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Illinois, that the foregoing is true and correct.

Executed on October 28, 2026, in Chicago, Illinois.

Scott Domek
box SIGN 19QQVZJL-4Z3PJP6K
Scott Domek

# EXHIBIT Q

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Skyler Vincent Mamone Feldt in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**APPLE INC.**, a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF SKYLER VINCENT MAMONE FELDT IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Skyler Vincent Mamone Feldt, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("**Motion**"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from an Apple Store in Murray, Utah in or about October 2024. I paid approximately $1,500.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including a video advertisement featuring Bella Ramsey, in which Ramsey asks Siri a question without referring to a calendar and Siri, in seconds, searched applications, found an answer in a calendar, and provided Ramsey with an answer, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in May 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I discussed with my attorneys the Motion to Consolidate Cases and the Court's order granting it.

e. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

f. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also

kept me updated on discovery, scheduling, and other developments as the case progressed.

g. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

h. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Utah Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 14 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case.

I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Utah, that the foregoing is true and correct.

Executed on 10/26/202(, in Lehi, Utah.

Skyler Vincent Mamone Feldt (Oct 26, 2026 16:54:49 MDT)

Skyler Vincent Mamone Feldt

# EXHIBIT R

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Matthew Floyd in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MATTHEW FLOYD IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Matthew Floyd, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from his phone carrier, Visible, online in or about December 2024. I paid approximately $1,189.68 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including various Apple advertisements, a promotional video from Apple highlighting the improved Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Texas Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately twenty (20) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Texas, that the foregoing is true and correct.

Executed on October 30, 2026, in Tyler, Texas.

Matthew Floyd
box SIGN 1JKKL3JY-4Y67JKZP

Matthew Floyd

# EXHIBIT S

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Drew Franklin in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF DREW FRANKLIN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Drew Franklin, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from Apple's online store, by pre-order in or about September 2024. I paid approximately $1,099.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's representations regarding the iPhone 16, specifically its artificial intelligence capabilities and Enhanced Siri, made during the iPhone 16 launch event on September 9, 2024, and in an Apple Newsroom press release titled "Introducing Apple Intelligence" published the same day, which featured Enhanced Siri capabilities. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the New Jersey Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately thirty (30) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19 **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of New Jersey, that the foregoing is true and correct.

Executed on October 30, 2026, in Woodcliff Lake, New Jersey.

Drew Franklin
box SIGN 1VRRRYZ6-42W9R2JW
Drew Franklin

# EXHIBIT T

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of David Freeman in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF DAVID FREEMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, David Freeman, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased three iPhone 16s, namely, two iPhone 16 Pro Max and an iPhone 16 Pro, (the "Devices") from T-Mobile in or about September 2024. I paid approximately $3,499.97 in total for the three Devices. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including the statements Apple made at its 2024 Worldwide Developers Conference highlighting the capabilities of Apple Intelligence and Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Devices would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Devices, I learned that the advertised Enhanced Siri features were not available on them. If I had known it would not come equipped with these features, I would not have purchased my Devices, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Devices in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Missouri Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form for the three Devices.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately twenty (20) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19 **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Missouri, that the foregoing is true and correct.

Executed on October 30, 2026, in Liberty, Missouri.

box SIGN 4ZZZJL39-18Y3R2PQ
David Freeman

# EXHIBIT U

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Clint Gammons in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF CLINT GAMMONS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Clint Gammons, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased two iPhone 16 Pro Max phones ("Devices") from a Spectrum store in Appleton, Wisconsin in or about October 2024. I paid approximately $2,399.98 for both Devices. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements on television and social media regarding Apple Intelligence and Enhanced Siri, the information Apple provided at its 2024 Worldwide Developers Conference regarding Apple Intelligence and specifically Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Wisconsin Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted both of my Claim Forms.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 20 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Florida, that the foregoing is true and correct.

Executed on October 30, 2026, in Greenville, Florida.

box SIGN 1X22JPKJ-1V8YJXL7

Clint Gammons

# EXHIBIT V

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Steven Geisel in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF STEVEN GEISEL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Steven Geisel, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from Xfinity Mobile's online store in or about September 2024. I paid approximately $1,299.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including the representations Apple made regarding Enhanced Siri at its 2024 Worldwide Developers Conference, including its new ability to perform multi-step tasks across a user's applications and otherwise interact intelligently with a user's personal data, such as searching a calendar, creating reminders, and understanding and performing complex tasks with cross-application, on-screen, contextual, and personalized awareness, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents,

keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Georgia Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by Email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 10 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys

are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Florida, that the foregoing is true and correct.

Executed on October 28, 2026, in Parrish, Florida.

Steven Geisel
box SIGN 1388LVQQ-13P27ZY9
Steven Geisel

# EXHIBIT W

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Kaitlin Goodman in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF KAITLIN GOODMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Kaitlin Goodman, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from her mobile carrier, AT&T, online in or about December 2024. I paid approximately $899 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's social media advertisements for the iPhone 16, statements Apple made at its 2024 Worldwide Developers Conference, billboards advertising the "smarter Siri," television commercials touting artificial intelligence productivity features and Enhanced Siri's advanced capabilities, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Oregon Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by Email . The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 12.5 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Oregon, that the foregoing is true and correct.

Executed on October 28, 2026, in Portland, Oregon.

Kaitlin Goodman
box SIGN 4PRR3229-4WX3RLX6
Kaitlin Goodman

# EXHIBIT X

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Michael D. Gotschall in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MICHAEL D. GOTSCHALL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Michael D. Gotschall, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from Visible in or about November 2024. I paid approximately $999.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's video advertisements, including Apple's Bella Ramsey television commercial depicting an operable Enhanced Siri helping Ramsey remember someone's name, Apple's 2024 Worldwide Developers Conference presentation, Apple's launch event for the iPhone 16, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Texas Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by Email and Postcard. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 5 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Texas, that the foregoing is true and correct.

Executed on Oct 27, 2026, in Austin, Texas.

michael dallas gotschall
box SIGN 4LK7Q95L-4LY5W9X2

Michael D. Gotschall

# EXHIBIT Y

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Luke Graves in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF LUKE GRAVES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Luke Graves, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from his carrier, AT&T in or about October 2024. I paid approximately $1,199.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including various Apple advertisements and billboards touting the new Apple Intelligence features, especially Enhanced Siri's ability to perform advanced tasks across applications, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Rhode Island Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 25 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Connecticut, that the foregoing is true and correct.

Executed on Oct 29, 2026, in West Haven, Connecticut.

box SIGN 15YY7P8P-42QJWWY7

Luke Graves

# EXHIBIT Z

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Christian Hackelman in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF CHRISTIAN HACKELMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Christian Hackelman, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from his carrier, AT&T, by pre-order in or about September 2024. I paid approximately $1,099.00 through monthly installments for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements throughout social media and the representations Apple made during its 2024 Worldwide Developers Conference regarding artificial intelligence and the advanced tasks Enhanced Siri could complete by recognizing his activity patterns and acting intelligently across multiple applications on the phone with personalized awareness, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Oklahoma Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 7 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Oklahoma, that the foregoing is true and correct.

Executed on Oct 28, 2026, in Edmond, Oklahoma.

Christian Hackelman
box SIGN 1VRJ2ZY2-42QJ93KX
Christian Hackelman

# EXHIBIT AA

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Lloyd Hagemo in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF LLOYD HAGEMO IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Lloyd Hagemo, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from an Apple Store in Edina, Minnesota in or about November 2024. I paid approximately $1,399.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's television commercials regarding the iPhone 16's Apple Intelligence and Enhanced Siri, Apple's in-store advertisements for Apple Intelligence, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Minnesota Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 35 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Minnesota, that the foregoing is true and correct.

Executed on November 3, 2026, in Minneapolis, Minnesota.

Lloyd Hagemo
box SIGN 15YYZLKK-4Y6R9ZWJ

Lloyd Hagemo

# EXHIBIT AB

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Michael Hopkins in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MICHAEL HOPKINS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Michael Hopkins, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from Apple's online store in or about October 2024. I paid approximately $1,167.69 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's video advertisements and Apple's 2024 Worldwide Developers Conference presentation emphasizing Enhanced Siri's capabilities, Apple's later advertisements marketing the iPhone 16's incorporation of Apple Intelligence and the related new Enhanced Siri functionality, including advertisements regarding Siri's ability to access and analyze information across multiple iPhone 16 applications to create highly personalized and user-specific responses, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents,

keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in March 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Class Action Complaint (case no. 5:25-cv-02914, filed on March 28, 2025) filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I discussed with my attorneys the Motion to Consolidate Cases and the Court's order granting it.

e. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

f. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also

kept me updated on discovery, scheduling, and other developments as the case progressed.

g. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

h. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Illinois Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately fifteen hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs

and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Illinois, that the foregoing is true and correct.

Executed on October 27, 2026, in Rockford, Illinois.

Michael Hopkins

# EXHIBIT AC

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Kristopher Huggins in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF KRISTOPHER HUGGINS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Kristopher Huggins, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from his carrier, AT&T, through its online store, by pre-order in or about September 2024. I paid approximately $1,299.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's YouTube advertisements and the representations Apple made at its annual developers conference, WWDC 2024, regarding Enhanced Siri's capabilities, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Georgia Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately ten hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Georgia, that the foregoing is true and correct.

Executed on October 30, 2026, in Canton, Georgia.

box SIGN 18RR57P7-1XY7JJZP

Kristopher Huggins

# EXHIBIT AD

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Mukesh Jethwani in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MUKESH JETHWANI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Mukesh Jethwani, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from Apple's online store in or about September 2024. I paid approximately $2,000.16 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including a video advertisement featuring Bella Ramsey, in which Ramsey asks Siri a question and Siri quickly answers it by accessing the calendar and other information, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Utah Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 2 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Utah, that the foregoing is true and correct.

Executed on October 30, 2026, in Elk Ridge, Utah.

box SIGN 4ZZZJJ7K-1RJ38WJ9
Mukesh Jethwani

# EXHIBIT AE

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Matthew Karadsheh in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MATTHEW KARADSHEH IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Matthew Karadsheh, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from a UScellular store in Bettendorf, Iowa in or about October 2024. I paid approximately $829.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with

my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Iowa Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately ten hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Iowa, that the foregoing is true and correct.

Executed on October 29, 2026, in Davenport, Iowa.

box SIGN 4PRR78Z7-15933KJ2

Matthew Karadsheh

# EXHIBIT AF

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Jacob Kicha in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF JACOB KICHA IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Jacob Kicha, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from an Apple Store in Bellevue, Washington in or about January 2025. I paid approximately $1,211.10 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's Worldwide Developers Conference presentation in June 2024, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Washington Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. . The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 15 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Washington, that the foregoing is true and correct.

Executed on October 30, 2026in Sammamish, Washington.

box SIGN 138859ZK-196V39Z6

Jacob Kicha

# EXHIBIT AG

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Grace Kim in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF GRACE KIM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Grace Kim, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from AT&T's online store in or about September 2024. I paid approximately $1,100.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's representations at its 2024 Worldwide Developers Conference about advanced artificial intelligence functions, including Enhanced Siri, and other later advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the New Jersey Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately eighty (80) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19 **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to **one-third (1/3)** of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of New Jersey, that the foregoing is true and correct.

Executed on November 5, 2026 in Palisades Park, New Jersey.

Grace Kim
box SIGN 42ZR2J2P-4ZVQWVJ6
Grace Kim

# EXHIBIT AH

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Peter Landsheft in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF PETER LANDSHEFT IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Peter Landsheft, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from Apple, via his phone carrier in or about October 2024. I paid approximately $1,153.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's representations regarding its new artificial intelligence features, especially the Enhanced Siri functions, including the ability to act as a personal assistant by gathering information across various applications and providing on-screen awareness of emails, texts, calendar entries, and more, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in March 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I discussed with my attorneys the Motion to Consolidate Cases and the Court's order granting it.

e. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

f. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

g. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

h. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the California Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 40 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys

are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct.

Executed on Oct 28, 2026, in San Diego, California.

Peter J Landsheft
box SIGN 4YXXRKQJ-4PQVYY2W

Peter Landsheft

# EXHIBIT AI

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Colton Lipchak in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF COLTON LIPCHAK IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Colton Lipchak, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from Apple's online store in or about September 2024. I paid approximately $1,100.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's television and online advertisements that highlighted Enhanced Siri's supposedly new abilities to perform actions across multiple applications, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Pennsylvania Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by Email The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 12 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the Commonwealth of Pennsylvania, that the foregoing is true and correct.

Executed on October 28, 2026, in Pittsburg, Pennsylvania.

box SIGN 42ZZK92W-13P27LP6

Colton Lipchak

# EXHIBIT AJ

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Nyrek Mason in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF NYREK MASON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Nyrek Mason, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from an Apple Store in Washington, D.C. in or about September 2024. I paid approximately $847.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's television and YouTube advertisements, billboards, and Apple's online marketing materials, which demonstrated new artificial intelligence features such as an improved and advanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Virginia Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately fifty (50) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19 **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the Commonwealth of Virginia, that the foregoing is true and correct.

Executed on October 30, 2026, in Arlington, Virginia.

Nyrek Mason
box SIGN 4KKK5PXX-1RJ38QQP
Nyrek Mason

# EXHIBIT AK

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Connor McKee in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF CONNOR MCKEE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Connor McKee, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from a T-Mobile store in Philadelphia, Pennsylvania in or about February 2025. I paid approximately $999.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's video advertisements, including the Bella Ramsey television commercial demonstrating an operable Enhanced Siri helping Ramsey to remember someone's name, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Pennsylvania Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 30 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the Commonwealth of Pennsylvania, that the foregoing is true and correct.

Executed on ___Nov 3, 2026___, in Philadelphia, Pennsylvania.

Connor McKee
box SIGN 4ZZZ77YL-4LY5ZJ29
Connor McKee

# EXHIBIT AL

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Olivia Mitton in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF OLIVIA MITTON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Olivia Mitton, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.


Doc ID: 1880c84bc79b393a03e6e58abcda6d5252bc3fe8

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from AT&T's online store in or about September 2024. I paid approximately $1,099.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements demonstrating Enhanced Siri's ability to act as a highly personal and intelligent virtual assistant, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in May 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.


Doc ID: 1880c84bc79b393a03e6e58abcda6d5252bc3fe8

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Mississippi Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain


Doc ID: 1880c84bc79b393a03e6e58abcda6d5252bc3fe8

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately four hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Mississippi, that the foregoing is true and correct.

Executed on October 30, 2026, in Clinton, Mississippi.

Olivia Mitton


Doc ID: 1880c84bc79b393a03e6e58abcda6d5252bc3fe8

# EXHIBIT AM

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Hunter Morgan in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF HUNTER MORGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Hunter Morgan, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from Spectrum Mobile, online in or about September 2024. I paid approximately $1,199.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including advertisements that highlighted an Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other

consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion

and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Michigan Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately eight hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Michigan, that the foregoing is true and correct.

Executed on October 30, 2026, in Houghton Lake, Michigan.

Hunter Morgan


Doc ID: 5e9bffee37022c341abf113abff6163abca13513

# EXHIBIT AN

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Michael Murphy in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MICHAEL MURPHY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Michael Murphy, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from an Apple Store in Sarasota, Florida in or about December 2024. I paid approximately $1,155.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's promotions marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with

my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Florida Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately three hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Florida, that the foregoing is true and correct.

Executed on October 30, 2026, in North Port, Florida.




Michael Murphy

# EXHIBIT AO

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Mariah L. Nelson in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MARIAH L. NELSON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Mariah L. Nelson, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from AT&T's online store, through financing in or about October 2024. I paid approximately $1,199.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertising regarding Enhanced Siri, including the representations Apple made at its 2024 Worldwide Developers Conference, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the North Carolina Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately eight (8) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3)of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of North Carolina, that the foregoing is true and correct.

Executed on November 3, 2026, in Roxboro, North Carolina.

Mariah L. Nelson
box SIGN 138823R6-4Y6RK39R

Mariah L. Nelson

# EXHIBIT AP

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Lauren Norman in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**APPLE INC.**, a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF LAUREN NORMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Lauren Norman, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("**Motion**"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.


Doc ID: 792b4dc7f132bfd971c35fc44efb7f1fb283957e

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Plus ("Device") from Spectrum Mobile in or about February 2025. I paid approximately $1,029.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in August 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple

Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Second Consolidated Amended Class Action Complaint, which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.


Doc ID: 792b4dc7f132bfd971c35fc44efb7f1fb283957e

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the California Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by e-mail. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.


Doc ID: 792b4dc7f132bfd971c35fc44efb7f1fb283957e

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 21 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaint and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct.

Executed on October 27, 2026, in Long Beach, California.

Lauren Norman


Doc ID: 792b4dc7f132bfd971c35fc44efb7f1fb283957e

# EXHIBIT AQ

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Taylor E. Oldfield-Zepeda in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF TAYLOR E. OLDFIELD-ZEPEDA IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Taylor E. Oldfield-Zepeda, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from the Apple Store in Tigard, Oregon in or about October 2024. I paid approximately $1,099.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's television commercials, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Oregon Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 20 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated

this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Oregon, that the foregoing is true and correct.

Executed on Oct 29, 2026, in Gresham, Oregon.

box SIGN 1JKKRXL9-1J89QQW8

Taylor E. Oldfield-Zepeda

# EXHIBIT AR

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Henrietta Owusu in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF HENRIETTA OWUSU IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Henrietta Owusu, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.


Doc ID: 000ccf148c01764dc69d6b8775cfa011d1ec3f73

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from an Apple Store in Columbia, Maryland in or about September 2024. I paid approximately $824 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri, as well as promotional materials regarding the iPhone 16's Apple Intelligence and Enhanced Siri from iDrop News and during Apple's September 2024 iPhone 16 launch event. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Maryland Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 12.5 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to [one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and


Doc ID: 000ccf148c01764dc69d6b8775cfa011d1ec3f73

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Maryland, that the foregoing is true and correct.

Executed on October 30, 2026, in Columbia, Maryland.

Henrietta Owusu


Doc ID: 000ccf148c01764dc69d6b8775cfa011d1ec3f73

# EXHIBIT AS

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of William Passmore in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**APPLE INC.**, a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF WILLIAM PASSMORE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, William Passmore, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("**Motion**"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.


Doc ID: 35dce8e54b8cf8e889529cbfe0cb942fa9ac1faa

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from an Apple Store in Salem, New Hampshire in or about September 2024. I paid approximately $1,499.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's keynote presentations at WWDC 2024 and at the iPhone 16 launch featuring Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the New Hampshire Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately ten hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of New Hampshire, that the foregoing is true and correct.

Executed on October 30, 2026, in Chester, New Hampshire.

William Passmore


Doc ID: 35dce8e54b8cf8e889529cbfe0cb942fa9ac1faa

# EXHIBIT AT

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of David Ramirez in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF DAVID RAMIREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, David Ramirez, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from a T-Mobile store in Gainesville, Florida in or about September 2024. I paid approximately $1,289.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with

my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Florida Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 10 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of California, that the foregoing is true and correct.

Executed on October 28, 2026, in Santa Clarita, California.

box SIGN 18RR3576-1V2ZJRW2

David Ramirez

# EXHIBIT AU

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Gary Rasmussen in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF GARY RASMUSSEN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Gary Rasmussen, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from an Apple Store in Anchorage, Alaska in or about October 2024. I paid approximately $999.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including demonstrations and descriptions of the iPhone 16's Enhanced Siri, including technical write-ups, blog posts, and articles online regarding the promised artificial intelligence features, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. In addition, I had been experiencing ongoing issues with my HomePod devices and communicated with Apple support and engineering personnel regarding those issues. Apple representatives advised me that upgrading to the iPhone 16 Pro, with its new Apple Intelligence and Enhanced Siri capabilities, would improve or help resolve my HomePod-related issues and provide a more advanced and integrated Siri experience across my Apple devices. I understood those advertisements and representations to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also

kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Alaska Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 40 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs

and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Alaska, that the foregoing is true and correct.

Executed on October 28, 2026, in Anchorage, Alaska.

Gary Rasmussen

# EXHIBIT AV

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Susan Rizzio in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF SUSAN RIZZIO IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Susan Rizzio, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from Apple's authorized reseller, a UScellular online store in or about September 2024. I paid approximately $1,199.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including multiple Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence.

I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion

and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Iowa Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately fifteen hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Iowa, that the foregoing is true and correct.

Executed on October 29, 2026, in Marion, Iowa.

box SIGN 1388V8PW-468JJPR2
Susan Rizzio

# EXHIBIT AW

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Margot Robinson in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MARGOT ROBINSON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Margot Robinson, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from a Verizon store in Northport, New York, through financing in or about September 2024. I paid approximately $1,111.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including advertisements on Apple's website demonstrating that, with Apple Intelligence, the new, personalized Enhanced Siri could extract information from across multiple applications on the iPhone 16, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in June 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

b. I discussed with my attorneys the Motion to Consolidate Cases and the Court's order granting it.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the New York Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately twenty-five (25) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19 **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are

only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of New York, that the foregoing is true and correct.

Executed on November 5, 2026, in Northport, New York.

Margot Robinson
box SIGN 4PR67QZW-1V8V5WK5

Margot Robinson

# EXHIBIT AX

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Orlando Roddy in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF ORLANDO RODDY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Orlando Roddy, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from his mobile carrier, Spectrum Mobile in or about February 2025. I paid approximately $999.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's television advertisements depicting the new artificial intelligence features integrated into Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the South Carolina Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 20 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of South Carolina, that the foregoing is true and correct.

Executed on Oct 28, 2026, in Greenville, South Carolina.

box SIGN 1R5566W9-182PJ8R2

Orlando Roddy

# EXHIBIT AY

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Krystal Rodriguez in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF KRYSTAL RODRIGUEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Krystal Rodriguez, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 ("Device") from Xfinity Mobile's online store in or about September 2024. I paid approximately $929.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's television and social media advertisements for the iPhone 16, the representations Apple made during its 2024 Worldwide Developers Conference regarding Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Indiana Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I have reviewed the information on the Settlement Website, www.SmartphoneAISettlement.com, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately twenty hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Indiana, that the foregoing is true and correct.

Executed on October 28, 2026, in Whiting, Indiana.

box SIGN 42ZZK6XV-1V2Z9WLW

Krystal Rodriguez

# EXHIBIT AZ

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Daniel Ruiz in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF DANIEL RUIZ IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Daniel Ruiz, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from Best Buy's online store, by pre-order in or about September 2024. I paid approximately $1,174.24 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements on social media regarding Enhanced Siri and Apple's representations at its 2024 Worldwide Developers Conference highlighting Apple Intelligence, including Enhanced Siri's featured ability to integrate and act intelligently on information from across applications, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Ohio Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by Email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 13.5 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Kentucy, that the foregoing is true and correct.

Executed on October 28, 2026, in Lexington, Kentucky.

Daniel Ruiz
box SIGN 1VRRYJ7P-1XZ6J965
Daniel Ruiz

# EXHIBIT BA

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Mary Ryan in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF MARY RYAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Mary Ryan, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Plus ("Device") from an Apple Store in Omaha, Nebraska in or about October 2024. I paid approximately $929.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including television advertisements demonstrating Apple's new artificial intelligence features and Enhanced Siri's highly advanced ability to recall personalized information across multiple applications in order to answer detailed questions, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Nebraska Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately three hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19 **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to **one-third (1/3)**of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Nebraska, that the foregoing is true and correct.

Executed on November 4, 2026, in Omaha, Nebraska.



box SIGN 1387V636-4689WRQP

Mary Ryan

# EXHIBIT BB

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Jack Scalfani in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF JACK SCALFANI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Jack Scalfani, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased four iPhone 16 Pro Max devices (the "Devices") from AT&T in or about October 2024. I paid approximately $1,199.99 for each Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements for the iPhone 16 on social media, Apple's representations at WWDC 2024 showcasing Apple Intelligence and Enhanced Siri, including its ability to act intelligently on information from across multiple applications, and Apple's subsequent advertisements marketing the iPhone 16's incorporation of the promised Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Devices would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Devices, I learned that the advertised Enhanced Siri features were not available on them. If I had known they would not come equipped with these features, I would not have purchased my Devices, or at least would have paid significantly less for them. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Tennessee Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 25 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Tennessee, that the foregoing is true and correct.

Executed on Oct 28, 2026, in Greenbriar, Tennessee.

box SIGN 42ZZKK8X-1RWRL92Z
Jack Scalfani

# EXHIBIT BC

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Kiana Schlessner in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF KIANA SCHLESSNER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Kiana Schlessner, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from Spectrum's website in or about September 2024. I paid approximately $999.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including online advertisements on Apple's website demonstrating "Apple Intelligence" features, the centerpiece of which was Enhanced Siri, and otherwise highlighting the new personalized Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence.

I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion

and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Arizona Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately five hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Arizona, that the foregoing is true and correct.

Executed on November 2, 2026, in Yuma, Arizona.

box SIGN 46WWLKR8-18Y6LY6J

Kiana Schlessner

# EXHIBIT BD

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Devon Simmons in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF DEVON SIMMONS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Devon Simmons, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 15 Pro Max ("Device") from an Apple Store in Farmington, Utah in or about July 2024. I paid approximately $1,285.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including news articles on TechRadar and other websites regarding the Apple Intelligence features announced at WWDC 2024, and other Apple advertisements marketing the iPhone 15 Pro Max's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in May 2026, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Second Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Second Consolidated Amended Class Action Complaint, which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion

and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Utah Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 11 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaint and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Utah, that the foregoing is true and correct.

Executed on October 29, 2026, in Clinton City, Utah.

Devon Simmons
box SIGN 4WRRPLRZ-4WW78VK3

Devon Simmons

# EXHIBIT BE

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Colby Stafford in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF COLBY STAFFORD IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Colby Stafford, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from Apple's online store, by pre-order in or about September 2024. I paid approximately $1,199.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including the representations Apple made about Enhanced Siri during its 2024 Worldwide Developers Conference, and various Apple advertisements on social media demonstrating that artificial intelligence would be integrated with Enhanced Siri on the iPhone 16. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Indiana Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately four hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Indiana, that the foregoing is true and correct.

Executed on October 28, 2026, in Dubois, Indiana.

box SIGN 15YYQKWZ-1V2Z93JX

Colby Stafford

# EXHIBIT BF

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Frank Gray Stevenson, Jr. in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**APPLE INC.**, a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF FRANK GRAY STEVENSON, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, Frank Gray Stevenson, Jr., hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("**Motion**"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.


Doc ID: 00c8edb00f76dad9c20866929fdb41726b2617a1

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from the Apple Store, online in or about September 2024. I paid approximately $1,148.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements on streaming media platforms and social media, including TikTok and Instagram, featuring Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.


Doc ID: 00c8edb00f76dad9c20866929fdb41726b2617a1

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the North Carolina Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately ten hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated


Doc ID: 00c8edb00f76dad9c20866929fdb41726b2617a1

this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of North Carolina, that the foregoing is true and correct.

Executed on October 30, 2026, in Semora, North Carolina.

Frank Gray Stevenson, Jr.

Frank Gray Stevenson, Jr.


Doc ID: 00c8edb00f76dad9c20866929fdb41726b2617a1

# EXHIBIT BG

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Brooklyn Swanson in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF BROOKLYN SWANSON IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Brooklyn Swanson, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased two iPhone 16 Plus devices (the "Devices") from Verizon, online in or about January 2025. I paid approximately $929.99 for each Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's television commercials and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Devices would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Devices, I learned that the advertised Enhanced Siri features were not available on them. If I had known they would not come equipped with these features, I would not have purchased my Devices, or at least would have paid significantly less for them. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence.

I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion

and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Kentucky Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately thirty hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the Commonwealth of Kentucky, that the foregoing is true and correct.

Executed on November 2, 2026, in London, Kentucky.

box SIGN 4WRRZ7XX-1XYV7WQL

Brooklyn Swanson

# EXHIBIT BH

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Christian Varbanovski in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF CHRISTIAN VARBANOVSKI IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Christian Varbanovski, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro ("Device") from an Apple Store in New York County, New York in or about September 2024. I paid approximately $1,414.29 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's promise that the iPhone 16 was "built for Apple Intelligence," a large billboard near my apartment that read "Hello Apple Intelligence," and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in April 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I discussed with my attorneys the Motion to Consolidate Cases and the Court's order granting it.

e. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

f. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

g. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

h. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the New York Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I have reviewed the information on the Settlement Website, www.SmartphoneAISettlement.com, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately twelve hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek attorneys' fees. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of New York, that the foregoing is true and correct.

Executed on October 30, 2026, in New York, New York.

box SIGN 17VV5J7X-4LQ97782

Christian Varbanovski

# EXHIBIT BI

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Derrick Wallace in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF DERRICK WALLACE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Derrick Wallace, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Pro Max ("Device") from his carrier, FirstNet, in-store in Pueblo, Colorado in or about September 2024. I paid approximately $1,200.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's television and social media advertisements concerning the iPhone 16, the representations Apple made during its 2024 Worldwide Developers Conference featuring Enhanced Siri, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the New Mexico Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately twenty (20) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19 **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of New Mexico, that the foregoing is true and correct.

Executed on October 30, 2026, in Raton, New Mexico.

Derrick Wallace
box SIGN 15YY5RQ2-4PK3RZZW

Derrick Wallace

# EXHIBIT BJ

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of John Wells in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PETER LANDSHEFT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.: 5:25-cv-02668-NW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**DECLARATION OF JOHN WELLS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Date: February 24, 2027<br>Time: 9:00 a.m.<br>Location: Courtroom 3 – 5th Floor<br>Judge: Hon. Noël Wise |

I, John Wells, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Plus ("Device") from a Best Buy store in Las Vegas, Nevada in or about December 2024. I paid approximately $929.99 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's advertisements on YouTube and on billboards claiming that Enhanced Siri would be able to process personal information and complete advanced commands across a series of applications, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Nevada Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 12 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Nevada, that the foregoing is true and correct.

Executed on October 30, 2026, in Henderson, Nevada.

box SIGN 4QRRZ6R2-18Y3RKQW
John Wells

# EXHIBIT BK

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Michael Wood in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF MICHAEL WOOD IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Michael Wood, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased the iPhone 16 Plus ("Device") from Apple, by pre-order in or about September 2024. I paid approximately $1,029.00 for the Device. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's WWDC 2024 conference on YouTube depicting the next iPhone's Apple Intelligence capabilities, including Enhanced Siri, and later advertisements representing that the iPhone 16 would be equipped with Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Device would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Device, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Device, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

b. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

c. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

d. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

e. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

f. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

g. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

7. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Missouri Subclass of consumers who purchased an Eligible Device during the same period.

8. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

9. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

10. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

11. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

12. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

13. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

14. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

15. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately 22 hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

16. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

17. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to one-third (1/3) of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Missouri, that the foregoing is true and correct.

Executed on November 3, 2026 in Defiance, Missouri.

box SIGN 1JKKVQQ5-13WL6JVZ

Michael Wood

# EXHIBIT BL

*Peter Landsheft v. Apple Inc.*
Case No. 5:25-cv-02668-NW

Declaration of Ronald Zemke in Support of
Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards

**CLARKSON LAW FIRM, P.C.**
RYAN J. CLARKSON (SBN 257074)
*rclarkson@clarksonlawfirm.com*
YANA HART (SBN 306499)
*yhart@clarksonlawfirm.com*
BRYAN P. THOMPSON (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**KAPLAN FOX & KILSHEIMER LLP**
LAURENCE D. KING (SBN 206423)
*lking@kaplanfox.com*
MATTHEW B. GEORGE (SBN 239322)
*mgeorge@kaplanfox.com*
CLARISSA OLIVARES (SBN 343455)
*colivares@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Tel: (415) 772-4700

**COTCHETT, PITRE & McCARTHY, LLP**
JOSEPH W. COTCHETT (SBN 36324)
*jcotchett@cpmlegal.com*
BRIAN DANITZ (SBN 247403)
*bdanitz@cpmlegal.com*
KARIN B. SWOPE (*Pro Hac Vice*)
*kswope@cpmlegal.com*
ELLE D. LEWIS (SBN 238329)
*elewis@cpmlegal.com*
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

*Co-Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PETER LANDSHEFT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

APPLE INC., a California corporation,

Defendant.

CASE NO.: 5:25-cv-02668-NW

**CONSOLIDATED CLASS ACTION**

**DECLARATION OF RONALD ZEMKE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

Date: February 24, 2027
Time: 9:00 a.m.
Location: Courtroom 3 – 5th Floor
Judge: Hon. Noël Wise

I, Ronald Zemke, hereby declare:

1. I am a Class Representative in this action and respectfully submit this Declaration in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards ("Motion"). I have personal knowledge of all the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

2. Unless otherwise defined, capitalized terms in this Declaration have the same meaning as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Joint Declaration of Proposed Class Counsel Ryan J. Clarkson, Brian Danitz, and Laurence D. King in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 78-1).

3. I am a member of the Settlement Class of purchasers of Eligible Devices. I purchased three iPhone 16 Pro Max phones ("Devices") from a T-Mobile kiosk at Costco in or about September 2024. I paid approximately $3,597.00 for the three Devices. Before purchasing, I saw and relied on Apple's advertising for "Apple Intelligence" and Enhanced Siri, including Apple's representations regarding Apple Intelligence and Enhanced Siri at its 2024 Worldwide Developers Conference, and other Apple advertisements marketing the iPhone 16's incorporation of Apple Intelligence, the centerpiece of which was Enhanced Siri. I understood those advertisements to mean that my Devices would come equipped with the advertised Enhanced Siri capabilities. After I purchased and set up my Devices, I learned that the advertised Enhanced Siri features were not available on it. If I had known it would not come equipped with these features, I would not have purchased my Devices, or at least would have paid significantly less for it. I volunteered to be a plaintiff in this case because I believe that companies should truthfully advertise their products so that consumers like me know what they are buying and spending their money on.

4. Before bringing this lawsuit, I understood and agreed to the following:

a. As a Class Representative, I would represent the interests of all members of the Class;

b. I would always consider the interests of the Class just as I would consider my own interests; and

c. I would participate in the lawsuit, such as by testifying at deposition and trial if necessary, answering written questions and providing documents, keeping generally aware of the status and progress of the lawsuit, and staying in communication with my counsel.

5. **Involvement in the Litigation.** Since I became involved in this action in July 2025, I have worked closely with my attorneys to bring this case to a resolution on behalf of myself and other consumers who purchased an Eligible Device in reliance on Apple's advertising of Apple Intelligence. I have also actively participated in the litigation, cooperated with and remained in regular contact with my attorneys, provided my attorneys with important information about the underlying facts of the claims, stayed informed of case developments, and searched for and produced relevant information, documents, and evidence as requested by my counsel, among other case-related tasks.

6. My involvement in this case has included the following:

a. Prior to my attorneys filing a complaint on my behalf, I spent time communicating with them by phone and email regarding the facts of this action and gathering documents regarding the potential claims.

7. I reviewed the Consolidated Amended Class Action Complaint filed on my behalf and confirmed that it was factually accurate as I understood it.

a. Throughout the litigation, I actively cooperated with my attorneys by regularly communicating with them, providing them with any relevant and necessary information, responding to inquiries on facts or document requests, and generally staying informed of case developments.

8. I assisted my attorneys with information gathering in connection with the Consolidated Amended Class Action Complaint and, later, the Second Consolidated Amended Class Action Complaint, each of which I reviewed and confirmed was accurate as to me.

a. My attorneys kept me informed of the status of the case, including Apple's Motion to Dismiss and the Court's ruling on that motion. They also kept me updated on discovery, scheduling, and other developments as the case progressed.

b. Before mediation, I discussed my goals for resolving the case with my attorneys and responded to their inquiries.

c. After the Settlement was reached, I reviewed and signed the Settlement Agreement and remained available to assist my attorneys as needed. I also expect to keep in contact with my attorneys through the filing of this Motion and Plaintiffs' Motion for Final Approval of the Class Action Settlement, and through the Final Approval Hearing.

9. **General Understanding of Class and Claims**. I understand that I have sued Defendant Apple Inc., individually and as a proposed representative of a class of all consumers who purchased an Eligible Device (iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 Pro, or iPhone 15 Pro Max) in the United States between June 10, 2024, and March 29, 2025, as well as a representative of the Missouri Subclass of consumers who purchased an Eligible Device during the same period.

10. **Receipt of Class Notice and Submission of Claim.** I received Notice of the proposed Settlement by email. The Notice directed me to the Settlement Website, www.SmartphoneAISettlement.com. I then reviewed the information on the Settlement Website, and I submitted my Claim Form.

11. **Class Representative Duties**. I understand that serving as a Class Representative requires me to consider the interests of the Class just as I would my own and to stay involved in the litigation by working closely with my attorneys.

12. I have fulfilled these responsibilities by staying in regular contact with my attorneys, providing information relevant to the case, and reviewing documents. Although I was not deposed, I was prepared to sit for a deposition and testify at trial if necessary. I will continue to act in the best interests of the Class through final approval.

13. **No Conflicts**. I am not aware of any conflicts of interest with other Class members. I am not employed by Apple, and I have not been promised anything for serving as a Class Representative.

14. **Primary Litigation Objective**. My objectives in bringing this lawsuit were to help ensure consumers were given accurate information about the Eligible Devices' features and to obtain

monetary relief for consumers who paid a premium price for the Eligible Devices based on those false claims.

15. I believe this case is important because consumers have the right to truthful advertising and claims and to make informed choices about the products they use, and I believe that deceptive advertising undermines that right and harms consumers.

16. **Review and Support of the Settlement**. I have reviewed and signed the Settlement Agreement and discussed its terms with my attorneys, including the $250,000,000 non-reversionary Total Settlement Amount, the claims process, and the release of claims. I believe the Settlement is fair, reasonable, and in the best interests of the Class, and I support its approval.

17. **Time and Effort Devoted to This Case**. I estimate that I have devoted approximately twenty-five (25) hours to this case, including communicating with counsel, gathering documents and information, reviewing the Complaints and the Settlement Agreement, and staying informed of case developments. This time was in addition to my other obligations unrelated to this case, and I received no compensation for the time or resources I invested in this case by acting as a Class Representative.

18. **Service Award**. I understand that Class Counsel is applying to the Court for a Service Award of up to $2,000 for each Class Representative, subject to the Court's approval, to compensate me for the time and effort I provided on behalf of the Class. I was not promised any payment in exchange for serving as a Class Representative, and my support for the Settlement is not conditioned on receiving a Service Award. I respectfully request that the Court approve a Service Award in this amount for my service to the Class.

19. **Support for the Requested Attorneys' Fees and Expenses**. I understand that my attorneys have advanced all litigation costs and have not been paid to date for their time on this case. I understand that Class Counsel is also seeking attorneys' fees and reimbursement of litigation costs and expenses from the Total Settlement Amount. The retainer agreement that I signed at the beginning of this case indicated that my attorneys may seek up to **one-third (1/3)** of the Total Settlement Amount as attorneys' fees, in addition to reimbursement of all costs incurred. I understand that my attorneys are only seeking up to twenty-eight percent (28%) of the Total Settlement Amount, and have indicated this in the Motion for Preliminary Approval. Based on this, and my understanding of the time and

resources my attorneys have expended in this case, I believe that the amount they are seeking is reasonable, and I support their request.

I declare, under penalty of perjury under the laws of the United States and the State of Missouri, that the foregoing is true and correct.

Executed on November 8, 2026, in Kansas City, Missouri.

box SIGN 4QRVLZQW-1RJXYVYL

Ronald Zemke